UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-30216-MAP

CARLOS CLAUDIO COTTO,

    Plaintiff,

v.

BERKSHIRE MANUFACTURING CORPORATION,

    Defendant.

## ANSWER

Defendant Berkshire Manufacturing Corporation ("Berkshire"), for its answer to the complaint of plaintiff Carlos Claudio Cotto ("Cotto"):

1. Denies the allegations contained in Paragraph 1 of the complaint, except admits that such allegations purport to set forth the basis of and the relief requested by Cotto and that Berkshire is located in Springfield, Massachusetts.

2. Denies the allegations contained in Paragraph 2 of the complaint.

3. Denies the allegations contained in Paragraph 3 of the complaint, except admits that such allegations purport to set forth the basis of the claims of and the relief requested by Cotto.

4. Denies knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in Paragraph 4 of the complaint.

1

5. Admits the allegations contained in Paragraph 5 of the complaint.

6. Neither admits nor denies the allegations contained in Paragraph 6 of the complaint since the same constitute legal conclusions.

7. Neither admits nor denies the allegations contained in Paragraph 7 of the complaint since the same constitute legal conclusions, except admits that at times Berkshire has employed 6 or more employees.

8. Neither admits nor denies the allegations contained in Paragraph 8 of the complaint since the same constitute legal conclusions.

9. Neither admits nor denies the allegations contained in Paragraph 9 of the complaint since the same constitute legal conclusions, except denies that Berkshire employs 15 or more employees.

10. Denies the allegations contained in Paragraph 10 of the complaint, except admits that such allegations purport to set forth the jurisdictional basis of the claims of Cotto.

11. Denies the allegations contained in Paragraph 11 of the complaint, except admits that such allegations purport to set forth the basis of the venue of the claims of Cotto, that the alleged discriminatory employment practices would have been committed in Hampden County, Massachusetts and that Berkshire conducts business in Massachusetts.

12. Denies knowledge or information sufficient to form a belief with respect to the truth of the allegations contained in

Paragraph 12 of the complaint, except admits that Cotto speaks and understands Spanish.

13. Denies the allegations contained in Paragraph 13 of the complaint, except admits that Cotto worked for Berkshire at various times since in or about 1997.

14. Admits the allegations contained in Paragraph 14 of the complaint.

15. Denies the allegations contained in Paragraph 15 of the complaint.

16. Denies the allegations contained in Paragraph 16 of the complaint.

17. Denies the allegations contained in Paragraph 17 of the complaint, except admits that Cotto was qualified to perform certain work at Berkshire and was a "good" worker.

18. Denies the allegations contained in Paragraph 18 of the complaint.

19. Denies the allegations contained in Paragraph 19 of the complaint.

20. Denies the allegations contained in Paragraph 20 of the complaint.

21. Denies the allegations contained in Paragraph 21 of the complaint.

22. Neither admits nor denies the allegations contained in Paragraph 22 of the complaint since the same constitute legal conclusions, except admits that (upon information and belief) Cotto filed a complaint with the MCAD on or about March 10, 2004 and that (upon information and belief) the complaint in this action was filed on or about November 4, 2004.

23. The complaint does not contain a Paragraph 23.

24. Neither admits nor denies the allegations contained in Paragraph 24 of the complaint since the same constitute legal conclusions, except denies knowledge or information sufficient to form a belief with respect to the truth of the allegations relating to any charge filed by Cotto with the EEOC or any notifications received by Cotto from the EEOC and admits that (upon information and belief) the complaint in this action was filed on or about November 4, 2004.

25. Repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1 through 24, above, in answer to Paragraph 25 of the complaint.

26. Denies the allegations contained in Paragraph 26 of the complaint.

27. Denies the allegations contained in Paragraph 27 of the complaint.

28. Repeats, realleges and incorporates by reference the allegations contained in Paragraphs 1 through 27, above, in answer to Paragraph 28 of the complaint.

29. Denies the allegations contained in Paragraph 29 of the complaint.

30. Denies the allegations contained in Paragraph 30 of the complaint.

## FIRST AFFIRMATIVE DEFENSE

31. The claims alleged in the complaint fail to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

32. Cotto has failed to satisfy statutory and common law conditions precedent with respect to the claims alleged in the complaint.

## THIRD AFFIRMATIVE DEFENSE

33. Cotto has waived, or is otherwise estopped from asserting, the claims alleged in the complaint and/or has ratified or acquiesced in the acts upon which the claims alleged in the complaint are predicated.

## FOURTH AFFIRMATIVE DEFENSE

34. The claims alleged in the complaint are barred by applicable statutes of limitation and/or laches.

## FIFTH AFFIRMATIVE DEFENSE

35. Berkshire discontinued the employment of Cotto based upon bona fide occupational qualifications, business necessities and/or for legitimate nondiscriminatory reasons.

## SIXTH AFFIRMATIVE DEFENSE

36. Cotto has failed to mitigate any damages allegedly sustained by him in connection with the claims alleged in the complaint.

## SEVENTH AFFIRMATIVE DEFENSE

37. The court lacks subject matter jurisdiction with respect the claims alleged in the complaint.

## EIGHTH AFFIRMATIVE DEFENSE

38. Cotto lacks standing with respect to the claims alleged

in the complaint.

### NINTH AFFIRMATIVE DEFENSE

39. The claims alleged in the complaint are barred by the doctrines of res judicata, law of the case and/or collateral estoppel.

### TENTH AFFIRMATIVE DEFENSE

40. The claims alleged in the complaint are wholly insubstantial, frivolous and not advanced in good faith and, accordingly, Berkshire reserves its right to move for an award of the attorneys fees, costs and expenses incurred by it in connection with this action.

WHEREFORE, defendant Berkshire Manufacturing Corporation demands judgment against plaintiff Carlos Claudio Cotto:

(a) Dismissing the complaint, and all claims in the complaint, with prejudice.

(b) Awarding it the costs, disbursements and attorneys fees incurred by it in connection with this action.

(c) Awarding it such other and further relief as the Court may deem just and proper.

Dated: Springfield, Massachusetts
January 7, 2005

LAW OFFICES OF ROBERT ARONSON

By _____
Robert Aronson, Esq.

Attorney for Defendant
101 State Street

Springfield, Massachusetts 01103
Telephone:  (413) 733-2600
Facsimile:  (413) 737-4318
BBO No. 541800

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on January 7, 2005.

_____
Robert Aronson