UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-30216-KPN

CARLOS CLAUDIO COTTO,

          Plaintiff,

v.

BERKSHIRE MANUFACTURING CORPORATION,

          Defendant.

DEFENDANT'S MOTION
TO COMPEL PLAINTIFF
TO RESPOND TO SECOND DOCUMENT REQUEST

Defendant Berkshire Manufacturing Corporation ("Berkshire") respectfully moves, pursuant to Rule 37(c) of the Federal Rules of Civil Procedure and Local Rule 37.1, to compel plaintiff Carlos Claudio Cotto ("Cotto") to respond to the "Second Request For Production Of Documents And Things Of Defendant To Plaintiff" on or before June 2, 2005 for the following reasons:

    1. Berkshire is engaged in the business of the electro-chemical plating of machine and other parts with various metals.

    2. Cotto had been employed by Berkshire since July 1997 as a "plater" and was paid approximately $10.50 per hour. On November 17, 2003, Berkshire laid Cotto off (as it had done at least 7 other times since 1997) because there had been a substantial reduction in the amount of Berkshire's business.

    3. Cotto commenced this action on or about November 4, 2005. In his complaint, Cotto has alleged that Berkshire dis-

1

criminated against him on the basis of his "national origin" in violation of M.G.L. c. 151B and Title VII of the 1964 Civil Rights Act and claims (in his answers to Berkshire's interrogatories) that he has been damaged "in an amount equal to $200,000 exclusive of interest including approximately four years of front pay ... [and] emotional distress damages and punitive damages". Berkshire has denied the operative allegations in the complaint.

4.  In accordance with February 22, 2005 Scheduling Order in this action, each party timely served one (1) set of interrogatories and one (1) document request on the other prior to April 15, 2005.

5.  On May 3, 2005, Berkshire served its "Second Request For Production Of Documents And Things Of Defendant To Plaintiff" (a copy of which is annexed hereto as Exhibit A) ("Second Document Request").

6.  The Second Document Request requested Cotto to produce copies of:

> 1.  The state and federal income tax returns of Cotto (and any amendments to the same) for the income tax years 2000 to date.
>
> 2.  Any documents relating to any bank account or security account maintained by Cotto during the period from January 1, 2000 to date, including (but not limited to) monthly and annual statements and cancelled checks.

7.  Counsel for Cotto advised Berkshire that Cotto would not respond to the Second Document Request because it was not served before April 15, 2005 in accordance with the February 22, 2005 Scheduling Order and, in any event, the requests were "objectionable and, in particular, are not reasonably calculated to lead to

the discovery of admissible evidence".

8. The Second Document Request is admittedly beyond (by only 18 days) the April 15, 2005 date for the service of written discovery. Nevertheless, Local Rule 26.1(C) plainly envisions the service of at least "two (2) separate requests for production" and, in contrast to Berkshire (<u>infra</u>), Cotto would not be substantially prejudiced if he were required to respond to the Second Document Request.

9. Moreover, the documents requested in the Second Document Request (as limited (<u>infra</u>)) are plainly relevant.

10. If (contrary to the position of Berkshire) Cotto prevails on the merits of his claim that Berkshire discriminated against him on the basis of national origin, Cotto is required to mitigate his damages. Accordingly, Berkshire is entitled to decrease Cotto's damages by any monies he has received from (among other things) other employment he obtained after he was laid off by Berkshire on November 17, 2003. 42 U.S.C. Section 2000e-5(g)(1); <u>Cowan</u> v. <u>Prudential Ins. Co. of America</u>, 852 F.2d 688 (2nd Cir. 1988); 45 <u>Massachusetts Practice</u>, Section 8.61 <u>et seq.</u> [2003]. Production by Cotto of his tax returns, and his bank and securities account statements, would either indicate the monies which Cotto has earned since November 17, 2003 or, at the very least, "lead to the discovery of admissible evidence".

11. In accordance with Local Rule 37.1:

(a) Counsel for Berkshire (Robert Aronson, Esq.) and counsel for Cotto (Suzanne Garrow, Esq.) conducted a telephone conference on May 12, 2005 at approximately 2:30 P.M. which last-

ed for approximately 5 minutes in a good faith effort to narrow the areas of disagreement with respect to this motion to the greatest extent possible.

(b) During the conference, counsel for Berkshire proposed that the document requests be limited to the production of Cotto's tax returns for the tax years from <u>2003 to date</u>, to the production of Cotto's bank and securities account statements for the period <u>November 17, 2003 to date</u> and that such documents be produced subject to a confidentiality stipulation similar to the one already entered into between Berkshire and Cotto relating to financial documents which are being produced by Berkshire to Cotto (a copy of which is annexed hereto as Exhibit B). Nonetheless, counsel for Cotto continued to refuse to agree to produce the requested documents.

12. By reason of the foregoing, Berkshire respectfully requests that:

(a) Cotto be compelled to respond to Berkshire's Second Document Request, to produce his federal and state tax returns for the tax years 2003 to date and to produce his bank and securities account statements for the period November 17, 2003 to date on or before June 2, 2005, and

(b) In the event such documents are not produced, that Cotto be precluded from introducing any evidence of damages at trial.

Dated:  Springfield, Massachusetts
        May 13, 2005

4

LAW OFFICES OF ROBERT ARONSON

By _____
    Robert Aronson, Esq.

Attorney for Defendant
101 State Street
Springfield, Massachusetts 01103
Telephone: (413) 733-2600
Facsimile: (413) 737-4318
BBO No. 541800

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on May 13, 2005.

_____
Robert Aronson

**EXHIBIT A**

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-30216-MAP

| | |
|---|---|
| CARLOS CLAUDIO COTTO, <br><br> Plaintiff, <br><br> v. <br><br> BERKSHIRE MANUFACTURING CORPORATION, <br><br> Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

SECOND REQUEST FOR PRODUCTION
OF DOCUMENTS AND THINGS
OF
<u>DEFENDANT TO PLAINTIFF</u>

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, defendant Berkshire Manufacturing Corporation hereby requests that plaintiff Carlos Claudio Cotto produce, and permit defendant to inspect and copy, each of the documents and things hereinafter specified at the Law Offices of Robert Aronson, 101 State Street, Springfield, Massachusetts on June 2, 2005 10:00 A.M.

<u>DEFINITIONS</u>

As used herein, the term:

(1) "Berkshire" means and shall include defendant Berkshire Manufacturing Corporation, and all directors, officers, shareholders, agents, employees, representatives and attorneys of Berkshire.

(2) "Cotto" means and shall include plaintiff Carlos Claudio

1

Cotto, and all agents, representatives and attorneys of Cotto.

(3) "Complaint" means and shall include the complaint of Cotto in this action.

(4) "Answer" means and shall include the Answer of Berkshire in this action.

## INSTRUCTIONS

(1) If any document requested is not produced because of a claim of privilege or work product, identify such document with particularity and state the nature of and the complete factual basis for such claim.

(2) If any document request is claimed to be otherwise objectionable, respond to any portion of the request which is not objectionable, and state with particularity the nature of and the complete factual basis for the objection.

(3) These document requests shall be deemed to be continuing and, accordingly, must be supplemented to the extent required under Rule 26(e) of the Federal Rules of Civil Procedure.

## DOCUMENT REQUESTS

1. The state and federal income tax returns of Cotto (and any amendments to the same) for the income tax years 2000 to date.

2. Any documents relating to any bank account or security account maintained by Cotto during the period from January 1, 2000 to date, including (but not limited to) monthly and annual statements and cancelled checks.

2

Dated:  Springfield, Massachusetts
        May 3, 2005

                              LAW OFFICES OF ROBERT ARONSON

                              By _____
                                   Robert Aronson, Esq.

                              Attorney for Defendant
                              101 State Street
                              Springfield, Massachusetts 01103
                              Telephone:  (413) 733-2600
                              Facsimile:  (413) 737-4318
                              BBO No. 541800

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by facsimile on May 3, 2005.

                              _____
                              Robert Aronson

**EXHIBIT B**

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-30216-KPN

CARLOS CLAUDIO COTTO,

                Plaintiff,

v.

BERKSHIRE MANUFACTURING CORPORATION,

                Defendant.

## CONFIDENTIALITY STIPULATION

IT IS HEREBY STIPULATED AND AGREED by, between and among the undersigned that:

1. As used herein, the term "Confidential Information" shall refer to and include any information, or any document (including deposition transcripts and discovery responses) containing any information, relating to the finances and/or financial condition of defendant Berkshire Manufacturing Company ("Berkshire") at any time which is produced or disclosed by Berkshire to plaintiff Carlos Claudio Cotto ("Cotto") in connection with this action which Berkshire believes is confidential.

2. Each page of any document which contains Confidential Information shall be stamped or otherwise designated as "Confidential" by Berkshire.

3. Confidential Information shall be used only for purposes of the litigation of this action, shall not be used for any business or other purpose whatsoever, and shall not be disclosed to any person or entity except as otherwise provided herein.

4. Confidential Information may be disclosed to:

    (a) Cotto,

    (b) counsel for Cotto in connection with this action,

    (c) clerical or support staff of counsel for Cotto who are directly involved with this action, *and interpreters or translators who agree to be bound by this agreement*

    (d) stenographic reporters employed in connection with this action, and

1

(e)   the Court and Court personnel.

5.   Confidential Information may also be disclosed to expert witnesses who are employed by Cotto in connection with this action, provided, however, that, before any Confidential Information may be disclosed to any expert witness, such expert witness will sign a copy of this Confidentiality Stipulation acknowledging that s/he agrees to be bound by the terms and provisions of this Confidentiality Stipulation and copy of the signed acknowledgment shall be given to counsel for Berkshire.

6.   At the conclusion of this action, all documents containing Confidential Information (and any copies of the same) shall be returned to Berkshire.

7.   Nothing contained herein shall constitute a waiver by Berkshire of the right to object to, or to make a motion for a protective order with respect to, the production or disclosure of any document or information (including Confidential Information).

8.   Nothing contained herein shall constitute:

(a)   an admission by Cotto that any of the documents or information contained in any documents which are produced by Berkshire are in fact confidential, or

(b)   a waiver of the right of Cotto to file a motion to compel the production or disclosure of any document or information (including Confidential Information).

9.   Any motion made with respect to or referring to any Confidential Information shall be made "under seal" and/or pursuant to a procedure which protects the confidentiality of the Confidential Information.

10.   Confidential Information may be used at trial pursuant to a procedure which protects the confidentiality of the Confidential Information.

11.   This Confidentiality Stipulation shall have the same force and effect as an order of the Court and, accordingly, failure to comply with the terms of this Confidentiality Stipulation shall subject the violator to (among other things) contempt of Court.

Dated:   Springfield, Massachusetts
         April 22, 2005

                                      LAW OFFICES OF ROBERT ARONSON

                                      By _____
                                              Robert Aronson, Esq.

2

```
                        Attorney for Defendant
                        101 State Street
                        Springfield, Massachusetts 01103
                        Telephone:  (413) 733-2600
                        Facsimile:  (413) 737-4318
                        BBO No. 541800


                        HEISLER, FELDMAN & McCORMICK, P.C.

                        By _____
                              Suzanne Garrow, Esq.
                        Attorney for Plaintiff
                        1145 Main Street (Suite 508)
                        Springfield, Massachusetts 01103
                        Telephone:  (413) 788-7988
                        Facsimile:  (413) 788-7996
                        BBO No. 636548
```

_____
CARLOS CLAUDIO COTTO


ACKNOWLEDGEMENT OF AGREEMENT TO BE BOUND
  BY TERMS AND PROVISIONS OF CONFIDENTIALITY
  STIPULATION:


_____          _____
                                            (Date)

3