UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    :
CARLOS CLAUDIO COTTO,               :
                                    :
            Plaintiff,              :   DOCKET NO. 3:04-cv-30216-KPN
                                    :
v.                                  :
                                    :
BERKSHIRE MANUFACTURING             :
CORPORATION,                        :
            Defendant.              :
_____:

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL**

As the defendant admits, it untimely served the plaintiff with requests for documents. The plaintiff refuses to respond to those document requests on two grounds. First, the requests were untimely served. The defendant failed to seek the required leave of court, nor did it demonstrate any basis for "excusable neglect" for timely service of the requests for production. To now seek to compel the plaintiff to answer discovery turns the Rules of Procedure on their head and undermines the requirements of the rules.

In addition, the plaintiff would be prejudiced because the document requests the defendant seeks answered by the plaintiff are intrusive, request irrelevant and overbroad information and are not reasonably calculated to lead to the discovery of admissible evidence. The requests are largely objectionable and the plaintiff should not be required to provide such overbroad, private information that is not relevant to this matter.

1

**FACTS AND PROCEDURAL POSTURE**

Carlos Claudio Cotto, a Puerto Rican man who primarily speaks and understands Spanish, seeks equitable relief and compensatory and punitive damages against Defendant Berkshire Manufacturing Corporation under Title VII of the Civil Rights Act and the Massachusetts laws against discrimination, M.G.L. c. 151B. Mr. Cotto alleges he was terminated from his long term employment at Berkshire Manufacturing Corp. due to discrimination based on his national origin. According to the president of Berkshire, Mr. Cotto was terminated from the position he performed for over seven (7) years due to his lack of English fluency. Mr. Cotto alleges that the discriminatory termination had a negative impact upon him and that it caused him to lose pay, benefits and perquisites of his employment and caused him emotional distress.

As the defendant correctly states, after the parties appeared for a scheduling conference pursuant to Local Rule 16.1, the Court issued its schedule, largely based on the proposed schedule agreed upon by the parties. The Court ordered that the parties serve written discovery requests upon each other by April 15, 2005. Each party served document requests and interrogatories by the Court ordered date. On May 3, 2005, the defendant sent a second document request to the plaintiff, ostensibly attempting to serve it on counsel. Prior to sending late discovery requests to counsel, the defendant did not seek leave of Court pursuant to Federal Rule of Civil Procedure 6(b) and therefore did not effectively serve the requests. The plaintiff refuses to answer the requests on several grounds as set forth in the defendant's iteration of the

discussion at the discovery conference in paragraph 11 of its motion and as further set forth below.[1] Despite the failure to effect service and the objectionable nature of the requests, the defendant seeks to compel responses to those discovery requests.

## ARGUMENT

The Federal Rules of Civil Procedure are clear. They state in pertinent part:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect …

Fed. R. Civ. P. 6(b). There is no dispute here that prior to the expiration of the time to serve discovery, the defendant failed to request that the Court enlarge or extend time for it to serve discovery requests. There is similarly no dispute that after the time to serve discovery expired, the defendant failed to move the Court to show excusable neglect for failing to timely serve discovery. Absent a motion upon the Court by defendant and a showing of excusable neglect, the plaintiff should not be required to respond to the intrusive and belated document requests.

---

[1] Counsel for the plaintiff does recall a discussion about limiting the dates of the tax returns produced however has no recollection of any offer to limit the dates on the request for all bank account information. Nonetheless, the plaintiff's position is that the request for all bank and security account information is objectionable in its entirety, the information being irrelevant and invasive. This is especially true given that defendant's counsel said at the conference that he wanted the information to see each time any deposit was made so he could ask the plaintiff about it. Deposits to accounts are not tied to the plaintiff's income since termination or mitigation of damages.

Even if the Court were not inclined to require the defendant to move pursuant to Federal Rule of Civil Procedure 6(b), the defendant still must demonstrate excusable neglect, which it cannot. To show excusable neglect, the defendant must show an acceptable explanation for late service of the discovery requests. Four factors weigh into the calculus including sufficiency of the excuse for the lateness, prejudice, length of delay, and good faith -- however, "excuse given for the late filing must have the greatest import." Graphic Communications v. Quebecor Printing, 270 F.3d 1, 5 (1st Cir. 2001). "Inadvertence, ignorance of the rules, or mistakes construing the rules does not usually constitute 'excusable' neglect." Id. at 6 citing Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, 507 U.S. 380, 392 (1993). See Mirpuri v. ACT Manufacturing, Inc., 212 F.3d 624, 631 (1st Cir. 2000)(counsel's misreading of district court's decision and order and Court concluded "[a] misunderstanding that occurs because a party (or his counsel) elects to read the clear, unambiguous terms of a judicial decree through rose-colored glasses cannot constitute excusable neglect.") Hospital Del Maestro v. National Labor Relations Board, 263 F.3d 173, 175 (1st Cir. 2001) (no excusable neglect where exceptions to the decision of an administrative law judge filed one day late and counsel claimed he misunderstood rule requiring that mailings be postmarked before, not on, the due date). Midwest Employers Cas. Co. v. Williams, 161 F.3d 877, 880 (5th Cir. 1998) (stating that it is a "rare case indeed" where "misinterpretations of the federal rules could constitute excusable neglect"). The First Circuit upheld a district court's denial of a motion to extend time

4

appropriately under Fed. R. Civ. P. 6 (b).  The Court did so absent a showing of prejudice to the non-moving party and where the lateness (in that case of filing an appeal) was only a day.  Graphic Communications, 270 F.3d at 8.[2]  Clear from these cases is that manifest unawareness of the rules will not amount to excusable neglect.

    Here, the defendant has failed to meet its ultimate burden to prove that its neglect was excusable.  The defendant has not proffered any reason to enable the Court to assess whether its failure to timely serve discovery requests on the plaintiff was excusable.  The Court is unable to determine if the defendant was among other things, inadvertent, ignorant of the rules or the law or made a mistake such that the neglect was inexcusable.  The Court should deny the defendant's motion to compel on this basis alone.

    Great prejudice will inure to the plaintiff if the defendant is allowed to untimely serve him with the discovery requests at issue here.  The defendant alleges that the information it seeks goes to the issue of mitigation.  The plaintiff does not dispute that the defendant is entitled to discovery regarding mitigation of damages.  However, much of the information sought is highly objectionable and not relevant to mitigation of damages or any other issue in this case. A great deal of information contained on individual state and federal tax returns is private information.  By way of example, tax returns contain information regarding an

---

[2] The defendant claims it was "only 18 days" late serving the discovery requests at issue in its motion. This is not so.  Fed. R. Civ. P. 6(b) requires that before performing a late act for which the party seeking to perform the late act failed to move the Court prior to the expiration of the deadline to perform the act, the party seeking to perform the untimely act must move the Court for permission to do so.  Because it has not, the defendant's requests have not yet been effectively served on the plaintiff as required by the rules.  As of today, the requests are 41 days late and mounting.

5

individual's children and other dependents and their care, private medical and dental procedures for the individual and his dependents, gambling losses, and personal assets unrelated to a lawsuit. The defendant should be precluded from delving into the plaintiff's personal and private information.

The document request seeking "any documents relating to any bank account or security account maintained by Cotto" from January 2000 to the present" is patently objectionable and the relevance of the information sought even more attenuated. Personal bank and securities accounts have no connection to mitigation of damages. The only relevant inquiries are the plaintiff's efforts to seek subsequent employment after his termination and his subsequently earned income. When counsel conferred, the defendant's counsel stated that he wanted the bank information because if the plaintiff made a deposit to his account he wanted to inquire where it came from. At best, this is a backward and overly invasive attempt to get income information. Seen in a different light, this is an attempt to harass and oppress Mr. Cotto and unnecessarily intrude into his personal business.

In contrast, because the bulk of the information sought is irrelevant, the defendant will suffer no prejudice if its wrongly postured request is denied. It is relatively early in the discovery process and the defendant has other mechanisms to discover the information it seeks. To date, no depositions have been noticed. The defendant is within its right to question Mr. Cotto at his deposition regarding his income while he worked for Berkshire and since he was terminated. It may fully explore other mitigation related information at that time.

6

**CONCLUSION**

There is no need for the defendant to have unfettered access to the highly intrusive information it seeks.  In the absence of any motion by the defendant or any showing of excusable neglect for timely seeking the information the Court should not allow the defendant to serve late discovery and should deny its motion to compel.

WHEREFORE, the plaintiff requests that the Court deny the defendant's motion to compel and order the defendant to pay attorney's fees to plaintiff's counsel for having to respond to this inappropriately brought motion.

CARLOS COTTO
By his attorney,


_____/s/ Suzanne Garrow_____
Suzanne Garrow BBO # 636548
Heisler, Feldman & McCormick, P.C.
1145 Main Street, Suite 508
Springfield MA  01103
(413)788-7988
(413)788-7996 (fax)

Dated: May 26, 2005

CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was served by first class mail on the attorney of record for the defendant on this date.

_____/s/ Suzanne Garrow
Suzanne Garrow