UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-30216-KPN

CARLOS CLAUDIO COTTO,

            Plaintiff,

v.

BERKSHIRE MANUFACTURING CORPORATION,

            Defendant.

DEFENDANT'S MOTION TO COMPEL
WITH RESPECT TO
DEPOSITION OF PLAINTIFF

For the reasons which follow, defendant Berkshire Manufacturing Corporation ("Berkshire") respectfully moves, pursuant to Rules 37, 26(b)(2) and 30(d)(2) of the Federal Rules of Civil Procedure and Local Rule 37.1, to:

(a) Compel plaintiff Carlos Claudio Cotto ("Cotto") to appear for the continuation of his deposition by Berkshire.

(b) Permit Berkshire to continue to require Cotto to state at the deposition whether he understood the questions posed to him in English before such questions were translated into Spanish.

(c) Permit Berkshire to depose Cotto for the 7 hours allowed by Rule 30(d)(2) without including within such 7 hour period the time utilized at the deposition to translate into Spanish the questions posed to Cotto and to translate into English the answers given by Cotto.

1

(d) Permit Berkshire to conduct the continued deposition of Cotto on a mutually agreeable date after the August 15, 2005 time limitation set forth in Paragraph 3 of the February 22, 2005 Scheduling Order of the Court.

1. Cotto filed this action on or about November 4, 2005. In his complaint, Cotto alleges that he was terminated by Berkshire because of his "lack of English fluency" and, therefore, that Berkshire discriminated against him on the basis of his (Hispanic) national origin in violation of M.G.L. c. 151B and Title VII of the 1964 Civil Rights Act. For such alleged discrimination Cotto seeks to recover damages in the amount of at least $200,000 (excluding interest) for back pay, front pay, emotional distress and punitive damages.

2. Berkshire is engaged in the business of the electrochemical plating of machine and other parts with various metals.

3. Cotto was first hired by Berkshire in July 1997 and primarily worked as a "racker" and "plater" for relatively simple jobs (parts) which lasted for long periods of time. On November 17, 2003, Berkshire laid Cotto off for "lack of work" (as it had done at least 8 previous times) because there had been a substantial reduction in the amount of work at Berkshire.

4. Although the amount of work at Berkshire eventually increased, consistent with an industry trend which had been developing for a number of years, the work/jobs which Berkshire obtained had become significantly more complicated and lasted for much shorter periods of time. As a result, in order for Berkshire to (among other things) perform such work efficiently and

avoid costly mistakes it had become critical for a racker and plater to be able to understand written and oral instructions in English. Consequently, it was not possible for Berkshire to recall Cotto because he was not able to understand written and oral English instructions to the degree necessary to perform the work at Berkshire (and, therefore, the requirement that Cotto be capable of understanding written and oral English instructions constituted a "bona fide occupational qualification").

5. The extent to which Cotto is able to read and understand written and verbal English is, therefore, a fundamental issue in this action.

6. Berkshire commenced the deposition of Cotto on July 15, 2005 (Friday). On the following Monday, Berkshire requested Cotto's counsel (Suzanne Garrow, Esq.) to provide additional dates for the continuation of Cotto's deposition. Ms. Garrow, however, objected to the continuation of the deposition:

    (a) Based upon the translation procedure utilized by Berkshire at the deposition (<u>infra</u>) on the grounds that such procedure was unnecessarily time-consuming and was invoked by Berkshire to harass and humiliate Cotto.

    (b) To the extent the deposition would last for more than a total of 7 hours.

7. A certified court translator (Otilia Arroya) was present at the deposition. The translator indicated that the usual procedure for translation at a deposition would be that Berkshire would pose the questions to Cotto in English, the translator would translate the questions into Spanish, Cotto would answer the questions in Spanish and the translator would translate the

3

answers into English. If that procedure had been followed, however, the deposition transcript would merely have indicated that all questions had been asked in English and all answers had been given in English and, therefore, it would not have been possible to determine from the deposition transcript which English questions Cotto was able to understand or which questions (in either English or Spanish) Cotto was able to answer in English.

8. Because of the importance of determining the extent of the ability of Cotto to read and understand English, Berkshire requested that the normal procedure be altered as follows:

> [W]hat I'd like to do, at least at the inception of this deposition is I'll ask the questions in English. If Mr. Cotto cannot understand the question, then he should say he doesn't understand ... . If he says he doesn't understand the question in English, then we'll have the translator translate the question into Spanish. Then I'd like Mr. Cotto to try and answer the question in English. If he can't answer the question in English, I'd like him to say so by indicating somehow. And then if he indicates that way, then ... we'll have Mr. Cotto answer in Spanish and the translator translate. *** If it gets complicated, then we'll have to try another procedure but at least initially we'll try it that way.

In addition:

> [T]he way the transcript is going to read is if Mr. Cotto answers in English, ... [the transcript would] indicate that it's being answered in English. If there's no such indication, then the transcript -- or we will assume that Mr. Cotto has answered in Spanish and the interpreter has translated it into English.

Cotto Deposition Transcript, Pages 4-5 and 8 (Exhibit A).

9. Requiring Cotto to state whether he could understand a question posed to him in English before it was translated into

4

Spanish only took the time for Cotto to say "I don't understand" (or approximately 2-5 seconds) and, accordingly, did not significantly extend the time of the deposition. In addition, the undersigned represents that this procedure was not utilized by Berkshire for the purpose of harassing or humiliating Cotto. Indeed, in an attempt to resolve this issue, Berkshire offered to forego requiring Cotto to state if he understood a question in English if Ms. Garrow would stipulate that Cotto could not understand any of the English questions which were (would be) posed to Cotto, but Ms. Garrow refused to so stipulate.

10. It is, therefore, requested that Berkshire be permitted to continue to require Cotto to state at his deposition whether he understood the questions posed to him in English before such questions are translated into Spanish.

11. Excluding lunch and break periods, the deposition of Cotto on July 15, 2005 lasted for approximately 4 hours and 49 minutes. Because of Cotto's inability to understand and speak English, and other than with respect to a limited number of introductory background questions, it was necessary to translate virtually every question posed to and every answer given by Cotto, or to have each question asked 2 times and to have each answer given 2 times. As a result, it is not anticipated that Berkshire will be able to conclude the deposition of Cotto within the 7 hour time limitation imposed by Rule 30(d)(2).

12. Rule 30(d)(2) provides that the "court must allow additional time consistent with Rule 25(b)(2) if needed for a fair examination of the deponent or if the deponent or another person,

5

or other circumstances, impedes or delays the examination." Since the time required to obtain information from Cotto at the deposition took twice as long as it would normally have taken if it were not necessary to have each question and answer translated, it is requested that Berkshire be permitted to conduct the deposition of Cotto for a total of 7 hours without including in such 7 hour period the time attributable to translating the questions posed to and the answers give by Cotto at the deposition (or, if necessary, to allow Berkshire to depose Cotto for 14 hours).

13. Finally, it is not anticipated that it will be possible to obtain a decision with respect to this motion[1], and to schedule another mutually convenient date for the continuation of the deposition of Cotto, before the August 15, 2005 time limitation in the February 22, 2005 Scheduling Order expires. In addition, Cotto has not yet produced all of his tax returns in accordance with the May 31, 2005 order of the Court because he is in the process of obtaining them from the Internal Revenue Service, and Berkshire may want to ask Cotto questions about such tax returns once they are produced by him. It is, therefore, requested that the continuation of the deposition of Cotto be permitted to be conducted on a mutually convenient date after August 15, 2005 (and Ms. Garrow has stated that she has no objection to the same).

14. In accordance with Local Rule 37.1, counsel for Berk-

---

1. The filing of this motion was, of necessity, delayed until the transcript of the deposition of Cotto was received on August 3, 2005.

shire (Robert Aronson, Esq.) and counsel for Cotto (Suzanne Garrow, Esq.) conducted telephone conferences on (the afternoons of) July 20 and 25 and on (the morning of) August 4, 2005 which lasted for a total of approximately 15 minutes in a good faith effort to narrow the areas of disagreement with respect to this motion to the greatest extent possible.  As indicated above:

    (a)  Counsel for Berkshire proposed to eliminate the procedure of requiring Cotto to state whether he understood a question in English before it was translated if Ms. Garrow would stipulate that Cotto did (would) not understand any of the questions in English, but Mr. Garrow refused to so stipulate.

    (b)  Mr. Garrow indicated that she would not agree that, because of the necessity of translating virtually every question posed to and every answer given by Cotto, the length of the deposition was effectively doubled and, therefore, refused to agree to produce Cotto for more than 7 deposition hours.

    (c)  Ms. Garrow did agree that the deposition of Cotto could be continued after the August 15, 2005 Scheduling Order date.

    15.  By reason of the foregoing, Berkshire respectfully requests that:

    (a)  Cotto be compelled to appear for the continuation of his deposition by Berkshire.

    (b)  Berkshire be permitted to continue to require Cotto to state at the deposition whether he understood the questions posed to him in English before such questions are translated into Spanish.

7

(c) Berkshire be permitted to depose Cotto for the 7 hours allowed by Rule 30(d)(2) without including within such 7 hour period the time utilized at the deposition to translate into Spanish the questions posed to Cotto and to translate into English the answers given by Cotto.

(d) Berkshire be permitted to conduct the continued deposition of Cotto on a mutually agreeable date after the August 15, 2005 time limitation set forth in the February 22, 2005 Scheduling Order of the Court.

Dated:   Springfield, Massachusetts
         August 5, 2005

                                    LAW OFFICES OF ROBERT ARONSON

                                    By _____
                                        Robert Aronson, Esq.

                                    Attorney for Defendant
                                    101 State Street
                                    Springfield, Massachusetts 01103
                                    Telephone:  (413) 733-2600
                                    Facsimile:  (413) 737-4318
                                    BBO No. 541800

### CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on August 5, 2005.

_____
Robert Aronson

**EXHIBIT A**

```
09:58:59   1                        STIPULATIONS
09:58:59   2
09:58:59   3              It is agreed by and between the
           4    parties that all objections, except objections as
           5    to the form of the questions, and all motions to
           6    strike unresponsive answers are reserved and may
           7    be raised at the time of trial for the first
           8    time.
09:58:59   9
09:58:59  10              It is further agreed by and between
          11    the parties that the sealing and the notification
          12    to all parties of the receipt of the original
          13    deposition transcript is hereby waived.
09:58:59  14
09:58:59  15              OTILIA ARROYA, Interpreter, sworn.
09:58:59  16
09:59:00  17              CARLOS COTTO, Deponent, having been
          18    satisfactorily identified and duly sworn, deposes
          19    and states as follows:
09:59:00  20
10:22:54  21              MR. ARONSON:  Okay.  We'd like
          22         Mr. Cotto to read and sign the deposition.
10:23:02  23              And just as a prelude here, what I'd
          24         like to do, at least at the inception of
```

|  |  |
|---|---|
| 1 | this deposition, is I'll ask the questions |
| 2 | in English.  If Mr. Cotto cannot understand |
| 3 | the question, then he should say he doesn't |
| 4 | understand, and I think that would be "no |
| 5 | intenyendo," he could say something like |
| 6 | that. |
| 10:23:18  7 | If he says he doesn't understand the |
| 8 | question in English, then we'll have the |
| 9 | translator translate the question into |
| 10 | Spanish.  Then I'd like Mr. Cotto to try |
| 11 | and answer the question in English.  If he |
| 12 | can't answer the question in English, I'd |
| 13 | like him to say so by indicating somehow. |
| 14 | And then if he indicates that way, then |
| 15 | we'll have the translator -- we'll have |
| 16 | Mr. Cotto answer in Spanish and the |
| 17 | translator translate. |
| 10:23:46  18 | So that's the way we're going to try |
| 19 | and proceed.  If it gets complicated, then |
| 20 | we'll have to try another procedure, but at |
| 21 | least initially we'll try it that way. |
| 22 | Does everybody understand that? |
| 10:23:58  23 | MS. GARROW:  I would ask that be |
| 24 | translated for Mr. Cotto. |

```
10:27:29   1              MR. ARONSON:  Off the record.
10:27:29   2              (Off record discussion)
10:27:44
10:27:44   3              MR. ARONSON:  As I understand it,
           4      the way this transcript is going to read is
           5      if Mr. Cotto answers in English, you will
           6      indicate that it's being answered in
           7      English.  If there's no such indication,
           8      then the transcript -- or we will assume
           9      that Mr. Cotto has answered in Spanish and
          10      the interpreter has translated it into
          11      English.
10:28:56  12              MS. GARROW:  I will just add, for
          13      the record, there have already been
          14      occasions where, because of the tone, it's
          15      been difficult to understand him even
          16      answering in English so that may not hold
          17      true, and I will so indicate as we go
          18      along.
10:29:15  19              MR. ARONSON:  That's good.
10:29:17  20         Q.   (By Mr. Aronson) Do you have any
          21      children, Mr. Cotto?
10:29:24  22              MS. GARROW:  Objection.  You can
          23      answer.
10:29:35  24              THE WITNESS:  What was the question?
```