UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

                                :

CARLOS CLAUDIO COTTO,          :

                                :

          Plaintiff,       :    DOCKET NO.  3:04-cv-30216-KPN

                                :

v.                             :

                                :

BERKSHIRE MANUFACTURING    :
CORPORATION,              :
          Defendant.    :

_____:

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL
AND MOTION FOR PROTECTIVE ORDER**

The plaintiff respectfully submits this Opposition to the defendant's Motion

to Compel and requests a Protective Order from the Court.

The plaintiff *does not* oppose the defendant's request to depose him for up

to seven (7) hours.  However, the defendant seeks to depose the plaintiff for 7

hours exclusive of the time for English to Spanish translation.  Defendant

suggests, without any evidence or basis, that it took twice as long to depose the

plaintiff because of the translation.  The defendant has made no showing that it

took twice as long to depose the plaintiff as it clams.  Here, the defendant admits

that it discriminated against the plaintiff and thus the only issue is whether it was

justified in its actions.  Accordingly, fourteen (14) hours for plaintiff's deposition in

this case which turns on the defendant's affirmative defense is excessive and

unreasonable and such request should be denied.[1]

---

[1] While the plaintiff does not oppose this in theory, the defendant has failed to make any showing
of how much additional time it believes it needs to conduct a 7 hour deposition.  The deposition
certainly did not take twice as long due to translation as the defendant suggests.  (See

The plaintiff *does* oppose the manner in which he was deposed and seeks a Protective Order by this Court. The defendant required the plaintiff to say "I don't understand" to each question he wished to have translated by the translator present for his deposition.  Such a methodology was unnecessary and only served to humiliate, harass and embarrass the plaintiff and should not be countenanced by the Court.  Accordingly, the plaintiff requests that the Court issue a Protective Order to prevent such abusive tactics.

### FACTS AND PROCEDURAL POSTURE

The plaintiff, Carlos Claudio Cotto, seeks equitable relief and compensatory and punitive damages against Defendant Berkshire Manufacturing Corporation under Title VII of the Civil Rights Act and the Massachusetts laws against discrimination, M.G.L. c. 151B.  As the defendant admits, it discriminated against Mr. Cotto on the basis of his national origin.  Mr. Cotto is a Puerto Rican man who primarily speaks and understands Spanish.  The defendant admits it laid him off and failed to recall him to a position because of his lack of English fluency.  Mr. Cotto alleges that he was not recalled to what was ostensibly the same position he performed well for seven years.  Mr. Cotto alleges that the discrimination had a negative impact upon him and that it caused him to lose pay, benefits and perquisites of his employment and caused him emotional distress.

The plaintiff timely completed his discovery.  The defendant took the plaintiff's deposition on July 15, 2005, for almost five (5) hours with a translator

---

defendant's Motion at pages 6 and 7.)  Moreover, subjecting Mr. Cotto to 14 hours of deposition would not be reasonable and such a request should be denied.

present.  The defendant seeks an additional nine (9) plus hours to complete the plaintiff's deposition.

The plaintiff has agreed in principle to appear for the remaining two (2) plus hours allotted under Federal Rule of Civil Procedure 30(d) (2) to complete his deposition.   However, at the deposition, the defendant's troublesome tactics humiliated and harassed the plaintiff.  In particular, the plaintiff made it clear that he wished to have all the questions posed to him in English translated into Spanish so that he could provide a full, accurate and complete answer. Nevertheless, the defendant required the plaintiff to say that he did not understand the question if the plaintiff wanted to have it translated.  As the defendant notes on pages 4-5 of its Motion, this amounted to the plaintiff having to say "I don't understand" to essentially every question posed to him by the defendant.  Specifically:

> MR. ARONSON:  Okay.  We'd like Mr. Cotto to read and sign the deposition. And just as a prelude here, what I'd like to do, at least at the inception of this deposition, is I'll ask the questions in English.  If Mr. Cotto cannot understand the question, then he should say he doesn't understand, and I think that would be "no intenyendo, [sic]" he could say something like that. If he says he doesn't understand the question in English, then we'll have the translator translate the question into Spanish. can't answer the question in English, I'd like him to say so by indicating somehow. And then if he indicates that way, then we'll have the translator -- we'll have Mr. Cotto answer in Spanish and the translator translate. So that's the way we're going to try and proceed.  If it gets complicated, then we'll have to try another procedure, but at least initially we'll try it that way. Does everybody understand that?
>
> … THE WITNESS:  I would like you, the interpreter, to help me, because that way I understand everything in my own language Spanish.
>
> MR. ARONSON:  Because I'd like to do it this way.
>
> MS. GARROW:  For the record, there may be portions that Mr. Cotto

3

understands, but to give a full answer, he may ask for a translation and he may indicate as such.

(Cotto Deposition at 4-6, attached at 1.) Mr. Cotto was required to say that he did not understand each question prior to translation. This was so whether he understood the question as posed in English in whole or in part.

The court certified translator noted the highly unusual nature of the defendant's requirement that the plaintiff state that he did not understand a question in order to have it translated for him:

> Q.   Did you call her after that?
>
> A.   I don't understand (in English).  After that, then I was just kind of like just waiting for her to be the one calling me.
>
> Q.   Why didn't you call her?
>
> A.   Because she was supposed to have called me.
>
> THE INTERPRETER:  I apologize, Counsel.  For the interpreter it's a little tough, because the process that the interpreter is used to following in a deposition is completely different.  It's questions and answers.

(Cotto Deposition at 31, attached at 1.)

To add to these disturbing tactics, the defendant also spent over seven full pages of deposition testimony forcing Mr. Cotto to try to read certain highly technical and legal documents aloud in English.  (Cotto Deposition pages 59-67, attached at 1.)  A still employed coworker testified at his deposition, which transcript is as yet unavailable, that he was unaware of any time the highly technical document was used by the defendant.  Mr. Cotto's supervisor also testified that instructions were verbally given.  (Desjardins Deposition at 104 attached at 2.)  Nonetheless, the defendant tried to force Mr. Cotto to read

4

technical matter aloud in English.  As a result of these annoying and

embarrassing actions, the plaintiff will not appear for his continued deposition

without seeking a Protective Order from the Court.

### ARGUMENT

Federal Rule of Civil Procedure 26(b) (1) provides that "[p]arties may

obtain discovery regarding any matter, not privileged, which is relevant to the

subject matter involved in the pending action, whether it relates to the claim or

defense of the party seeking discovery or to the claim or defense of any other

party . . ." However, that proviso is not limitless.    See Hickman v. Taylor, 329

U.S. 495, 507(1947). The key phrase in this definition is "relevant to the subject

matter involved in the pending action."  The phase has been construed to

encompass matters that bear on, or that could lead to other matter that could

bear on, an issue in the case.  Id. at 501.  Certain discovery should not be

allowed if it cannot fit into the concept of relevancy.  Oppenheimer Fund v.

Sanders, 437 U.S. 340, 351 (1978).  It is axiomatic that discovery not

"reasonably calculated to lead to the discovery of admissible evidence" falls

outside the scope of Rule 26(b) (1).

Defendant argues in its Motion that it was not possible to recall Mr. Cotto

after a lay off because he was not able to understand written and verbal English

instructions to the degree necessary to perform the work at Berkshire.  It makes

this claim despite his fine performance and 7 years of service.  Berkshire again

admits, this time through counsel that it discriminated against Mr. Cotto.   It also

previously admitted as much in its submission to the MCAD.  (Attached at 3.)

This is therefore not a case about Mr. Cotto's English proficiency. Berkshire admits it intentionally discriminated against him on that basis but claims it was justified in doing so.

Berkshire's sole defense to its intentional discrimination against Mr. Cotto on account of his national origin is that English fluency somehow became a bona fide occupational qualification or BFOQ at Berkshire. A BFOQ is an affirmative defense that, if proven, may allow an employer to intentionally discriminate. It has been held that "a BFOQ thus validates an occupational qualification that discriminates purposively." Garcia v. Gloor, 609 F.2d 156, 163 (5th Cir. 1980) citing Dothard v. Rawlinson, 433 U.S. 321 (1977). Thus the only issue here is whether such discrimination against Mr. Cotto by Berkshire by way of a purported BFOQ was somehow justified. (See Defendant's Motion at page 3.) Mr. Cotto's level of English fluency is not at issue in this litigation. The defendant should therefore not be allowed to continue its harassing tactics by compelling Mr. Cotto to say "I do not understand" each time he wishes to have a question translated by the translator present at his deposition. Nor is such methodology likely to produce any evidence within the scope of Rule 26(b) (1).

A Protective Order is appropriate here to avoid subjecting Mr. Cotto to further humiliation and embarrassment. Rule 26(c) was adopted as a safeguard for the protection of witnesses given the broad discovery afforded by Rule 26(b) (1). A Court has wide latitude to fashion "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c); see e.g. Poliquin v. Garden Way, Inc.,

6

989 F2d. 527 (1st Cir. 1993).  "The district court has 'broad discretion' to decide 'when a protective order is appropriate and what degree of protection is required.'"  Poliquin, 989 F.2d at 533 quoting Seattle Times Co. v. Rhinehart, 467 U.S. 20, 36(1984).

This is a case in which there is direct evidence of discrimination.  The burden is on the defendant to prove that English fluency is a BFOQ.  It is therefore irrelevant whether Mr. Cotto fully understands questions posed to him in English by the defendant's counsel.  The plaintiff therefore requests that the Court Order that his deposition go forward in the usual question and answer format noted by the translator and cited on page 4 *supra*.   Specifically, that the questions posed to him at deposition in English are translated into Spanish and that his responses are translated from Spanish to English.  The plaintiff requests that the Court order that Mr. Cotto not be required to say "I don't understand" to each question prior to its translation.

The plaintiff will suffer continued humiliation and embarrassment if the defendant is allowed to continue its tactics.   Because it is irrelevant whether Mr. Cotto understands questions posed in English, the defendant will suffer no prejudice if the Court Orders the deposition to continue forward in the usual translation format.

**CONCLUSION**

WHEREFORE, the plaintiff requests that the Court deny the defendant's motion to compel and issue a Protective Order.

CARLOS CLAUDIO COTTO
By his attorney,


_____/s/ Suzanne Garrow_____
Suzanne Garrow BBO # 636548
Heisler, Feldman & McCormick, P.C.
1145 Main Street, Suite 508
Springfield MA  01103
(413)788-7988
(413)788-7996 (fax)

Dated: August 22, 2005


## CERTIFICATION PURSUANT TO LOCAL RULES 7.1(A)(2) and 37.1(B)

I certify that I have attempted in good faith to resolve or narrow the issues

raised in this Motion at a discovery conference, and have not been able to reach an

agreement on the issues which are the subject of this Motion.


## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document
was served by first class mail on the attorney of record for the defendant on this
date.


_____/s/ Suzanne Garrow_____
Suzanne Garrow