```
                UNITED STATES DISTRICT COURT
                          FOR THE
                  DISTRICT OF MASSACHUSETTS

                              CIVIL ACTION NO. 04-30216-KPN
```

| | |
|---|---|
| CARLOS CLAUDIO COTTO, | : |
|                Plaintiff, | : |
| v. | : |
| BERKSHIRE MANUFACTURING CORPORATION, | : |
|                Defendant. | : |

## DEFENDANT'S MOTION TO COMPEL
## PLAINTIFF TO ANSWER DEPOSITION QUESTIONS

For the reasons which follow, defendant Berkshire Manufacturing Corporation ("Berkshire") respectfully moves, pursuant to Rules 37, 26(b)(2) and 30(d)(2) of the Federal Rules of Civil Procedure and Local Rule 37.1, to compel plaintiff Carlos Claudio Cotto ("Cotto") to appear for the continuation of his deposition by Berkshire and, at the continued deposition, to answer questions posed to him in English (without translation into Spanish) regarding instructions relating to the work performed at Berkshire.

1. Cotto filed this action on or about November 4, 2005. In his complaint, Cotto alleges that he was terminated by Berkshire because of his "lack of English fluency" and, therefore, that Berkshire discriminated against him on the basis of his (Hispanic) national origin in violation of M.G.L. c. 151B and Title VII of the 1964 Civil Rights Act. For such alleged dis-

1

crimination Cotto seeks to recover damages in the amount of at least $200,000 (excluding interest) for back pay, front pay, emotional distress and punitive damages.

    2. Berkshire is engaged in the business of the electro-chemical plating of machine and other parts with various metals.

    3. Cotto was first hired by Berkshire in July 1997 and primarily worked as a "racker" and "plater" for relatively simple jobs (parts) which lasted for long periods of time. On November 17, 2003, Berkshire laid Cotto off for "lack of work" (as it had done at least 8 previous times) because there had been a substantial reduction in the amount of work at Berkshire.

    4. Although the amount of work at Berkshire eventually increased, consistent with an industry trend which had been developing for a number of years, the work/jobs which Berkshire obtained had become significantly more complicated and lasted for much shorter periods of time. As a result, in order for Berkshire to (among other things) perform such work efficiently and avoid costly mistakes it had become critical for a racker and plater to be able to (among other things) understand oral instructions in English. Consequently, it was not possible for Berkshire to recall Cotto because he was not able to (among other things) understand oral English instructions to the degree necessary to perform the work at Berkshire.

    5. Therefore, Berkshire maintains (among other things) that Cotto was either not qualified to perform the work which Berkshire had available after November 2003 and/or that the requirement that Cotto be capable of understanding oral English instructions constituted a "bona fide occupational qualification".

Consequently, the extent to which Cotto is able to understand oral English instructions relating to the work at Berkshire is a fundamental issue in this action.

6. Berkshire commenced, but did not conclude, the deposition of Cotto on July 15, 2005 with an interpreter. Thereafter, counsel for Cotto (Suzanne Garrow, Esq.) declined to produce Cotto for the continuation of his deposition because she objected to:

(a) The translation procedure utilized by Berkshire at the deposition which required Cotto to state whether he understood each English question posed to him before the question was translated into Spanish on the grounds that such procedure was unnecessarily time-consuming and was invoked by Berkshire to harass and humiliate Cotto.

(b) The deposition continuing for more than 7 hours.

7. As a result, on August 5, 2005 Berkshire made a motion to (among other things):

(a) Compel plaintiff Cotto to appear for the continuation of his deposition.

(b) Permit Berkshire to continue to require Cotto to state at the deposition whether he understood the questions posed to him in English before such questions were translated into Spanish.

(c) Permit Berkshire to depose Cotto for the 7 hours allowed by Rule 30(d)(2) without including within such 7 hour period the time utilized at the deposition to translate into Spanish the questions posed to Cotto and to translate into Eng-

lish the answers given by Cotto.

8.  In its August 23, 2005 decision with respect to the motion (Exhibit A), the Court stated:

> Plaintiff shall appear at the continuation of his deposition (at a time mutually agreeable to the parties) for a total of four additional hours. The deposition shall be conducted in the usual manner when an interpreter is utilized, i.e., having the interpreter translate the questions from English to Spanish and the answers from Spanish to English (without the requirement that Plaintiff indicate each time in English whether or not he understands the question). In so ruling, the court deems the deposition itself to be an inappropriate methodology by which to measure Plaintiff's English-speaking/understanding proficiency as it relates to the employment context.

9.  The deposition of Cotto was continued on September 8, 2005.

10. At the deposition counsel for Berkshire explained (which explanation was translated into Spanish) that he would be giving Cotto certain instructions relating to the work which was performed at Berkshire (concerning the racking, plating and inspection of parts), but that the instructions would not be translated into English, and that Cotto would then be asked to explain what the English instructions meant either in English (if possible) or (if not possible) in Spanish.

11. Counsel for Cotto objected to this procedure and instructed Cotto not to respond to the questions on the grounds that, contrary to the Court's August 23, 2005 order, the procedure was not the usual manner for conducting a deposition with an interpreter. At the conclusion of the September 9, 2005 deposition session, counsel for Berkshire again requested counsel for

4

Cotto to permit Cotto to answer such questions, but counsel for Cotto again declined.

12. There does not appear to be any requirement that a party utilize a translator at a deposition merely because the deponent may have difficulty understanding English. Therefore, it was presumed that the decision of the Court merely addressed the issue of whether Cotto could be required to preliminarily state whether he could understand the questions posed to him in English (one of the subjects of Berkshire's motion) and that the Court did not rule that Berkshire could only ask Cotto questions which were translated into Spanish.

13. While the Court "deemed the deposition itself to be an inappropriate methodology by which to measure Plaintiff's English-speaking/understanding proficiency <u>as it relates to the employment context</u>" (emphasis supplied), it was presumed that the Court was indicating that the ability of Cotto to answer questions at a deposition which were <u>not</u> related to the ability to perform his job Berkshire might not be relevant. <u>Compare</u>, e.g., <u>Dercach</u> v. <u>Indiana Dept. of Highways</u>, 45 FEP Cases 899 (N.D. Ind. 1987), a Title VII action alleging national origin discrimination wherein evidence of the ability of the plaintiff to read and write English included his ability to read aloud an article in a newspaper.

14. However, questions concerning the ability of Cotto to understand English instructions relating to the very jobs which Cotto had been (or would have been) employed to perform at Berkshire are, it is submitted, directly relevant to whether Cotto was qualified to perform the work which Berkshire had available

5

after November 2003 and/or to whether the requirement that Cotto be capable of understanding oral English instructions constituted a "bona fide occupational qualification".

15. Furthermore, the oral English instructions which Berkshire would have posed to Cotto at the deposition are the same as or similar to those which Berkshire intends to pose to Cotto at trial and, it is submitted, Berkshire is entitled to know (discover) prior to trial whether Cotto is capable of understanding such instructions.

16. Finally, a penultimate issue in connection with a potential motion for summary judgment by Berkshire in this action may be the ability of Cotto to understand English instructions relating to the jobs which Cotto would have had to perform had he been recalled by Berkshire after November 2003. Accordingly, if Berkshire is not able to demonstrate by means of a deposition that Cotto is not capable of understanding such English instructions, a question of fact may exist which could preclude the granting of summary judgment and, in turn, unnecessarily require Berkshire to incur the substantial expense of proceeding to trial.

17. In accordance with Local Rule 37.1 and as noted above, in a good faith effort to resolve the issue presented by the instant motion counsel for Berkshire requested counsel for Cotto to permit Cotto to answer the aforementioned questions 2 times, but counsel for Cotto refused each time.

18. By reason of the foregoing, Berkshire respectfully requests that:

      (a)  Cotto be compelled to appear for the continuation of his deposition by Berkshire on a mutually agreeable date and, at the continued deposition, to answer questions posed to him in English (without translation into Spanish) regarding instructions relating to the work performed at Berkshire.

      (b)  Berkshire be awarded $462.50 for the expense of making this motion (at least 2-1/2 hours X $185 per hour).

Dated:  Springfield, Massachusetts
       September 12, 2005

LAW OFFICES OF ROBERT ARONSON

By _____
     Robert Aronson, Esq.

Attorney for Defendant
101 State Street
Springfield, Massachusetts 01103
Telephone:  (413) 733-2600
Facsimile:  (413) 737-4318
BBO No. 541800

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on September 12, 2005.

_____
Robert Aronson

<u>EXHIBIT A</u>

**Orders on Motions**

3:04-cv-30216-KPN Cotto v. Berkshire Manufacturing Corp.

United States District Court

District of Massachusetts

Notice of Electronic Filing

The following transaction was received from Neiman, Kenneth entered on 8/23/2005 at 11:44 AM EDT and filed on 8/23/2005
**Case Name:**      Cotto v. Berkshire Manufacturing Corp.
**Case Number:**    3:04-cv-30216
**Filer:**
**Document Number:**

**Docket Text:**
Judge Kenneth P. Neiman : Electronic ORDER entered granting in part and denying in part [15] Defendant's Motion to Compel as follows. Plaintiff shall appear at the continuation of his deposition (at a time mutually agreeable to the parties) for a total of four additional hours. The deposition shall be conducted in the usual manner when an interpreter is utilized, i.e., having the interpreter translate the questions from English to Spanish and the answers from Spanish to English (without a requiremnet that Plaintiff indicate each time in English whether or not he understands the question). In so ruling, the court deems the deposition itself to be an inappropriate methodoolgy by which to measure Plaintiff's English-speaking/understanding proficiency as it relates to the employment context. So ordered. (Neiman, Kenneth)

The following document(s) are associated with this transaction:

**3:04-cv-30216 Notice will be electronically mailed to:**

Suzanne Garrow     sgarrow@comcast.net, jfeldman@crocker.com

**3:04-cv-30216 Notice will not be electronically mailed to:**

Robert Aronson
Law Offices of Robert Aronson
101 State Street
Springfield, MA 01103

