UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                          :
CARLOS CLAUDIO COTTO,                     :
                                          :
                    Plaintiff,            :        DOCKET NO.  3:04-cv-30216-KPN
                                          :
v.                                        :
                                          :
BERKSHIRE MANUFACTURING                   :
CORPORATION,                              :
                    Defendant.            :
_____:

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO COMPEL AND MOTION FOR SANCTIONS

The plaintiff respectfully submits this Opposition to the defendant's Motion to Compel and requests that the Court sanction the defendant for filing the frivolous motion now before the Court.

The defendant obviously did not like the Court's order dated August 23, 2005, regarding its previous motion to compel.[1] The questions posed at the plaintiff's second day of deposition were a thinly veiled attempt to flout the Court's Order on the previously filed motion to compel.  The defendant sought once again at deposition to embarrass, harass and annoy the plaintiff by using a wholly inappropriate methodology.   Accordingly, the plaintiff requests that the Court deny the instant motion and sanction the defendant for again trying to use

_____
[1] The defendant did not seek reconsideration of the Court's Order and now moves to compel answers to questions that it posed at the second day of the plaintiff's deposition which plaintiff's counsel instructed him not to answer.  Both the methodology the defendant sought to employ at the second day of deposition and inappropriate line of questioning was addressed in the plaintiff's Opposition to Motion to Compel and Motion for Protective Order filed on August 22, 2005, and ruled on by this Court. The plaintiff incorporates by reference all the arguments set forth in its August 22, 2005 Opposition and Motion.

objectionable deposition tactics despite the Court's Order to the contrary, and for requiring the plaintiff to oppose this duplicative and frivolous motion.

## FACTS AND PROCEDURAL POSTURE

The Court is well versed in the facts of this case. The plaintiff, Carlos Claudio Cotto, seeks equitable relief and compensatory and punitive damages against Defendant Berkshire Manufacturing Corporation under Title VII of the Civil Rights Act and the Massachusetts laws against discrimination, M.G.L. c. 151B. As the defendant admits, it discriminated against Mr. Cotto on the basis of his national origin. Mr. Cotto is a Puerto Rican man who primarily speaks and understands Spanish. The defendant admits it laid him off and failed to recall him to a position because of his lack of English fluency. Mr. Cotto alleges that he was not recalled to what was ostensibly the same position he performed well for seven years. Mr. Cotto alleges that the discrimination had a negative impact upon him and that it caused him to lose pay, benefits and perquisites of his employment and caused him emotional distress.

The plaintiff timely completed his discovery. The defendant took the plaintiff's deposition on July 15, 2005, for almost five (5) hours with a translator present. The defendant posed all its questions to Mr. Cotto in English, in the presence of a translator, and required the plaintiff to say that he did not understand the question if he wanted to have it translated. Plaintiff's counsel objected repeatedly to this methodology at deposition but plaintiff proceeded in this manner for the first day of deposition.

The plaintiff would not appear for his second day of deposition without an

order of the Court regarding whether he should be required to say that he did not understand a question each time he wished to have it translated by the translator. The defendant moved to compel the plaintiff to appear and be subjected to the same embarrassing tactics to which he was subject at the first day of deposition.  The defendant also moved the Court for an additional nine (9) plus hours to complete the plaintiff's deposition.[2]  After the parties fully briefed the issues, the Court Ordered on August 23, 2005:

> that the deposition shall be conducted in the usual manner when an interpreter is utilized, i.e., having the interpreter translate the questions from English to Spanish and the answers from Spanish to English (without a requirement that Plaintiff indicate each time in English whether or not he understands the question).  In so ruling, the court deems the deposition itself to be an inappropriate methodology by which to measure Plaintiff's English-speaking/understanding proficiency as it relates to the employment context.

The plaintiff appeared on September 8, 2005, for his continued deposition. At the second day of the plaintiff's deposition, the defendant once again used the same harassing and embarrassing tactics and tried to pose questions in English, without those questions being translated for the witness.  The plaintiff's counsel objected and instructed the plaintiff not to answer, relying on the above Order of the Court.  The defendant then filed the Motion to Compel which is now before the Court.

## ARGUMENT

The pending Motion to Compel has already been decided once by this

---

[2] The plaintiff also opposed being required to appear for fourteen (14) hours of deposition.  The Court ruled that the plaintiff was required to appear for a total of four (4) additional hours or a total of just over 8 1/2 hours of deposition.  The plaintiff has now appeared for almost nine (9) full hours of questioning and the defendant has used all its time allotted by the Court for a continued deposition.

Court.  The precise issue previously briefed and decided was whether the defendant's counsel could require the witness to be forced to respond that he did not understand to **any** question posed – **without limitation** -- regardless of whether or not the question was arguably related to the plaintiff's job or the defendant's putative job requirements.

Yet, as Berkshire states in its motion, its counsel attempted to give the plaintiff "certain instructions relating to the work which was performed at Berkshire (concerning the racking, plating and inspection of parts) **but that the instructions would not be translated into English**, and that Cotto would then be asked to explain what the English instructions meant either in English (if possible) or (if not possible) in Spanish."  (Def. Motion to Compel dated 9/12/2005 at page 5.) (Emphasis added.)  Plaintiff's counsel objected that the use of this tactic was completely contrary to the Court's order regarding how the deposition shall be conducted.  The specific issue of whether this methodology was appropriate was addressed by the Court when it ordered, "that the deposition shall be conducted in the usual manner when an interpreter is utilized, i.e., having the interpreter translate the questions from English to Spanish and the answers from Spanish to English (without a requirement that Plaintiff indicate each time in English whether or not he understands the question)."  (Def. Motion to Compel dated 9/12/2005 at Exhibit A.)

The Court went even further in its ruling and found "the deposition itself to be an inappropriate methodology by which to measure Plaintiff's English-speaking/understanding proficiency as it relates to the employment context."

Here, there could be no question that the defendant attempted to directly contravene an Order of the Court.  Defendant's counsel attempted to use the deposition to "measure Plaintiff's English speaking/understanding proficiency as it relates to the employment context" by providing him with what defendant's counsel characterized as work-related instructions in English-only.

There also can be no question that using this methodology and now seeking to compel answers is done in bad faith.  The defendant's tortured semantic gymnastics that "it was presumed that the Court was indicating that the ability of Cotto to answer questions at a deposition which were **not** related to the ability to perform his job (sic) Berkshire might not be relevant", (emphasis in original), are unavailing.  The Court was eminently clear in its Order that,  "the deposition shall be conducted in the usual manner when an interpreter is utilized, i.e., having the interpreter translate the questions from English to Spanish and the answers from Spanish to English (without a requirement that Plaintiff indicate each time in English whether or not he understands the question)."

## CONCLUSION

WHEREFORE, the plaintiff requests that the Court deny the defendant's motion to compel and sanction the defendant for the time necessary to oppose this frivolous motion in the amount of $170 x 3.5 hours or $595.[3]

---

[3] The plaintiff's counsel made clear on the record at deposition that she would seek sanctions if the defendant pursued this Motion to Compel.  On September 13, 2005, the day the Motion was received, the plaintiff's counsel sent a letter to the defendant's counsel requesting he withdraw this Motion.  (See Exhibit A attached.)

CARLOS CLAUDIO COTTO
By his attorney,


_____/s/ Suzanne Garrow_____
Suzanne Garrow BBO # 636548
Heisler, Feldman & McCormick, P.C.
1145 Main Street, Suite 508
Springfield MA  01103
(413)788-7988
(413)788-7996 (fax)

Dated: September 23, 2005

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing document was served by first class mail on the attorney of record for the defendant on this date.

_____/s/ Suzanne Garrow_____
Suzanne Garrow

6