UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-30216-KPN

| | |
|---|---|
| CARLOS CLAUDIO COTTO, | : |
| Plaintiff, | : |
| v. | : |
| BERKSHIRE MANUFACTURING CORPORATION, | : |
| Defendant. | : |

DEFENDANT'S OPPOSITION
TO
PLAINTIFF'S (CROSS) MOTION FOR SANCTIONS

For the reasons which follow, defendant Berkshire Manufacturing Corporation ("Berkshire") respectfully opposes the (cross) motion of plaintiff Carlos Claudio Cotto ("Cotto") for sanctions in connection with the motion of Berkshire to compel Cotto to answer questions posed to him in English (without translation into Spanish) regarding instructions relating to the work performed at Berkshire at a continued deposition.

1. For the reasons set forth in Berkshire's motion, the motion is not frivolous and, accordingly, Cotto's (cross) motion for sanctions should be denied.

2. In addition, it should be noted that, contrary to the allegations in Cotto's (cross) motion:

(a) Berkshire has not "used all ... the time allotted by the Court for the continued deposition" of Cotto (Cotto Opposition at Page 3, note 2) since at least 25 minutes remain until

1

the allotted deposition time expires.

 (b) The questions which are the subject of Berkshire's motion to compel were not posed for the purpose of embarrassing, harassing or annoying Cotto (Cotto Opposition at Page 1). As set forth in its motion, Berkshire is merely attempting to confirm that Cotto was (is) not able to (among other things) understand oral English instructions to the degree necessary to perform the work at Berkshire.

 (c) Berkshire laid Cotto off because of a lack of work, not because of his limited ability to understand English (Cotto Opposition at Page 2).

 (d) Berkshire does not admit that its decision to not recall Cotto after he was laid off constituted discrimination against Cotto on the basis of his Hispanic national origin (Cotto Opposition at Page 2). Berkshire's decision was based upon (among other things) the limited ability of Cotto to understand English _regardless_ of his national origin and, therefore, Berkshire did not treat Cotto less favorably than individuals of any other national origin. See, e.g., Hou v. Commonwealth of Pennsylvania, Department of Education, 573 F.Supp. 1539 (W.D.Pa. 1983).

3. By reason of the foregoing, Berkshire respectfully requests that:

 (a) Cotto be compelled to appear for the continuation of his deposition by Berkshire on a mutually agreeable date and, at the continued deposition, to answer questions posed to him in English (without translation into Spanish) regarding instructions

2

relating to the work performed at Berkshire.

    (b) Berkshire be awarded $462.50 for the expense of making this motion (at least 2-1/2 hours X $185 per hour).

    (c) The (cross) motion of Cotto for sanctions be denied.

Dated: Springfield, Massachusetts
September 27, 2005

LAW OFFICES OF ROBERT ARONSON

By _____
Robert Aronson, Esq.

Attorney for Defendant
101 State Street
Springfield, Massachusetts 01103
Telephone: (413) 733-2600
Facsimile: (413) 737-4318
BBO No. 541800

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on September 27, 2005.

_____
Robert Aronson