# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DOCKET NO. 04cv30216MAP

CARLOS CLAUDIO COTTO,

Plaintiff,

v.

BERKSHIRE MANUFACTURING CORPORATION,

Defendant.

COMPLAINT
and
DEMAND FOR JURY

## INTRODUCTION

1. Plaintiff Carlos Claudio Cotto ("Mr. Cotto") brings this action for equitable relief and compensatory and punitive damages against Defendant Berkshire Manufacturing Corporation ("Berkshire") in Springfield, Massachusetts under Title VII of the Civil Rights Act and the Massachusetts laws against discrimination, M.G.L. c. 151B.

2. Mr. Cotto was terminated from his long term employment at Berkshire due to discrimination based on his national origin.

3. Mr. Cotto seeks compensation for the grave harm he has suffered and continues to suffer as a result of the actions and omissions of the defendant, and seeks equitable and injunctive relief.

## PARTIES

4. Plaintiff Mr. Cotto is a Puerto Rican man and a citizen of the United States who resides in Springfield, Massachusetts.

5. Defendant Berkshire is a private domestic corporation with its with its principal place of business at 175 Progress Avenue, Springfield, Massachusetts.

6. Berkshire is a "person" within the meaning of M.G.L. c. 151B, § 1.

7. Berkshire employs 6 or more employees, and is an "employer" within the meaning of M.G.L. c. 151B, § 1.

8. Berkshire is a "person" within the meaning of Section 701(a) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(a).

9. Berkshire is engaged in an industry affecting commerce and employs 15 or more employees, and is an "employer" within the meaning of Section 701(b) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(b).

## JURISDICTION AND VENUE

10. This suit is brought and jurisdiction lies pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f) and 2000e-5(g), as well as 28 U.S.C. § 1331, 28 U.S.C. § 1337, and 28 U.S.C. §§ 2201 and 2202.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3) insofar as all the discriminatory employment practices alleged in this complaint were committed within the County of Hampden in the Commonwealth of Massachusetts, the plaintiff resides in the County of Hampden

in the Commonwealth of Massachusetts, the defendant conducts business and has substantial business contacts in the Commonwealth of Massachusetts.

## STATEMENT OF FACTS

12. Mr. Cotto is a Puerto Rican man who primarily speaks and understands Spanish and who resides in Springfield, MA.

13. Mr. Cotto worked at Berkshire for over seven (7) years.

14. Berkshire puts chrome plating on various metal parts for the medical, electrical, plumbing and automotive industries.

15. At all times during his employment, Mr. Cotto performed the same job for Berkshire.

16. At no time during his employment did the requirements of Mr. Cotto's job change.

17. Mr. Cotto was qualified and a good and dependable worker throughout his tenure with Berkshire.

18. Mr. Cotto was terminated from his position while other less qualified workers who are fluent in English were retained.

19. According to the president of Berkshire, Mr. Cotto was terminated from the position he performed for over seven (7) years due to his lack of English fluency.

20. After Mr. Cotto was terminated his position was advertised as available.

21. The discriminatory termination has had a negative impact upon Mr. Cotto. It has caused him to lose pay, benefits and perquisites of his employment and has caused him emotional distress.

22. All conditions precedent under M.G.L. ch. 151B have occurred or been complied with:

   a. A charge alleging discrimination by the defendant on the basis national origin discrimination was filed with the Massachusetts Commission Against Discrimination ("MCAD") within 300 days of the discriminatory actions alleged in the Charge.

   b. This complaint has been filed within three years of the last discriminatory act alleged in Mr. Cotto's MCAD charge.

24. All conditions precedent under Title VII have occurred or been complied with:

   a. A charge alleging discrimination by the defendant on the basis of national origin discrimination was filed with the Equal Employment Opportunity Commission ("EEOC") within 300 days of the discriminatory actions alleged in the charge.

   b. Mr. Cotto received a Notification of Rights regarding his EEOC charge.

   c. This complaint has been filed within 90 days of Ms. Cotto's receipt of the Notification of Rights.

### FIRST CLAIM FOR RELIEF:
### DISCRIMINATION BASED ON NATIONAL ORIGIN
### IN VIOLATION OF
### M.G.L. c. 151B, §§ 4(1) and (16A)

25. Plaintiff repeats the allegations set forth in paragraphs 1 through 24 above, and incorporates those allegations as if fully set forth herein.

26. The actions and omissions of Berkshire constitute unlawful discrimination against Mr. Cotto based on his national origin in violation of M.G.L. c. 151B, §§ 4(1) and (16A).

27. The discriminatory actions and omissions of Berkshire have caused, continue to cause and will cause Mr. Cotto to suffer substantial damages for lost wages and income, the loss of employment benefits, and other pecuniary losses, as well as mental anguish and humiliation, emotional distress, the loss of enjoyment of life, and other nonpecuniary losses.

### SECOND CLAIM FOR RELIEF:
### DISCRIMINATION BASED ON NATIONAL ORIGIN
### IN VIOLATION OF 42 U.S.C. § 2000e-2(a)(1)

28. Plaintiff repeats the allegations set forth in paragraphs 1 through 27 above, and incorporates those allegations as if fully set forth herein.

29. The actions and omissions of Berkshire constitute unlawful discrimination against Mr. Cotto based on his national origin in violation of Title VII of the 1964 Civil Rights Act, as codified at 42 U.S.C. § 2000e-2(a)(1)

30. The discriminatory actions and omissions of Berkshire have caused, continue to cause and will cause Mr. Cotto to suffer substantial damages for lost wages and income, the loss of employment benefits, and other pecuniary

losses, as well as mental anguish and humiliation, emotional distress, the loss of enjoyment of life, and other nonpecuniary losses.

## PRAYER FOR RELIEF

Plaintiff Carlos Cotto prays the Court to grant her the following relief:

1. That the plaintiff be awarded appropriate injunctive relief designed to ensure that the defendant discontinue their discriminatory practices.

2. That the plaintiff be awarded compensatory damages in an amount to be determined at trial in this matter, plus statutory interest on any such award.

3. That the plaintiff be awarded punitive damages in an amount to be determined at trial in this matter.

4. That the plaintiff be awarded reasonable attorney's fees, together with litigation expenses and costs of suit.

5. That the plaintiff be awarded such other relief as the Court deems just and proper.

## DEMAND FOR JURY

Plaintiff Carlos Cotto demands trial by jury on all triable issues.

Respectfully submitted,

PLAINTIFF CARLOS CLAUDIO COTTO
By his attorney,

Dated: November 4, 2004

_____
Suzanne Garrow BBO# 636548
sgarrow@comcast.net
Heisler, Feldman & McCormick, P.C.
1145 Main Street, Suite 508
Springfield, MA 01103
Ph. (413) 788-7988
Fax (413) 788-7996