UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    :
CARLOS CLAUDIO COTTO,               :
                                    :
            Plaintiff,              :    DOCKET NO.  3:04-cv-30216-KPN
                                    :
v.                                  :
                                    :
BERKSHIRE MANUFACTURING             :
CORPORATION,                        :
            Defendant.              :
_____:

**PLAINTIFF'S RESPONSE TO DEFENDANT'S
STATEMENT OF MATERIAL FACTS**

In opposition to the Defendant's Motion for Summary Judgment in the above-entitled matter, Plaintiff Carlos Claudio Cotto responds to the Defendant's Statement of Material Facts, as follows:

1.      Not disputed for purposes of pending summary judgment motion.

2.      Not disputed for purposes of pending summary judgment motion.

3.      The Plaintiff disputes that the Exhibit relied upon by the Defendant supports such a broad factual statement but for purposes of the pending summary judgment motion, the Plaintiff does not dispute that the amount of work at Berkshire depends upon the number of parts for which customer for which Berkshire is performing plating services.

4.      The Plaintiff disputes that the Exhibit relied upon by the Defendant supports such a broad factual statement but for purposes of the pending summary

judgment motion, the Plaintiff does not dispute that from July 1997 to the present

Berkshire has been managed by Donald Schulz and Roberta Desjardins.  For some

time it has also been managed by Stephen Rapacki.

5.      The Plaintiff disputes that the Exhibit relied upon by the Defendant

supports such a broad factual statement but for purposes of the pending summary

judgment motion, the Plaintiff does not dispute that in November 2003 there were at

least 15 employees employed by Berkshire.  (Plaintiff's Concise Statement of Facts as

to Which There is a Genuine Issue to be Tried ("SOF") 4.)

6.      The Plaintiff disputes that the Exhibit relied upon by the Defendant

supports such a broad factual statement.

7.      The Plaintiff disputes the complexity of the procedures performed by

Berkshire.  Plating and other procedures consist of a number of simple steps that are

repeated for every part produced and have varied very little over the last 15-20 years.

(SOF 3,6,9,28,29,32-36)

8.      The Plaintiff disputes that the Exhibit relied upon by the Defendant

supports such a broad factual statement. The Plaintiff also disputes the necessity of

detailed instructions, most of the work done at Berkshire is learned by observing, on the

job training, repetition and through job knowledge and has not changed since at least

prior to 1995.  (SOF 3, 6-12,28,29,32-36.)

9.      The Plaintiff disputes that the Exhibit relied upon by the Defendant

supports such a broad factual statement. The Plaintiff also disputes the complexity of

instructions, most of the work done at Berkshire is learned by observing, on the job

training, repetition and through job knowledge and has not changed since at least 1995. (SOF 3,6-12,28,29,32-36.)

10.    The Plaintiff disputes that the Exhibit relied upon by the Defendant supports such a broad factual statement. The Plaintiff also disputes the complexity and variability of Berkshire's procedure and that a multitude of issues arise throughout the day and that the employees are monitored and continuously given supplemental instructions or assistance.  Moreover, the procedures have not changed since at least 1995.  (SOF 3,6-12,28,29,32-36.)

11.    Plaintiff disputes that the Exhibit relied upon by the Defendant supports such a broad factual statement and that the procedures have changed since at least 1995. (SOF 3,6,9,28,29,32-36)

12.    Plaintiff disputes that the Exhibit relied upon by the Defendant supports such a broad factual statement and the procedures have changed since 1995. (SOF 3,6,9,28,29,32-36)

13.    Plaintiff disputes that the Exhibit relied upon by the Defendant supports such a broad factual statement and the procedures have changed since 1995. (SOF 3,6,9,28,29,32-36)

14.    Plaintiff disputes that the Exhibit relied upon by the Defendant supports such a broad factual statement and the procedures have changed since 1995. (SOF 3,6,9,28,29,32-36)

15.    The Plaintiff does not dispute that Mr. Schulz and Ms. Desjardins manage the overall work at Berkshire.  The Plaintiff does dispute that there are any forepersons responsible fro instructing employees at Berkshire.

16.     Plaintiff disputes that the Exhibit relied upon by the Defendant supports such a broad factual statement.  The Plaintiff disputes that there are forepersons at Berkshire.  (SOF 66, 67.)

17.     Not disputed for purposes of pending summary judgment motion.

18.     The Plaintiff disputes that he worked on only one part at the time he was hired.  (SOF 21, 25, 28.)

19.     Plaintiff disputes that the Exhibit relied upon by the Defendant supports such a broad factual statement.

20.     The Plaintiff disputes that was not able to understand some oral English instruction, most of the work done at Berkshire is learned by observing, on the job training, repetition and through job knowledge and has not changed since at least prior to 1995.  The Plaintiff disputes that there was ever any written instructions given in English or any other language at Berkshire. (SOF 3,6,9,28,29,32-36, 45, 52, 54, 55)

21.     The Plaintiff disputes that there were forepersons at Berkshire when he was hired or at any time.  The plaintiff disputes that he only worked on one part when hired.  The Plaintiff admits that once he learned how to rack and unrack the Eaton light shield he needed no further instruction to do the job.  (SOF 21, 25, 28.)

22.     The plaintiff disputes that he only worked on one part and performed only racking and unracking from when he was hired through 2001.  (SOF 21, 25, 28.)

23.     Plaintiff disputes that the Exhibit relied upon by the Defendant supports such a broad factual statement.

24.     Plaintiff disputes that the Exhibit relied upon by the Defendant supports such a broad factual statement.

25.    The Plaintiff does not dispute that he worked on various parts, although he disputes that he worked on only those parts set forth in defendant's paragraph 25.  He further disputes that he did only racking and unracking.  He also did plating, inspecting, weighing and packing of parts.  (SOF 27, 39.)

26.    Plaintiff disputes that the Exhibit relied upon by the Defendant supports such a broad factual statement.  The plaintiff was able to follow all instructions given to him for the variety of parts he worked on during his tenure at Berkshire. (SOF 48-52.)

27.    Plaintiff disputes that the Exhibit relied upon by the Defendant supports such a broad factual statement. The plaintiff disputes that it as significantly more time consuming to give him instructions; he often got instructions and went to work with no clarification or translation necessary.  On occasion, when he needed a translation, the translation would take about 3 minutes to complete.  (SOF 48-52.)

28.    The plaintiff does not dispute that he plated a number of different parts while employed at Berkshire and that he performed those jobs well.

29.    Plaintiff disputes that the Exhibit relied upon by the Defendant supports such a broad factual statement.

30.    Plaintiff disputes that the Exhibit relied upon by the Defendant supports such a broad factual statement.

31.    Plaintiff disputes that the Exhibit relied upon by the Defendant supports such a broad factual statement.

32.    Plaintiff disputes that the Exhibit relied upon by the Defendant supports such a broad factual statement.

33.    Plaintiff disputes that the Exhibit relied upon by the Defendant supports such a broad factual statement.

34.    Plaintiff disputes that the Exhibit relied upon by the Defendant supports such a broad factual statement.  The Plaintiff also disputes that the equipment is all new in the shop area, the location of the tanks on the shop floor is the only change at Berkshire since 2003, before Mr. Claudio was terminated, to the present.  (SOF 30, 33-35.)

35.    Plaintiff disputes that the Exhibit relied upon by the Defendant supports such a broad factual statement.

36.    Plaintiff disputes that the Exhibit relied upon by the Defendant supports such a broad factual statement.  Plaintiff disputes that he performed only racking and unracking or that he was the least senior employee.  The verified statement of Donald Schulz does not state that Mr. Claudio was laid off because he was least senior, rather due to his "lack of English."  (SOF 27, 62, 72.)

37.    The verified statement of Donald Schulz states that Mr. Claudio was laid off due to his "lack of English." (SOF 62.)

38.    Not disputed for purposes of the pending summary judgment motion.

39.    Not disputed for purposes of the pending summary judgment motion.

40.    The plaintiff disputes the reasons for failing to recall him.  There have been a number of people hired since the plaintiff's termination and positions advertised for what was essentially his job.  (SOF 70, 73.)

41.    The plaintiff disputes that he was not replaced.  At least three people have been hired to perform what was essentially Mr. Claudio's job, none of whom are in the protected sub-class. (SOF 70, 73.)

42.    The plaintiff disputes that the three people hired were hired for jobs other than racking and plating.  At least three people have been hired to perform what was essentially Mr. Claudio's job, none of whom are in the protected sub-class. (SOF 70, 73.)

43.    Plaintiff disputes that the Exhibit relied upon by the Defendant supports such a broad factual statement.

44.    Plaintiff disputes that the Exhibit relied upon by the Defendant supports such a broad factual statement.  The plaintiff disputes that the plating jobs are any different than those previously performed by Mr. Claudio. (SOF 3,6,9,28,29,32-36.)

45.    Plaintiff disputes that the Exhibit relied upon by the Defendant supports such a broad factual statement.  The plaintiff disputes that the plating jobs are any different than those previously performed by Mr. Claudio. (SOF 3,6,9,28,29,32-36.)

46.    Plaintiff disputes that the Exhibit relied upon by the Defendant supports such a broad factual statement.  The plaintiff disputes that the plating, racking, inspecting, weighing and packing jobs are any different than those previously performed by Mr. Claudio.  (SOF 3,6,9,28,29,32-36.)

47.    Plaintiff disputes that the Exhibit relied upon by the Defendant supports such a broad factual statement.  The plaintiff disputes that the plating, racking, inspecting, weighing and packing jobs are any different than those previously performed

by Mr. Claudio. The plaintiff does not dispute that he performed well in his job. (SOF 3,6,9,28,29,32-36.)

48.     Plaintiff disputes that the Exhibit relied upon by the Defendant supports such a broad factual statement. The plaintiff disputes that the plating, racking, inspecting, weighing and packing jobs are any different than those previously performed by Mr. Claudio. (SOF 3,6,9,28,29,32-36.)

49.     Plaintiff disputes that the Exhibit relied upon by the Defendant supports such a broad factual statement. The plaintiff disputes that the plating, racking, inspecting, weighing and packing jobs are any different than those previously performed by Mr. Claudio. The Plaintiff disputes that the time needed for translation would be any more than in the past, or at most 18 minutes per week, because the jobs at Berkshire have not changed. (SOF 3,6,9,28,29,32-36, 48, 52.)

50.     Plaintiff disputes that the Exhibit relied upon by the Defendant supports such a broad factual statement. The plaintiff disputes that the plating, racking, inspecting, weighing and packing jobs are any different than those previously performed by Mr. Claudio. (SOF 3,6,9,28,29,32-36.)

51.     Plaintiff disputes that the Exhibit relied upon by the Defendant supports such a broad factual statement.

52.     Plaintiff disputes that the Exhibit relied upon by the Defendant supports such a broad factual statement. The plaintiff disputes that the plating, racking, inspecting, weighing and packing jobs are any different than those previously performed by Mr. Claudio and thus his employment would have no bearing on the profitability of Berkshire. (SOF 3,6,9,28,29,32-36.)

53.     Plaintiff disputes that the Exhibit relied upon by the Defendant supports such a broad factual statement.  The plaintiff disputes that the plating, racking, inspecting, weighing and packing jobs are any different than those previously performed by Mr. Claudio. (SOF 3,6,9,28,29,32-36.)

54.     Plaintiff disputes that a requirement that individuals who rack and plate parts at Berkshire be capable of understanding oral instructions in English constitutes a bona fie occupational qualification.

55.     Plaintiff disputes that Berkshire had any legitimate non discriminatory reason for terminating Mr. Claudio and for not subsequently hiring him to what was essentially his position.

56.     Plaintiff disputes that the defendant's claim that the plaintiff is unable to understand oral English instructions was not the causative or determinative, did not contribute significantly to and/or was not a material and important consideration with respect to terminating and not subsequently hiring Mr. Claudio.  (SOF 62.)

56.     The plaintiff disputes that Berkshire did not intentionally discriminate against him due to his Hispanic national origin.

Respectfully submitted,

PLAINTIFF CARLOS CLAUDIO COTTO
By his Attorney,


Dated:  February 10, 2006          /s/ Suzanne Garrow

_____
Suzanne Garrow
BBO# 636548
Heisler, Feldman, McCormick & Garrow, P.C.
1145 Main Street, Suite 508
Springfield, MA 01103
(413) 788-7988

9