at ¶¶ 5, 17 and 20).

### (4) BERKSHIRE'S "BONA FIDE OCCUPATIONAL QUALIFICATION"

Assuming arguendo that Claudio had adduced sufficient, competent direct and/or circumstantial evidence to establish that Berkshire discriminated against Claudio because Berkshire required Claudio to be able to understand oral instructions in English relating to the racking (and plating) work at Berkshire, such a requirement, nevertheless, constituted a "bona fide occupational qualification" ("BFOQ") as a matter of law.

As indicated in Berkshire's initial Memorandum Of Law (Section B), unless Berkshire is permitted to require that its employees be capable of understanding oral instructions in English, Berkshire's business operations would be severely undermined and the safe and efficient performance of the jobs at Berkshire would be substantially compromised because, in contrast to the Simple Jobs at Berkshire which were available for Claudio to work on up through November 2003, the racking and plating jobs at Berkshire as of and since November 2003 have been become much more complex, non-repetitive and of shorter duration involving fewer parts.  Consequently and in contrast to the Simple Jobs of the past, in order for the racking and plating with respect to the Complex Jobs which Berkshire has been able to attract since November 2003 to be correctly, efficiently and safely performed, it is critical that the employees at Berkshire who perform such jobs be capable of understanding oral instructions in English since it is no longer possible for the bilingual employees at Berkshire to translate such oral English instructions into Spanish.

As noted above, contrary to Claudio's claims there is no competent evidence that the nature of the jobs at Berkshire have not become more complex, less repetitive and

41

shorter term involving smaller numbers of parts. Nor is there any question that Claudio is not capable of understanding the oral instructions in English which must be continuously given to rackers (and platers) in order to correctly perform the Complex Jobs or that, if such instructions are not understood, then there is a risk that a plater could be injured by the heat of and/or chemicals in the plating tanks or the plating tanks could be damaged. There is similarly no competent evidence that the efficiency of the operations at Berkshire would not be seriously undermined if it were necessary for other employees at Berkshire to continuously translate the instructions with respect to the Complex Jobs.

Finally, there is nothing (and Claudio has cited to no authority) which precludes the requirement that an employee be capable of understanding oral instructions in English from constituting a BFOQ merely because the employee is not required to communicate with (English speaking) clients or customers.

Berkshire has, therefore, established that it is essential to the normal, safe and efficient operation of Berkshire's business that employees at Berkshire be capable of understanding oral instructions in English in order to perform the racking and plating jobs which existed at Berkshire in and after November 2003, and Claudio has adduced no competent evidence which contradicts the same. Consequently, as a matter of law the requirement that Claudio be capable of understanding oral instructions in English constitutes a BFOQ and, therefore, is an absolute defense to Claudio's claims of discrimination.

### (5)  BERKSHIRE'S "MIXED MOTIVATION"

Finally, even assuming that Claudio had established by either direct or circum-

stantial evidence that Berkshire discriminated against him on the basis of his Hispanic national origin and, further, that Berkshire had not established that the requirement that Claudio be capable of understanding oral instructions in English was a BFOQ, as previously noted, Berkshire would still have laid Claudio off and not rehired him because there has not been a sufficient amount of work at Berkshire for Claudio to do since November 2003.

Since Berkshire would have laid Claudio off and would not have rehired him even "in the absence of the [alleged] impermissible motivating factor", at the very least Claudio is, as a matter of law, precluded from recovering any damages in connection with his Title VII claim and from recovering any judgment whatsoever in connection with his claim pursuant to M.G.L. c. 151B (<u>see</u> Berkshire's initial Memorandum Of Law (Section C)), and Claudio has cited no authority requiring a contrary conclusion.

### (6) <u>CONCLUSION</u>

> [S]ummary judgment must be granted if "there is no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." Once the moving party has demonstrated that no genuine issue of material fact exists, the burden is on the opposing party to contradict the demonstration by coming "forward with specific provable facts which establish that there is a triable issue."
>
> * * *
>
> *** [E]ven in employment discrimination cases, where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation."

<u>Ligenza</u> v. <u>Genesis Health Ventures of Massachusetts, Inc.</u>, 995 F.Supp. 226 (D. Mass 1998) (citations omitted).

43

For the reasons set forth above and in Berkshire's initial Memorandum Of Law, Claudio has not produced sufficient, supportable, competent and specific facts to create a triable issue of fact that Berkshire discriminated against him on the basis of his Hispanic national origin.  Therefore, Berkshire's motion for summary judgment should be granted and the claims of Claudio dismissed with prejudice as a matter of law.  At the very least Claudo should be precluded from recovering any damages in connection with his Title VII claim.

Dated:  Springfield, Massachusetts
        February 24, 2006

                          LAW OFFICES OF ROBERT ARONSON

                              /s/ Robert Aronson
                      By _____
                              Robert Aronson, Esq.

                        Attorney for Defendant Berkshire
                          Manufacturing Corporation
                        101 State Street
                        Springfield, Massachusetts   01103
                        Telephone:  (413) 733-2600
                        Facsimile:  (413) 737-4318
                        BBO No.  541800

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by electronic filing on February 24, 2006.

                              /s/ Robert Aronson
                          _____
                              Robert Aronson