UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-30216-KPN

_____
:
CARLOS CLAUDIO COTTO,                       :
                                            :
                        Plaintiff,          :
                                            :
            v.                              :
                                            :
BERKSHIRE MANUFACTURING CORPORATION,        :
                                            :
                        Defendant.          :
_____ :

## REPLY AFFIDAVIT OF DONALD J. SCHULZ

Donald J. Schulz states, under the penalties of perjury, that:

1. I am the president of defendant Berkshire Manufacturing Corporation ("Berkshire") and submit this reply affidavit in further support of Berkshire's motion for summary judgment.

2. As I stated in my initial affidavit, based on my interactions with Carlos Claudio Cotto ("Claudio") during the 6 year period of time he was employed at Berkshire, Claudio was not able to understand oral (or written) instructions in English with respect to the procedures for racking and unracking parts (much less with respect to plating).

3. As I previously stated, Claudio was laid off in November 2003 because the number of the relatively simple, non-repetitive and long term jobs which involved large numbers of parts on which Claudio had been working, or the number of parts with re-

spect to such jobs, had substantially decreased and Berkshire no longer had enough racking (or plating) work for Claudio to do. Among other things, in or about October and November 2003 Berkshire's monthly revenues decreased by approximately 50% (from approximately $112,000 to $66,000) and Berkshire's losses for the period from October to December 2003 exceeded $50,000.

    4. As I previously stated, since prior to and after November 2003 the jobs at Berkshire have become more complex, less repetitive and last for shorter time periods with significantly smaller numbers of parts. Therefore, it is now necessary to continuously instruct and supervise employees to insure that the racking, plating and unracking procedures are performed correctly. And because of the necessity for such continuous instruction and supervision, it is no longer possible to utilize the bilingual employees at Berkshire to translate English instructions into Spanish for Claudio because that would require the bilingual (translating) employee to spend too much time assisting in the translation and not enough time doing his/her own work. Therefore, Berkshire has not been able to rehire Claudio since November 2003 because there has not been a sufficient amount of racking/unracking work at Berkshire and, even if there were, the work is more complex, less repetitive and of a shorter duration and, consequently, Claudio is not able to perform the work because of his inability to understand oral instructions in English.

    5. As indicated by its context in the following entire paragraph of my letter, the statement in my March 29, 2004 letter to the MCAD that the "problem [with Claudio] was in his lack of English" merely referred to the fact that, even if Berkshire obtained a sufficient amount of work in the future, it would be difficult to rehire Claudio because the jobs

at Berkshire as of and after November 2003 had become more complex, less repetitive and shorter term involving smaller numbers and, as a result, Claudio would not be able to perform the work given his inability to understand oral instructions in English:

> In the case of Mr. Cotto, Berkshire acknowledges that he was a good worker with good attendance. The problem was in his lack of English. The work that Berkshire does is changing rapidly and is now much more technical and precise with a higher demand on being able to communicate rapidly and effectively. Berkshire has just completed a move into a completely new area of the building with hopes of being able to compete in a very difficult environment. <u>If we can find work for Carlo in the future we will do so</u>. However, there are no guarantees. We have no animosity toward Carlos and applaud his desire to work and support his family. [emphasis supplied].

My reference to "lack of English" did not mean that Berkshire laid Claudio off because of his inability to understand oral instructions in English (and no one at Berkshire told Claudio that he was being laid off because he could not understand oral instructions in English).

    6.  When he was laid off in November 2003, Claudio was the least experienced/senior racker (and plater) at Berkshire. Elizabeth Gillette was hired <u>after</u> Claudio was laid off in November 2003. While Katherine Corbin and Carol Franck performed some racking functions (as did I and Desjardins), the primary job responsibility of both Corbin and Franck (and Gillette) was administrative and managerial support, including (but not limited to) giving racking and plating instructions to employees, quality assurance, reading blueprints, determining process cycling for plating, processing orders, interacting with customers, answering the telephone, effecting computerized shipping, color buffing, assisting with cost and time management studies, measuring parts, masking parts and recording Baume solutions. Because of his inability to understand oral

3

instructions in English, Claudio was not qualified to perform any of the managerial or administrative duties of Corbin or Franck. Victor Rosado was primarily a plater (in contrast to Claudio who was primarily a racker) and, in any event, had initially been hired by Berkshire in September/October 1995, or more than 2 years before Berkshire hired Claudio.

      7. After Claudio was laid off in November 2003, Berkshire did not attempt to obtain anyone to replace Claudio. Although Berkshire placed an advertisement in the newspaper after Claudio was laid off for an "[a]ll around person to do inspection, packing & racking for plating shop", the purpose of the ad was to obtain an employee would be capable of performing the more complex, non-repetitive, shorter term jobs at Berkshire which involved smaller numbers of parts and which, because of his inability to understand oral instructions in English, Claudio could not do.

      8. Nor was anyone hired to replace Claudio. The job responsibilities of Gillette, who was hired to replace Franck, included numerous administrative and managerial duties which required the ability to understand English (including (but not limited to) giving racking and plating instructions to Berkshire's employees, quality assurance, reading blueprints, determining process cycling for plating, processing orders, interacting with customers, answering the telephone, effecting computerized shipping, color buffing, assisting with cost and time management studies, measuring parts, masking parts and recording Baume solutions). Marcin Jandzis was primarily hired to assist with the technical maintenance of the electroplating tanks and related apparatus at Berkshire, including insuring that they were operating properly and had the correct amounts and mixtures of chemicals, jobs which Claudio did not, and because he was not able to under-

4

stand oral instructions in English could not, perform. To the extent any racking or plating functions were performed by Jandzis they related to the complex, non-repetitive, shorter term jobs involving smaller numbers of parts at Berkshire which Claudio could not perform because of his inability to understand oral instructions in English. Finally, Cristobal Henriquez is of Hispanic national origin, but is able to understand oral instructions in English and, therefore, was hired to rack the more complex, non-repetitive and shorter term jobs at Berkshire involving smaller numbers of parts which, again, Claudio was not capable of doing because of his inability to understand oral instructions in English.

Sworn to under the penalties of perjury on February 22, 2006.

/s/ Donald J. Schulz
_____
Donald J. Schulz

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by electronic filing on February 24, 2006.

/s/ Robert Aronson
_____
Robert Aronson