UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CARLOS CLAUDIO COTTO,<br>      Plaintiff<br><br>   v.<br><br>BERKSHIRE MANUFACTURING<br>CORPORATION,<br>      Defendant | Civil Action No. 04-30216-KPN |

MEMORANDUM AND ORDER WITH REGARD TO DEFENDANT'S
MOTION TO FOR SUMMARY JUDGMENT (Document No. 24)
March 7, 2006

NEIMAN, C.M.J.

  Carlos Claudio Cotto ("Plaintiff") brings this national origin-based discrimination action against Berkshire Manufacturing Corporation ("Defendant").  Plaintiff seeks equitable relief and compensatory and punitive damages pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* and Mass. Gen. L. ch. 151B.  Defendant, in turn, has moved for summary judgment.  The parties have consented to the jurisdiction of this court.  See 28 U.S.C. § 636(c).  For the following reasons, Defendant's motion for summary judgment will be denied.

  The court has scrupulously reviewed Defendant's motion and supporting documents as well as its forty-four page reply memorandum and supplemental affidavits.  Despite vigorous efforts on Defendant's part, the court agrees with Plaintiff that genuine issues of material fact abound.  For example, there are genuine issues as

to whether Defendant terminated and/or failed to re-hire Plaintiff due to his "lack of English," whether proficiency in English was a *bona fide* occupational qualification, *see* 42 U.S.C. § 2000e-2(e)(1), and whether the reasons offered by Defendant for the termination and its failure to re-hire are mere pretexts for unlawful discrimination. *See Santiago-Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 54 (1st Cir. 2000) (courts should exercise caution before granting summary judgment for employers on such issues as pretext, motive and intent); *Hodgens v. Gen. Dynamic Corp.*, 144 F.2d 151, 167 (1st Cir. 1998) (the reason for the courts' caution is "because of the availability of seemingly neutral rationales under which an employer can hide its discriminatory intent").

These issues, and others, need to be sorted out at trial. To that end, the court redirects the parties to their pretrial obligations as set out in the Procedural Order dated August 31, 2005. In particular, the parties are reminded that they are to jointly prepare and file by April 11, 2006, a pretrial memorandum which sets forth, *inter alia*, "proposed jury instructions, special verdict form or special interrogatories on which the parties agree." As the parties are well aware, the final pretrial conference is scheduled for April 18, 2006, at 2:00 p.m. with trial set to begin on May 1, 2006, at 9:00 a.m.

For present purposes, Defendant's motion for summary judgment is hereby DENIED. The hearing scheduled for tomorrow, March 8, 2006, is hereby cancelled.

DATED: March 7, 2006

                                         Kenneth P. Neiman
                                         KENNETH P. NEIMAN

Chief Magistrate Judge