UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-30216-KPN

_____

CARLOS CLAUDIO COTTO,

                          Plaintiff,

                v.

BERKSHIRE MANUFACTURING CORPORATION,

                          Defendant.
_____


**PROPOSED JURY INSTRUCTIONS
OF
<u>DEFENDANT BERKSHIRE MANUFACTURING CORPORATION</u>**


Pursuant to Rule 51 of the Federal Rules of Civil Procedure and the August 31, 2005 "Procedural Order Re: Final Pretrial Conference/Trial" of the Court, defendant Berkshire Manufacturing Corporation ("Berkshire") respectfully submits the following proposed jury instructions as those which the Court should adopt to instruct the jury with respect to the applicable law in this action, reserving the right to submit additional instructions hereinafter.


Dated:  Springfield, Massachusetts
         April 6, 2006

                                   LAW OFFICES OF ROBERT ARONSON

                                       /s/ Robert Aronson
                                By _____
                                    Robert Aronson, Esq.

                                Attorney for Defendant Berkshire
                                  Manufacturing Corporation
                                101 State Street
                                Springfield, Massachusetts   01103

Telephone:  (413) 733-2600
Facsimile:  (413) 737-4318
BBO No.  541800

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by hand on April 6, 2006.

/s/ Robert Aronson
_____
Robert Aronson

## **CLAUDIO'S AT WILL EMPLOYENT**

1.  Because there was no agreement between Berkshire and plaintiff Carlos Claudio Cotto ("Claudio") that Claudio would be employed by Berkshire for any definite period of time, as a matter of law you must find that Claudio was an "at-will" employee and, therefore, that Claudio had the right to quit his job at Berkshire at any time and for any reason or for no reason at all and that, unless Berkshire intentionally and deliberately discriminated against Claudio, Berkshire had the right to terminate Claudio's employment at any time and for any reason or for no reason at all. Upton v. JWP Businessland, 425 Mass. 756, 682 N.E.2d 1357 (1997); Maddaloni v. Western Mass. Bus Lines, Inc., 386 Mass. 877, 438 N.E.2d 351 (1982).

## **CLAUDIO'S PRELIMINARY BURDEN OF PROOF**

2.  Before you may consider whether Berkshire discriminated against Claudio when Berkshire laid Claudio off, Claudio must first demonstrate, by a preponderance of the evidence, that after Berkshire laid Claudio off:

    (a)  the job which Claudio was performing at Berkshire remained open, and

    (b)  Berkshire attempted to hire someone or hired someone with skills and qualifications which were similar to Claudio's skills and qualifications to fill the job which Claudio had been performing at Berkshire. Rodriguez-Torres v. Caribbean Forms Manufacturer, Inc., 399 F.3d 52 (1st Cir. 2005); Rodriguez-Cuervos v. Wal-Mart Stores, Inc., 181 F.3d 15 (1st Cir. 1999); Cumpiano v. Banco Santander Puerto Rico, 902 F.2d 148 (1st Cir. 1990); Feliciano De La Cruz v. El Conquistador Resort And Country Club, 218 F.3d 1 (1st Cir. 2000).

3.  In addition, before you may consider whether Berkshire discriminated against Claudio when Berkshire failed to rehire Claudio, Claudio must first demonstrate, by a preponderance of the evidence, that after Berkshire laid Claudio off:

    (a)  Claudio was qualified to perform a job which existed at Berkshire, and

    (b)  Berkshire attempted to hire someone or hired someone with skills and qualifications which were similar to Claudio's skills and qualifications to fill the job which existed at Berkshire which Claudio was qualified to perform. Woods v. v. Friction Materials, Inc., 30 F.3d 255 (1st Cir. 1994); Fragante v. City And County Of Honolulu, 888 F.2d 591 (9th Cir. 1989).

4.  An employee would have the same skills and qualifications as Claudio (or be simi-

larly situated to Claudio) if he or she had the same (in)ability as Claudio to understand oral instructions in English and performed the same job at Berkshire that Claudio performed.  Molloy v. Blanchard, 115 F.3d 86 (1st Cir. 1997); Byrd v. Ronayne, 61 F.3d 1026 (1st Cir. 1995).

## **CLAUDIO'S ULTIMATE BURDEN OF PROOF**

5.  If you have concluded that Claudio has proven, by a preponderance of the evidence, that:

   (a)  in connection with Berkshire's decision to lay Claudio off, Claudio's job at Berkshire remained open and Berkshire attempted to hire or hired somone with skills and qualifications which were similar to Claudio's skills and qualifications to fill the job, or

   (b)  in connection with Berkshire's decision to not rehire Claudio, Claudio was qualified to perform a job which existed at Berkshire and Berkshire attempted to hire someone or hired someone with skills and qualifications which were similar to Claudio's skills and qualifications to fill the job,

then you must determine whether Berkshire intentionally and deliberately discriminated against Claudio on the basis of his national origin.  St. Mary's Honor Center v. Hicks, 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993); Texas Department of Community Affairs v. Burdine, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); Feliciano De La Cruz v. El Conquistador Resort And Country Club, 218 F.3d 1 (1st Cir. 2000).

6.  In order for you to find that Berkshire intentionally and deliberately discriminated against Claudio on the basis of his national origin it is not enough, in and of itself, that Claudio was of Hispanic national origin.  Rather, Claudio must persuade you, by a preponderance of the evidence, that Claudio's national origin:

   (a) [Title VII Standard] was a determinative or motivating factor in connection with Berkshire's decision to lay Claudio off or to not rehire Claudio.  42 U.S.C. § 2000e-2(m); Price Waterhouse v. Hopkins, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989); Carey v. Mt. Desert Island Hospital, 156 F.3d 31 (1st Cir. 1998); Draft Pattern Jury Instructions For Employment Discrimination (Disparate Treatment) For The District Courts Of The District Courts Of The United States Court Of Appeals For The First Circuit (April 6, 2004), § 1:2 (hereinafter "First Circuit Draft Instructions").

   (b) [Chapter 151B Standard] contributed significantly to and was a material and significant or important ingredient in Berkshire's decision to lay Claudio off or to not rehire Claudio.  Cariglia v. Hertz Equipment Rental Corp., 363 F.3d 77 (1st Cir. 2004); Lipchitz v. Raytheon Co., 434 Mass. 493, 751 N.E.2d 360 (2001).

7.  To constitute a determinative or motivating factor, or a significant or important ingredient, in Berkshire's decision to lay Claudio off or to not rehire Claudio, Claudio must prove, by a preponderance of the evidence, that Claudio's national origin played a substantial role in Berkshire's decision to lay Claudio off or to not rehire him.  Price Waterhouse v. Hopkins, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989); Fernandes v. Costa Brothers Masonry, Inc., 199 F.3d 572 (1st Cir. 1999); Cumpiano v. Banco Santander Puerto Rico, 902 F.2d 148 (1st Cir. 1990).

## BERKSHIRE'S BUSINESS JUDGMENT

8.  In determining whether Claudio's national origin was a determinative or motivating factor, or a significant or important ingredient, in Berkshire's decision to lay Claudio off or to not rehire him, it is not your function as a jury to review, second guess the wisdom of or to question the reasons for the decisions of Berkshire if Berkshire's decisions were not based upon Claudio's national origin.  As long as Berkshire's decisions were not based upon Claudio's national origin, Berkshire had the right to decide to lay Claudio off and to not rehire him based upon Berkshire's own judgment and policy, regardless of whether you agree with Berkshire's decisions and regardless of whether you believe Berkshire's decisions were arbitrary, wrong, mistaken, bad, unfair, harsh, unreasonable or made for no reason at all.  Mesnick v. General Electric Co., 950 F.2d 816 (1st Cir. 1991), cert. denied, 504 U.S. 985, 112 S.Ct. 2965, 119 L.Ed.2d 586 (1992); Feliciano De La Cruz v. El Conquistador Resort And Country Club, 218 F.3d 1 (1st Cir. 2000); Ramos v. Roche Products, Inc., 936 F.2d 43 (1st Cir. 1991); Smith v. F.W. Morse & Co., 76 F.3d 413 (1st Cir. 1996); Kevin F. O'Malley, Jay E. Grenig and Hon. William C. Lee, Federal Jury Practice And Instructions (Civil) (5th Ed. 2001) (hereinafter "O'Malley Federal Jury Instructions"), § 171.75.

9.  In addition even if you do not believe the reasons stated by Berkshire for laying Claudio off and not rehiring him, you are not required to find that Berkshire laid Claudio off and did not rehire him because of Claudio's national origin.  Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); Zapata-Matos v. Reckitt & Colman, Inc., 277 F3d. 40 (1st Cir. 2002).

10.  It was not improper and did not constitute illegal discrimination on the basis of national origin for Berkshire:

    (a)  to lay Claudio off if you find that Berkshire believed that there was not enough work at Berkshire at the time when Claudio was laid off which Claudio was able to do, and

    (b)  to not rehire Claudio if you find that Berkshire believed that there was not enough work at Berkshire for Claudio to do after he was laid off or if Berkshire believed

5

that Claudio would not be able to do the work which existed at Berkshire after Claudio was laid off because of his "lack of English" or inability to understand oral instructions,

unless you also find that Claudio's national origin played a substantial role in Berkshire's decision to lay Claudio off or to not rehire him, or that Berkshire would not have laid Claudio off or would have rehired Claudio if he had not been of Hispanic national origin. Cosme v. The Salvation Army, 284 F.Supp.2d 229 (D.Mass. 2003); Fragante v. City And County Of Honolulu, 888 F.2d 591 (9th Cir. 1989); Stephen v. PGA Sheraton Resort, Ltd., 873 F.2d 276 (11th Cir. 1989); Shieh v. Lyng, 710 F.Supp. 1024 (E.D.Pa. 1989), aff'd, 897 F.2d 523 (3d Cir. 1990); Dalmau v. Vicao Aerea Rio-Grandense, S.A., 337 F.Supp.2d 1299, 1305 (S.D.Fla. 2004); Equal Opportunity Commission Notice Number 915.003, Section 13 (National Origin Discrimination), § 13-V(B).

11.  There is no requirement that Berkshire be capable of giving oral instructions in Spanish to Claudio or that Berkshire employ people at Berkshire for the purpose of translating oral instructions from English into Spanish for Claudio.  See id.; Vasquez v. McAllen Bag & Supply Co., 660 F.2d 686 (5th Cir. 1981), cert. denied, 458 U.S. 1122, 102 S.Ct. 3509, 73 L.Ed.2d 1384 (1982); De La Cruz v. New York City Human Resources Administration, DSS, 82 F.3d 16 (2d Cir. 1996); Dercach v. Indiana Department of Highways, 45 FEP Cases 899 (N.D.Ind. 1987).

### BONA FIDE OCCUPATIONAL QUALIFICATION

12.  If you find that Claudio has proven, by a preponderance of the evidence, that Claudio's national origin was a determinative or motivating factor in Berkshire's decision to lay Claudio off or to not rehire him because Berkshire either laid Claudio off or did not rehire him based upon Claudio's inability to understand oral instructions in English, you must, nevertheless, find that Berkshire did not illegally discriminate against Claudio if you conclude that the requirement that Claudio be capable of understanding oral instructions in English was a bona fide occupational qualification, or that (i)  the ability of Claudio to understand oral instructions in English was reasonably necessary to the normal operation of Berkshire's business, and  (ii)  the safe, efficient and correct performance of the jobs at Berkshire which Claudio was capable of doing would be undermined if Berkshire could not require that Claudio be capable of understanding oral instructions in English.  42 U.S.C. §2000e-2(e); Price Waterhouse v. Hopkins, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989); Dothard v. Rawlinson, 433 U.S. 321, 97 S.Ct. 2720, 53 L.Ed.2d 786 (1977); International Union, UAW v. Johnson Controls, Inc., 499 U.S. 187, 111 S.Ct. 1196, 113 L.Ed.2d 158 (1991); Fragante v. City and County of Honolulu, 699 F.Supp. 1429 (D.Hawaii 1987), aff'd, 888 F.2d 591 (9th Cir. 1989), cert. denied, 494 U.S. 1081, 110 S.Ct. 1811, 108 L.Ed.2d 942 (1990); Garcia v. Rush-Presbyterian-St. Lukes Medical Center, 660 F.2d 1217 (7th Cir. 1981); Mejia v. New York Sheraton Hotel, 459 F.Supp. 375 (S.D.N.Y. 1978), aff'd in pertinent part, 21 FEP Cases 981 (2d Cir. 1979), on remand, 476 F.Supp. 1068 (S.D.N.Y. 1979).

## **MIXED MOTIVATION**

13.  If you find that Claudio has proven, by a preponderance of the evidence, that Claudio's national origin was a determinative or motivating factor in Berkshire's decision to lay Claudio off or to not rehire him and that the requirement that Claudio be able to understand oral instructions in English was not a bona fide occupational qualification, you must then determine if Berkshire has proven, by a preponderance of the evidence, that Berkshire would have laid Claudio off and would not have rehired him regardless of Claudio's national origin, or that Berkshire would have made the same decision to lay Claudio off and to not rehire him even if Berkshire had not taken Claudio's national origin into account.  Price Waterhouse v. Hopkins, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989); Desert Palace, Inc. v. Costa, 539 U.S. 90, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003); Fields v. Clark University, 966 F.2d 49 (1st Cir. 1992); First Circuit Draft Instructions, §1:2.

14.  If you find that Berkshire would have laid Claudio off or would not have rehired Claudio regardless of Claudio's national origin, or that Berkshire would have made the same decision to lay Claudio off or to not rehire him even if Berkshire had not taken Claudio national origin into account, then:

    (a)  You may not award Claudio any damages with respect to Claudio's Title VII claim.  42 U.S.C §§ 2000e-2(m) and 5(g)(2)(B); Weston-Smith v. Cooley Dickinson Hospital, Inc., 282 F.3d 60 (1st Cir. 2002); Tanca v. Nordberg, 98 F.3d 680 (1st Cir. 1996), cert. denied, 520 U.S. 1119, 117 S.Ct. 1253, 137 L.Ed.2d 333 (1997), and

    (b)  You must return a verdict for Berkshire with respect to Claudio's Chapter 151B claim.  Wynn & Wynn, P.C. v. Massachusetts Commission Against Discrimination, 431 Mass. 655, 729 N.E.2d 1068 (2000); Lipchitz v. Raytheon Co., 434 Mass. 493, 751 N.E.2d 360 (2001).

## **DAMAGES**

15.  If you find that Claudio has proven, by a preponderance of the evidence, that:

    (a)  Claudio's national origin was a determinative or substantial motivating factor in Berkshire's decision to lay Claudio off or to not rehire him, and

    (b)  the requirement that Claudio be able to understand oral instructions in English was not a bona fide occupational qualification, and

    (c)  Berkshire would not have made the decision to lay Claudio off or to not rehire him regardless of Claudio's national origin,

you must then determine the amount of damages, if any, which Claudio is entitled to recover in accordance with the instructions I am about to give you.  However, you should not interpret the fact that I am giving you instructions on damages as any indication in any way that I believe that Claudio is, or is not, entitled to recover any damages from Berkshire.  First Circuit Draft Instructions, § 7.1; Todd J. McNamara and J. Alfred Southerland, Federal Employment Jury Instructions (2003) (hereinafter "Federal Employment Jury Instructions"), § 1:1200.

16.  Any damages that you award to Claudio must be fair.  In determining the amount of any damages you award, you must be guided by dispassionate common sense and sound discretion based upon the evidence adduced at trial.  You may not award damages based on sympathy, speculation or guesswork.  Federal Employment Jury Instructions, § 1:1201; O'Malley Federal Jury Instructions, § 171.90.

17.  In addition, Claudio had the duty to mitigate his damages, or to take reasonable efforts to reduce the amount of any damages he is seeking to recover.  Among other things, after he was laid off by Berkshire, Claudio had a duty to make reasonable and diligent efforts to find other employment to reduce any amount of money or benefits which he may have lost, and any emotional distress which he may have suffered, as a result of being laid off and not rehired by Berkshire.  42 U.S.C. § 2000e-5(g)(1); Johnson v. Spencer Press Of Maine, Inc., 364 F.3d 368 (1st Cir. 2004); Torres v. Caribbean Forms Manufacturer, 286 F.Supp.2d 209 (D.P.R. 2003); Koster v. Trans World Airlines, Inc., 181 F.3d 24 (1st Cir. 1999); Stonehill College v. Massachusetts Commission Against Discrimination, 441 Mass. 549, 808 N.E.2d 205 (2004); First Circuit Draft Instructions, § 7.1.

18.  If you find that Claudio is entitled to recover any damages from Berkshire, you may award Claudio:

    (a)  [Back Pay] The amount of money which Claudio has proven, by a preponderance of the evidence, that he would have earned if he had been employed by Berkshire during the period from the date when Berkshire laid him off up until today, reduced by the amount of money which Claudio earned from other employment during that time period, the amount of money which Claudio could have earned from other employment if he had made reasonable and diligent efforts to find other employment during that time period and the amount of any unemployment compensation payments which Claudio received during that time period.  42 U.S.C. § 2000e-5(g)(1); Lussier v. Runyon, 50 F.3d 1103 (1st Cir. 1995); Johnson v. Spencer Press Of Maine, Inc., 364 F.3d 368 (1st Cir. 2004).

    (b)  [Back Pay Benefits] The value of any benefits which Claudio has proven, by a preponderance of the evidence, he would have received if he had been employed by Berkshire during the period from the date when Berkshire laid him off up until today, re-

duced by the value of any benefits which Claudio received from other employment during that time period and the value of any benefits which Claudio could have received from other employment if he had made reasonable and diligent efforts to find other employment during that time period.  Id.

     (c) [Past Emotional Distress]  The amount of money which Claudio has proven, by a preponderance of the evidence, will compensate Claudio for any emotional distress, or any emotional pain, emotional suffering, inconvenience, mental anguish or loss of enjoyment, which Claudio has suffered as a result of Berkshire's decision to lay Claudio off or to not rehire him (other than any emotional distress resulting from this lawsuit) from the date when Claudio was laid off up until today based upon (among other things) the nature and character of such emotional distress, the length of time Claudio suffered such emotional distress and whether Claudio attempted to mitigate his emotional distress by (among other things) obtaining counseling or taking medication.  42 U.S.C. § 1981a(5)(3); Rodriguez-Torres v. Caribbean Forms Manufacturer, Inc., 399 F.3d 52 (1st Cir. 2005); Koster v. Trans World Airlines, Inc., 181 F.3d 24 (1st Cir. 1999); Stonehill College v. Massachusetts Commission Against Discrimination, 441 Mass. 549, 808 N.E.2d 205 (2004); First Circuit Draft Instructions, § 7.1; Federal Employment Jury Instructions, § 1:1230.

     (d) [Front Pay]  The present value of the amount of money which Claudio has proven, by a preponderance of the evidence, he would have earned if he were employed by Berkshire from today through a reasonable period of time into the future, reduced by the amount of money which Claudio could earn during that time period from other employment if he made reasonable and diligent efforts to find other employment and by any unemployment compensation benefits which Claudio would receive during that time period.  Lussier v. Runyon, 50 F.3d 1103 (1st Cir. 1995); Johnson v. Spencer Press Of Maine, Inc., 364 F.3d 368 (1st Cir. 2004).

     (e) [Front Pay Benefits]  The present value of the value of any benefits which Claudio has proven, by a preponderance of the evidence, he would receive if he were employed by Berkshire from today through a reasonable period of time into the future, reduced by the value of any benefits which Claudio could receive during that time period from other employment if he made reasonable and diligent efforts to find other employment.  Id.

     (f) [Future Emotional Distress]  The present value of the amount of money which Claudio has proven, by a preponderance of the evidence, will compensate Claudio for any emotional distress, or any emotional pain, emotional suffering, inconvenience, mental anguish or loss of enjoyment, which Claudio will suffer as a result of Berkshire's decision to lay Claudio off or to not rehire him from today through a reasonable period of time into the future based upon (among other things) the nature and character of such emotional distress, the length of time Claudio suffered such emotional distress and whether Claudio attempted to mitigate his emotional distress by (among other things) obtaining counseling or taking medication.  42 U.S.C. § 1981a(5)(3); Rodriguez-Torres v. Caribbean Forms Manufacturer, Inc., 399 F.3d 52 (1st Cir. 2005); Koster v. Trans

World Airlines, Inc., 181 F.3d 24 (1st Cir. 1999); Stonehill College v. Massachusetts Commission Against Discrimination, 441 Mass. 549, 808 N.E.2d 205 (2004); First Circuit Draft Instructions, § 7.1; Federal Employment Jury Instructions, § 1:1230.

    (g)  If you conclude that:

        (i)  [Title VII Punitive Damages] Berkshire acted with malice or reckless indifference to federal law, you may award Claudio the amount of money which you believe would punish or deter Berkshire from discriminating against employees in the future on the basis of national origin.  42 U.S.C § 1981a(b); Rodriguez-Torres v. Caribbean Forms Manufacturer, Inc., 399 F.3d 52 (1st Cir. 2005); First Circuit Draft Instructions, § 8.1.

        (ii)  [Chapter 151B Punitive Damages] Berkshire's actions were outrageous because of Berkshire's evil motive or intent or because Berkshire's actions involved malicious, wanton or oppressive conduct which was in reckless disregard of or with callous indifference to Claudio's rights, you may award Claudio the amount of money which you believe would punish or deter Berkshire from discriminating against employees in the future on the basis of national origin.  Borne v. Haverhill Golf & Country Club, Inc., 58 Mass.App.Ct. 306, 791 N.E.2d 903 (2003); Abramian v. President & Fellows Of Harvard College, 432 Mass. 107, 731 N.E.2d 1075 (2000).

## **MISCELLANEOUS**

19.  Claudio has the burden in this action of proving every essential element of his claims by a preponderance of the evidence.  If Claudio fails to prove any essential element of his claims by a preponderance of the evidence, the you must find for Berkshire.  Establish by a preponderance of the evidence means to prove that something is more likely than not to have occurred.  In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your mind a belief that what is sought to be proved is more likely true than not true.  In determining whether any fact in issue has been proved by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of the witnesses regardless of who may have called them, and all exhibits received into evidence, regardless of who may have produced them.  O'Malley Federal Jury Instructions, § 104.01.

20.  The rules of evidence do not permit witnesses to testify as to opinions or conclusions.  An exception to this rule exists for "expert" witnesses.  An expert witness is a person who, by education and experience, has become expert in some art, science, profession or calling.  Expert witnesses may state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.  You should consider any expert opinion received in evidence in this case, and give it such

weight as you think it deserves. If you decide that the opinion of the expert witness is not based upon sufficient education and experience, or if you conclude that the reasons given in support of the opinion are not sound, or if you feel the opinion is outweighed by other evidence, then you may disregard the opinion of the expert in its entirety. O'Malley Federal Jury Instructions, § 104.40.

21. Testimony and exhibits can be admitted into evidence during a trial only if they meet certain criteria and standards. It is the duty of the attorney on each side of a case to object when the other side offers testimony or an exhibit into evidence which the attorney believes is not properly admissible under the law. You should not be influenced by or show any prejudice against an attorney or his or her client because the attorney has made an objection to any testimony or any exhibit. O'Malley Federal Jury Instructions, § 102.71.

22. When a attorney asks a question or offers an exhibit into evidence and the attorney on the other side believes it is not permitted by the law, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received into evidence. If I sustain the objection, the question cannot be answered and the exhibit cannot be received into evidence. If I sustain an objection to a question or to the admission of an exhibit, you must ignore the question and must not guess or speculate as to what the answer to the question might have been or what the contents of the exhibit may have been. In addition, you must not consider any evidence which I have ordered stricken. Finally, if I allow any testimony or exhibit to be introduced over the objection of an attorney, I am not, unless I expressly state, indicating any opinion as to the weight or effect of such evidence or how I think you should decide the case. You, the jurors, are the sole judges of the weight and effect of all evidence. O'Malley Federal Jury Instructions, §§ 101.49 and 102.71.

23. During the course of the trial, I may have asked questions of a witness. You should not assume that by doing so I have any opinion about the subject matter of the questions or how I think you should decide the case. I may ask a question simply to clarify a matter, not to help one party or the other. Again, you, the jurors, are the sole judges of the facts in this case. O'Malley Federal Jury Instructions, § 102.72.

24. The law permits me as the judge in this case to comment to the jury on the evidence in the case. Such comments are only expressions of my opinions as to the facts and you may disregard them entirely. You, the jurors, are the sole judges of the facts in this case. It is your recollection and evaluation of the evidence that is important to the verdict. Although you must follow my instructions about the law which applies to this case, you are totally free to accept or reject my observations concerning the evidence which was admitted during the course of the trial. O'Malley Federal Jury Instructions, § 102.73.

25.  An official court interpreter has been used during this trial to translate for Spanish speaking witnesses.  You are to consider only that evidence provided through the official court interpreter.  Although some of you may know Spanish, it is important that all jurors consider the same evidence.  Therefore, you are only to consider and may only base your deliberations on the evidence presented in English by the official court reporter and you must disregard any different meaning of the Spanish which is used during the trial.  O'Malley Federal Jury Instructions, § 101.50.

## [ALTERNATIVE] McDONNELL DOUGLAS BURDEN-SHIFTING

In order for Claudio to prove that Berkshire intentionally discriminated against Claudio when Berkshire laid Claudio off, Claudio must first demonstrate, by a preponderance of the evidence, that after Berkshire laid Claudio off:

(a)  the job which Claudio was performing at Berkshire remained open, and

(b)  Berkshire attempted to hire someone or hired someone with skills and qualifications which were similar to Claudio's skills and qualifications to fill the job which Claudio had been performing at Berkshire.  Rodriguez-Torres v. Caribbean Forms Manufacturer, Inc., 399 F.3d 52 (1st Cir. 2005); Rodriguez-Cuervos v. Wal-Mart Stores, Inc., 181 F.3d 15 (1st Cir. 1999); Cumpiano v. Banco Santander Puerto Rico, 902 F.2d 148 (1st Cir. 1990); Feliciano De La Cruz v. El Conquistador Resort And Country Club, 218 F.3d 1 (1st Cir. 2000).

In order for Claudio to prove that Berkshire intentionally discriminated against Berkshire when Berkshire failed to rehire Claudio, Claudio must first demonstrate, by a preponderance of the evidence, that after Berkshire laid Claudio off:

(a)  Claudio was qualified to perform a job which existed at Berkshire, and

(b)  Berkshire attempted to hire someone or hired someone with skills and qualifications which were similar to Claudio's skills and qualifications to fill the a job which existed at Berkshire which Claudio was qualified to perform.

Woods v.  v. Friction Materials, Inc., 30 F.2d 255 (1st Cir. 1994); Fragante v. City And County Of Honolulu, 888 F.2d 591 (9th Cir. 1989).

If you have concluded that Claudio has proven, by a preponderance of the evidence, that:
(a)  in connection with Berkshire's decision to lay Claudio off, Claudio's job at Berkshire remained open and Berkshire attempted to hire or hired someone with skills and qualifications which were similar to Claudio's skills and qualifications, or

     (b)  in connection with Berkshire's decision to <u>not rehire Claudio</u>, Claudio was qualified to perform a job which existed at Berkshire and Berkshire attempted to hire someone or hired someone with skills and qualifications which were similar to Claudio's skills and qualifications to fill the job,

then you must determine whether Berkshire had a legitimate, non-discriminatory reason or explanation for laying Claudio off or not rehiring Claudio.  If you find that Berkshire has stated a legitimate, nondiscriminatory reason, then you may not find that Berkshire intentionally discriminated against Claudio unless Claudio proves, by a preponderance of the evidence, that the reasons stated by Berkshire were not the true reasons for laying Claudio off or not rehiring him, but were merely pretexts or excuses for discriminating against Claudio based upon his national origin.  However, it is not enough for Claudio to prove that the reasons given by Berkshire for its decisions to lay Claudio off and to not rehire him were not the true reasons.  Claudio must also prove that Claudio's national origin:

     (a) [<u>Title VII Standard</u>] was a determinative or motivating factor in connection with Berkshire's decision to lay Claudio off or to not rehire Claudio.  42 U.S.C. § 2000e-2(m); <u>Price Waterhouse</u> v. <u>Hopkins</u>, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989); <u>Carey</u> v. <u>Mt. Desert Island Hospital</u>, 156 F.3d 31 (1st Cir. 1998); <u>Draft Pattern Jury Instructions For Employment Discrimination (Disparate Treatment) For The District Courts Of The District Courts Of The United States Court Of Appeals For The First Circuit (April 6, 2004)</u>, §1:2 (hereinafter "First Circuit Draft Instructions").

     (b) [<u>Chapter 151B Standard</u>] contributed significantly to and was a material and significant or important ingredient in Berkshire's decision to lay Claudio off or to not rehire Claudio.  <u>Cariglia</u> v. <u>Hertz Equipment Rental Corp.</u>, 363 F.3d 77 (1st Cir. 2004); <u>Lipchitz</u> v. <u>Raytheon Co.</u>, 434 Mass. 493, 751 N.E.2d 360 (2001).

<u>McDonnell Douglas Corp.</u> v. <u>Green</u>, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973); <u>Texas Department of Community Affairs</u> v. <u>Burdine</u>, 450 U.S. 248, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); <u>Price Waterhouse</u> v. <u>Hopkins</u>, 490 U.S. 228, 109 S.Ct. 1775, 104 L.Ed.2d 268 (1989); <u>Rodriguez-Torres</u> v. <u>Caribbean Forms Manufacturer, Inc.</u>, 399 F.3d 52 (1st Cir. 2005).