UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-30216-KPN

_____
                                            :
CARLOS CLAUDIO COTTO,                       :
                                            :
                         Plaintiff,         :
                                            :
        v.                                  :
                                            :
BERKSHIRE MANUFACTURING CORPORATION,        :
                                            :
                         Defendant.         :
_____ :

**OBJECTIONS
OF
DEFENDANT BERKSHIRE MANUFACTURING CORPORATION
TO
PROPOSED JURY INSTRUCTIONS
OF
<u>PLAINTIFF CARLOS CLAUDIO COTTO</u>**

Pursuant to the August 31, 2005 "Procedural Order Re: Final Pretrial Conference/Trial" of the Court, defendant Berkshire Manufacturing Corporation ("Berkshire") objects to the following jury instructions proposed by plaintiff Carlos Claudio Cotto ("Claudio") for the following reasons, reserving the right to make additional objections hereinafter:

1. **<u>Claim of Discrimination - National Origin</u>**. Berkshire objects to the instruction on the grounds that the instruction fails to state that Claudio must prove by a preponderance of the evidence that Berkshire intentionally and deliberately took an adverse employment action against Claudio based upon his national origin. <u>See</u> Instruction No. 5 in the Proposed Jury Instructions of Berkshire.

2. **<u>Definition of National Origin Discrimination</u>**. Berkshire objects to the instruction on the grounds that the instruction fails to state that unfavorable treatment based on language or limited language skills may, <u>but does not necessarily</u>, mean that national origin discrimination has occurred. <u>See</u> Instruction Nos. 8, 9, 10 and 11 in the Proposed Jury Instructions of Berkshire.

3. **National Origin Discrimination - Standard of Proof**.  Berkshire objects to the instruction on the grounds that the standard of proof set forth in the first sentence of the instruction is not correct.  See Instruction Nos. 6 and 7 in the Proposed Jury Instructions of Berkshire.

4. **National Origin Discrimination - Direct Evidence**.  Berkshire objects to the instruction on the grounds that the fact that Berkshire allegedly laid Claudio off and did not rehire him because of his "lack of English" or inability to understand oral instructions in English as a matter of law is not direct evidence of discrimination because, even if true, such reason could mean that Berkshire was merely limiting its employees to those individuals who could understand oral instructions in English and thereby perform the work at Berkshire, regardless of their national origin and that Berkshire was not attempting to exclude employees with Hispanic national origins.  See Patten v. Wal-Mart Stores East, Inc., 300 F.3d 21, 25 (1st Cir. 2002), cert. denied, 539 U.S. 937, 123 S.Ct. 2572, 156 L.Ed.2d 621 (2003) (citing Fernandes v. Costa Brothers Masonry, Inc., 199 F.3d 572 (1st Cir. 1999); and Febres v. Challenger Caribbean Corp., 214 F.3d 57 (1st Cir. 2000)); Dalmau v. Vicao Aerea Rio-Grandense, S.A., 337 F.Supp.2d 1299, 1305 (S.D.Fla. 2004).  Accordingly, Berkshire objects to the giving of a separate instruction with respect to direct evidence.  In addition, contrary to the instruction, Berkshire would not necessarily be liable to Claudio pursuant to Chapter 151B even if Berkshire did not establish the BFOQ defense if Berkshire establishes that it would have made the same decision to lay Claudio off or not rehire him if Berkshire had not taken Claudio's national origin into account.  If a separate direct evidence instruction is given, then Claudio's burden of proof as set forth in Instruction Nos. 2 through 7 in the Proposed Jury Instructions of Berkshire should be given in conjunction with the separate direct evidence instruction.

5. **"different and arguably inconsistent explanations ..."**  Berkshire objects to the "similarly situated employees" portion of the instruction on the grounds that "similarly situated employees" is not defined and because, in order to be a "similarly situated employee", the employee would have to have had the same limited English proficiency as Claudio.  See Instruction No. 4 in the Proposed Jury Instructions of Berkshire.

6. **Bona Fide Occupational Qualification**.  Berkshire objects to the instruction on the grounds that, in asserting the BFOQ defense, Berkshire has not admitted that it engaged in intentional discrimination.  See Instruction No. 12 in the Proposed Jury Instructions of Berkshire.

7. **National Origin Discrimination - Circumstantial Evidence.**  In view of all but the first sentence of Claudio's "National Origin Discrimination - Standard of Proof" instruction (supra), Berkshire objects to the giving of a separate instruction with respect to circumstantial evidence.  In addition, Berkshire objects to the portion of the instruction which relates to the burden-shifting framework under McDonnell Douglas on the grounds that the jury should not be instructed regarding the same.  See United States Postal Service Board of Governors v. Aikens, 460 U.S. 711, 103 S.Ct. 1478, 75 L.Ed.2d 403 (1983); White v. New Hampshire Department of Corrections, 221 F.3d 254 (1st Cir. 2000); Sanchez v. Puerto Rico Oil Co., 37 F.3d 712 (1st Cir. 1994); Loeb v. Textron,

Inc., 600 F.2d 1003 (1st Cir. 1979).  If the McDonnell Douglas burden-shifting instruction is given, the instruction is not correct.  See  the (Alternative) McDonnell Douglas Burden Shifting Instruction in the Proposed Jury Instructions of Berkshire.

8.  **National Origin Discrimination - Causation**.  Berkshire objects to the instruction on the grounds that the causation standard is not correct.  See Instruction Nos. 5, 6, 13 and 14 in the Proposed Jury Instructions of Berkshire.

9.  **Damages - Generally**.  Berkshire objects to the instruction on the grounds that it fails to state that by instructing on the issue of damages there is no implication that liability has been established by Claudio (see Instruction No. 15 in the Proposed Jury Instructions of Berkshire) and on the grounds that the terms "compensatory", "back pay" and "front pay" are unnecessary, may be confusing, may result in the jury awarding duplicative damages and, therefore, should not be used.  See Instruction No. 18 in the Proposed Jury Instructions of Berkshire.

10.  **Damages - Back Pay**.  Berkshire objects to the instruction on the grounds that the term "back pay" is unnecessary, may be confusing, may result in the jury awarding duplicative damages and, therefore, should not be used (supra) and on the grounds that the instruction fails to state that the jury must deduct from any "back pay" damages the amounts which Claudio earned, which he could have earned if he had properly mitigated his damages and which he received as unemployment compensation during the back pay period.  See Instruction Nos. 17 and 18 in the Proposed Jury Instructions of Berkshire.

11.  **Damages - Front Pay**.  Berkshire objects to the instruction on the grounds that the term "front pay" is unnecessary, may be confusing, may result in the jury awarding duplicative damages and, therefore, should not be used (supra); the instruction fails to state that the jury must deduct from any "front pay" damages the amounts which Claudio could have earned if he had properly mitigated his damages and which he would receive as unemployment compensation during the back pay period; and the instruction fails to state that the jury must discount the  amount of the "front pay" damages to its present value.  See Instruction Nos. 17 and 18 in the Proposed Jury Instructions of Berkshire.

12.  **Damages - Emotional Distress**. Berkshire objects to the instruction on the grounds that the instruction fails to differentiate between any past and any future emotional distress damages, fails to state that any future emotional distress damages must be discounted to their present value and fails to state that Claudio is not entitled to recover any emotional distress damages which he could have reasonably avoided or mitigated.  See Instruction Nos. 17 and 18 in the Proposed Jury Instructions of Berkshire.

13.  **Damages - Punitive Damages**.  Berkshire objects to the instruction on the grounds that the standard for awarding punitive damages pursuant to Chapter 151B is not included in the instruction, the punitive damage standard pursuant to Chapter 151B is different than under Title VII and the jury should be instructed on both standards because the punitive damages which Claudio can recover pursuant to Title VII are limited by 42

U.S.C § 1981a(b)(3).  See Instruction No. 18 in the Proposed Jury Instructions of Berkshire.

Dated:  Springfield, Massachusetts
April 6, 2006

          LAW OFFICES OF ROBERT ARONSON

          /s/ Robert Aronson
By _____
          Robert Aronson, Esq.

Attorney for Defendant Berkshire
  Manufacturing Corporation
101 State Street
Springfield, Massachusetts   01103
Telephone:  (413) 733-2600
Facsimile:  (413) 737-4318
BBO No.  541800

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by hand on April 6, 2006.

          /s/ Robert Aronson
_____
          Robert Aronson