UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
:
CARLOS CLAUDIO COTTO,             :
                                  :
            Plaintiff,            :
                                  :
v.                                :    DOCKET NO.  04-cv-30216-KPN
                                  :
BERKSHIRE MANUFACTURING           :
CORPORATION,                      :
            Defendant.            :
_____:

Now comes the plaintiff with his proposed jury instructions.  Plaintiff reserves the right to amend and supplement these instructions as needed and as allowed by the Court.

## **Preponderance Of The Evidence**

The plaintiff's claims and the defendant's defenses must be proved by a "preponderance of the evidence".  That term does not mean such degree of proof as produces absolute or mathematical certainty. Nor does it mean proof beyond a reasonable doubt, that is, proof to a moral certainty, as is required in criminal cases.

Preponderance of the evidence means such evidence as, when weighed against that opposed to it, has the more convincing force. It is a question of quality and not of quantity, which is to say that it is not necessarily determined by the number of witnesses or documents bearing on a certain version of the facts. To establish by a preponderance of the evidence is to prove that something is more likely so than not so. In other words, a preponderance of the evidence

means such evidence as, when considered and compared with that opposed to it, has the more convincing force and produces in your mind's belief that what is sought to be proved is more likely true than not true.

A party has succeeded in carrying the burden of proof by a preponderance of the evidence on an issue of fact if, after consideration of all the evidence in the case, the evidence favoring his side of the issue is more convincing to you

### **Claim of Discrimination – National Origin**

Carlos Claudio Cotto accuses defendant of national origin discrimination in violation of state and federal anti-discrimination laws. To succeed on this claim, Mr. Claudio must prove by a preponderance of the evidence that defendant took adverse employment action against him that is either laid him off from his position with the defendant, or failed to re-hire him to a position with the defendant because of his national origin.

Title VII of the Civil Rights Act, 42 U.S.C.A. §2000e-2(a)

## Definition of National Origin Discrimination

Language and one's native tongue is a trait so related to a person's national origin that unfavorable treatment based on language or limited language skills may be national origin discrimination.

Hernandez v. New York, 500 U.S. 352, 371-71 (1991);
Yniguez v. Arizonans for Official English, 69 F. 3d 920, 948 (9th Cir. 1995);
Odima v. Westin Tucson Hotel Co., 991 F. 2d 595, 601 (9th Cir. 1993)
U.S. v. Alcantar, 897 F. 2d 436, 440 (9th Cir. 1990);
Fragante v. City and County of Honolulu, 888 F. 2d 591 (9th Cir. 1989),;
Gutierrez v. Municipal Court, 838 F. 2d 1031, 1039 (9th Cir. 1988), vacated as moot, 490 U.S. 1016 (1989);
Garcia v. Gloor, 618 F.2d 264, 269 (5th Cir. 1980);
Carino v. University of Oklahoma Bd. of Regents, 750 F.2d. 815 (10th Cir. 1984).
29 C.F.R. § 1606.6(b)(1).

## Definition of Adverse Employment Action

An "adverse employment action" is one that, standing alone, actually causes damage, tangible or intangible, to an employee. An employer takes adverse action against an employee if it takes something of consequence away from the employee, for example by discharging or demoting the employee; or if an employer fails to hire an employee. An adverse employment action taken by an owner or supervisor of a company is an action of the employer.

Marrero v. Goya of Puerto Rico, Inc., 304 F.3d 7 (1st Cir. 2002);
Simas v. First Citizens' Federal Credit Union, 170 F.3d 37, 49-50 (1st Cir. 1999);
Larou v. Ridlon, 98 F.3d 659, 663 n.6 (1st Cir. 1996);
Straughn v. Delta Air Lines, Inc., 250 F.3d 23, 33 (1st Cir. 2001);
White v. N.H Dep't of Corrections, 221 F.3d 254, 262 (1st Cir. 2000) (Title VII).;
Cariglia v. Hertz Equip. Rental Corp., 363 F.3d 77, 83-84 (1st Cir. 2004) (applying Massachusetts law);
Conway v. Electro Switch Corp., 825 F.2d 593, 597 (1st Cir. 1987);
Freeman v. Package Machinery Co., 865 F.2d 1331, 1342 (1st Cir. 1988).

**National Origin Discrimination – Standard of Proof**

Plaintiff must show that he was treated differently because of his national origin. Discrimination may be proved either by direct evidence such as statements or conduct by the employer that show a discriminatory intent or, alternatively, by circumstantial evidence which is evidence of the totality of circumstances from which you can infer an employer's discriminatory intent. In making a determination as to whether there was intentional discrimination in this case, you may consider any statement made or act done or not done by a person whose intent is in issue, in other words a supervisor or corporate owner or officer, or any or all other facts and circumstances that indicate his or her state of mind.

Trans World Airlines Inc. v. Thurston, 469 U.S. 111 (1984);
Fields v. Clark Univ. , 817 F.2d 931 (1st Cir. 1987).

## **National Origin Discrimination – Direct Evidence**

Mr. Claudio claims that In this case, there is proof of discrimination by direct evidence.  Direct evidence consists of proof that a statement was made or the employer engaged in conduct which demonstrates discriminatory intent.  In other words, direct evidence is evidence of a particular statement or action which demonstrates that an illegitimate criterion was a substantial factor in the decision to take an adverse action against the employee.  Mr. Claudio alleges that the employer laying him off from his job and not re-hiring him because of his lack of English is direct evidence of discriminatory intent against Hispanics of limited English proficiency.  If you find that this direct evidence of discrimination you must find in favor of Mr. Claudio unless the employer can prove that the discrimination was on account of a bona fide occupational qualification or BFOQ.

Trans World Airlines Inc. v. Thurston, 469 U.S. 111 (1984);
Fields v. Clark Univ. , 817 F.2d 931 (1st Cir. 1987).
Int'l Union, United Auto., Aerospace and Agric. Implement Workers v. Johnson Controls, Inc., 499 U.S. 187, 200-201 (1991);
Western Air Lines, Inc. v. Criswell, 472 U.S. 400, 402-403 (1985);
Gately v. Massachusetts, 2 F.3d 1221, 1225-26 (1st Cir. 1993).

**Bona Fide Occupational Qualification**

It is the employer's burden to show by a preponderance of the evidence that it's requirement, here English proficiency, is a BFOQ of racking at plating at Berkshire.  In order to qualify as a BFOQ, a job qualification must relate to the 'essence' or to the 'central mission' of the employer's business.  In claiming a BFOQ, the defendant admits that there is a discriminatory act or policy and the defendant must show that this admitted discrimination is permissible and must provide evidence that the discrimination is "reasonably necessary" to the "normal operation" of the "particular" business.  To prevail on its defense of BFOQ the defendant must show that that aspect of a job that requires discrimination is within the essence of its business. Stated differently, for you to find that the defendant's overt discrimination is valid you must find that the essence of its business operation would be undermined if the business eliminated its discriminatory practice or policy of requiring English proficiency for its rackers and platers.

Int'l Union, United Auto., Aerospace and Agric. Implement Workers v. Johnson Controls, Inc., 499 U.S. 187, 200-201, 206 (1991);
Dothard v. Rawlinson, 433 U.S. 321, 332 (1977).

### **National Origin Discrimination – Circumstantial Evidence**

Mr. Claudio is not required to produce direct evidence of unlawful motive to prove his claim of discrimination.  Mr. Claudio may also prove his claim by what is called circumstantial evidence. Circumstantial evidence of discriminatory intent is evidence that indirectly shows what a person was thinking at the time of the event in question, here either when Mr. Claudio was laid off or not rehired. You may infer a person's intent from all of the surrounding circumstances.  You may consider all of the facts and circumstances that indicate the state of mind of the defendant and you may consider it reasonable to find that a person intends the natural and probable consequences of acts knowingly done.

There are a number of ways in which you can find that the plaintiff has proved his claim of discrimination through circumstantial evidence.  Once an employee charges his employer with discrimination, the employer must come forward with a non-discriminatory reason or reasons for its actions, here selection of Mr. Claudio for lay off and for its not selecting Mr. Claudio for open positions for which he was qualified after his dismissal from his position.  If Mr. Claudio shows that it is more likely than not that reason or reasons given for either decision are untrue, in other words, the defendant gave explanations that you find were really pretextual or false or, though true, not the real reason for the action taken then you must find that plaintiff has proven his claim of intentional employment discrimination by circumstantial evidence.

Thomas v. Eastman Kodak Co., 183 F.3d 38, 58 (1st Cir. 1999);
Dominguez—Cruz v. Suttle Caribe, Inc., 202 F.3d 424, 432 (1st Cir. 2000);
Santiago-Ramos v. Centennial P,R, Wireless Corp., 217 F. 3d 46, 54 (1st Cir. 2000);
Lipchitz v. Raytheon Co., 434 Mass. 493 (2001).

## **National Origin Discrimination – Pretext**

If you find that the defendant has given different and arguably inconsistent explanations for either of the adverse actions taken against Mr. Claudio then you may infer from this that his employer has not been truthful about why it took those actions against him. In assessing the defendant's reasons for laying Mr. Claudio off or for not rehiring him, you may take into account weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the defendant's claimed reasons for its actions.

You may also consider proof that similarly situated employees who were not of limited English proficiency were treated more favorably as evidence of unlawful discrimination.

Thomas v. Eastman Kodak Co., 183 F.3d 38, 58 (1st Cir. 1999);
Dominguez—Cruz v. Suttle Caribe, Inc., 202 F.3d 424, 432 (1st Cir. 2000);
Santiago-Ramos v. Centennial P,R, Wireless Corp., 217 F. 3d 46, 54 (1st Cir. 2000);
Lipchitz v. Raytheon Co., 434 Mass. 493 (2001).

## **National Origin Discrimination – Causation**

Mr. Claudio need not show that national origin discrimination was the only or even the predominant factor that motivated defendant in either his lay off or in failing to rehire him. In fact, you may decide that other factors were involved as well in the defendant's decision making process. To find for Mr. Claudio you must find that he has proven that, although there were other factors, he would not have been terminated or not re-hired without the national origin discrimination.

Straughn v. Delta Air Lines, Inc., 250 F.3d 23, 35 (1st Cir. 2001) (Title VII and section
Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 54 (1st Cir. 2000).

**<u>Damages - Generally</u>**

If you determine that the defendant unlawfully discriminated against Mr. Claudio, you must decide the amount of damages that will fully compensate him. The purpose of an award of compensatory damages is to make the plaintiff whole for all the losses that he has suffered because of a defendant's unlawful discrimination. Mr. Claudio may also be entitled to punitive damages that are aimed at punishing and deterring illegal acts of the defendant. Mr. Claudio bears the burden of proof on damages but he need not prove his damages with mathematical accuracy. An element of uncertainty in the assessment of damages does not prohibit you from awarding them. You may award Mr. Claudio damages in the following general areas:

- back pay;
- front pay;
- emotional distress; and
- punitive damages.

42 U.S.C. § 2000e, § 1981a

M.G.L. Chapter 151b § 9

<u>Conway v. Electro-Switch Corp.</u>, 402 Mass. 385, 388 (1988)

**<u>Damages -- Back Pay</u>**

Mr. Claudio is entitled to back pay, which is the amount of salary and benefits he would have earned from the date of his termination through the present date. In computing this amount, you may deduct from the award amounts earned by Mr. Claudio in other jobs during this period.

<u>Conway v. Electro-Switch Corp.</u>, 402 Mass. 385 (1988)

**<u>Damages - Front Pay</u>**

You may also award Mr. Claudio what is called "front pay," which is the amount of salary and benefits, calculated with reasonable certainty that he would have earned at the defendant from the present date into the future for as long as you believe Mr. Claudio would have remained at the defendant.

You should apply the same principles I have given you regarding Mr. Claudio's back pay to the issue of front pay, and reduce any front- pay award by the amount you determine Mr. Claudio will earn in the future during the period of the front pay.

<u>Beaupre v. Cliff Smith & Assocs.</u>, 50 Mass. App. Ct. 489 (2000)
<u>Conway v. Electro-Switch Corp.</u>, 402 Mass. 385, 390 (1988)

**<u>Damages - Emotional Distress</u>**

You may also award Mr. Claudio whatever amount you feel is necessary to compensate him for emotional distress caused by the discrimination by the defendant. Emotional distress includes mental pain, discomfort, indignity, depression, fear, anxiety or "the deep hurt usually felt by the victim of discrimination." There is no standard I can give you for fixing any compensation to be awarded for these injuries. Even though it is obviously difficult to establish a standard of measurement for these damages, that difficulty is not grounds for denying a recovery on this element of damages. Mr. Claudio need not have physical symptoms or receive psychiatric counseling in order to recover for emotional distress. You must, therefore, make the best and most reasonable estimate you can of the amount of emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other noneconomic losses you find that Mr. Claudio has undergone and can probably be expected to suffer in the future as a result of the defendant's conduct. Mathematical precision is not required in determining the appropriate amount or damages for emotional distress.

<u>Pollard v. E.I. du Pont de Nemours & Co</u>., 532 U.S. 843, 852 (2001)

**Damages - Punitive Damages**

If you find that the defendant has intentionally discriminated against Mr. Claudio, you may award him punitive damages. Punitive damages are different from the other categories of damages. Unlike the other categories of damages, which compensate the victim for the harm he has suffered, the purpose of punitive damages is to punish the Defendant for conduct that it either knew violated federal or state anti-discrimination law or because it acted with reckless or callous indifference to the risk of violating the law. You may award punitive damages in those situations where the employer's conduct warrants punishment and deterrence. In determining the appropriate amount of a punitive damages award, you should consider

1. the degree of recklessness or callous indifference of the defendant's conduct;

2. that the punitive damages award must be enough to hurt the wrongdoer and to deter future acts of discrimination by the wrongdoer and others;

3. the actual harm suffered by Mr. Claudio;

4. the amount of other damages awarded; and

5. the magnitude of any potential harm to other victims if similar behavior is not deterred.

Romano v. U-Haul Int'l, 233 F.3d 655, 669 (1st Cir. 2000) (Title VII);

Marcano-Rivera v. Pueblo Int'l, Inc., 232 F.3d 245, 253-54 (1st Cir. 2000)

BMW of North America. Inc. v. Gore, 116 S.Ct. 1589, 1595 (1996)

State Farm Mutual Auto Ins. Co. v. Campbell, 538 U.S. 408, 425 (2003)

Date Served: March 23, 2006  
Date Filed:  April 11, 2206

Respectfully submitted,

PLAINTIFF CARLOS CLAUDIO COTTO  
By his attorney,


   /s/ Suzanne Garrow  
Suzanne Garrow BBO# 636548  
sgarrow@comcast.net  
Heisler, Feldman, McCormick  
    & Garrow, P.C.  
1145 Main Street, Suite 508  
Springfield, MA  01103  
Ph. (413) 788-7988  
Fax (413) 788-7996


CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF).

     /s/ Suzanne Garrow  
Suzanne Garrow