UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
:
CARLOS CLAUDIO COTTO,          :
:
         Plaintiff,   :   DOCKET NO. 3:04-cv-30216-KPN
:
v.                             :
:
BERKSHIRE MANUFACTURING        :
CORPORATION,                   :
         Defendant.   :
_____:

## PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE IMPERMISSIBLE OPINION TESTIMONY

The Plaintiff respectfully moves this Court to preclude the entry into evidence impermissible opinion testimony of Donald Schultz, Roberta Desjardins, Juan Robles and anyone else it intends to question regarding Mr. Claudio's ability to understand English.

It would be pure conjecture by those witnesses who are not qualified as experts in linguistics to speculate as to whether Mr. Claudio had a certain level of English proficiency or has a certain ability to understand English. It is beyond dispute that a lay person cannot opine and may only testify based on personal knowledge. Fed. R. Evid. 701. The type of testimony suggested by the defendant is impermissible under the rules and should not be allowed.

Moreover, such testimony is not at all probative here. It is the defendant who asserts as an affirmative defense that some amorphous level of English proficiency is required as a *bona fide* occupational qualification to rack and plate parts at Berkshire. Whether Mr. Claudio meets that level of proficiency is not relevant to the proof of the

existence of a *bona fide* occupational qualification. Moreover, if the plaintiff can show that the positions at Berkshire have remained unchanged; such testimony will not be probative of any issue in the circumstantial case and will not assist the jury.

Finally, Federal Rule of Evidence 403 provides that "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Even if the Court were to find that the opinion testimony of Donald Schultz, Roberta Desjardins, Juan Robles and others were somehow admissible the Court should find that any probative value is outweighed by prejudice that will inure by presenting this lay opinion testimony and exclude such evidence from the hearing of the jury.

Dated:  April 11, 2006              Respectfully submitted,

                                    PLAINTIFF CARLOS CLAUDIO COTTO
                                    By his attorney,


                                       /s/ Suzanne Garrow
                                    Suzanne Garrow BBO# 636548
                                    sgarrow@comcast.net
                                    Heisler, Feldman, McCormick
                                         & Garrow, P.C.
                                    1145 Main Street, Suite 508
                                    Springfield, MA  01103
                                    Ph. (413) 788-7988
                                    Fax (413) 788-7996

CERTIFICATE OF SERVICE

    I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF).

                                                  /s/ Suzanne Garrow  
                                                  Suzanne Garrow

Case 3:04-cv-30216-KPN     Document 54     Filed 04/11/2006     Page 3 of 3