UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
:
CARLOS CLAUDIO COTTO,          :
:
              Plaintiff,     :   DOCKET NO.  3:04-cv-30216-KPN
:
v.                             :
:
BERKSHIRE MANUFACTURING        :
CORPORATION,                   :
              Defendant.     :
_____:

**PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE
ANY EVIDENCE RELATING TO
UNEMPLOYMENT COMPENSATION PAID TO THE PLAINTIFF**

The Plaintiff respectfully moves this Court to preclude the entry into evidence any evidence on unemployment compensation paid to the plaintiff.

Under Massachusetts law, the collateral source rule bars a Court from applying an offset for unemployment benefits to a plaintiff in tort's damage award  "A defendant may not show that the plaintiff has received other compensation for his injury, whether from an accident insurance policy . . . from workmen's compensation,. . . from an employer, . . . or from other sources . . .." Goldstein v. Gontarz, 364 Mass. 800, 808-809 (1974).  A substantial basis for the allegations of wrongful termination made by Ms. Johnson and Ms. Milillo sound in tort.  Each has alleged the tort of wrongful termination in violation of public policy. Under the Massachusetts common law rule, the receipt of collateral income does not lawfully reduce the plaintiffs' damages, and such evidence is thus inadmissible.  Id. at 809.

In addition, the vast majority of federal appellate courts which have addressed the issue have concluded that in employment-related cases income derived from

collateral sources such as unemployment compensation should not be offset against awards for lost past or future wages. See e.g., NLRB v. Gullett Gin Co., 340 U.S. 361, 71 S.Ct. 337 (1951)(unemployment compensation not deductible from back pay award under remedial statute, NLRA); Thurman v. Yellow Freight Sys. Inc., 90 F.3d 1160 (6th Cir 1996)(holding that unemployment compensation and workers' compensation were not offsets against back pay award in employment case); Gaworski v. ITT Commercial Finance Corp., 17 F.3d 1104, 1112-14 (8th Cir. 1994), cert. denied, 513 U.S. 946, 115 S.Ct. 355 (1994) (unemployment benefits are not offset against back pay award in wrongful termination ADEA case); Hunter v. Allis-Chalmers Corp., 797 F.2d 1417, 1429 (7th Cir. 1986)(applies the collateral source rule and notes a growing reluctance by judges to deduct unemployment benefits from back pay awards); Guthrie v. J.C. Penney Co., Inc., 803 F.2d 202, 209 (5th Cir. 1986)(finding in an employment case, collateral sources including unemployment compensation should not reduce back pay awards); Craig v. Y & Y Snacks, Inc., 721 F.3d 77, 81-85 (3rd Cir. 1983)(finding in employment discrimination case that unemployment compensation not deductible from back pay award); Lussier v. Runyon, 50 F.3d 1103, 1107-10 (1st Cir. 1995). Brown v. A.J. Gerrard Mfg. Co., 695 F.2d 1290, 1293 (11th Cir.1983)(holding that unemployment compensation benefits should not be deducted from Title VII back pay awards); Kauffman v. Sidereal Corp., 695 F.2d 343, 346-47 (9th Cir.1982)(plaintiff's award in employment discrimination case should not be offset by the amount of unemployment compensation).

Under the collateral source rule, an employer is entitled to no credit for moneys paid to the injured employee by third parties. Gaworski, 17 F.3d. at 1112-14. To allow such a credit would provide a windfall to the employer, the party who engaged in wrongful termination. Brown, 695 F.2d at 1293. To allow the employer to benefit by deducting from damages owed amounts paid to an employee by a

collateral source amounts to a bonus to the wrongdoer. A result, no doubt, that the collateral source rule seeks to avoid.

The First Circuit recognizes that unemployment compensation is a collateral benefit. <u>Quint v. A. E. Staley Mfg. Co.</u>, 172 F.3d 1 (1st Cir. 1999). <u>See also</u> <u>Daniel v. Loveridge</u>, 32 F.3d 1472, 1479 n.4(10th Cir. 1994); <u>Promisel v. First American Artificial Flowers, Inc.</u>, 943 F.2d 251, 258 (2d Cir. 1991). The First Circuit has found that it is well within the district court's discretion to not reduce a back pay award by the amount of unemployment compensation collected by a plaintiff. <u>See</u> <u>id.</u>

The Court should not allow a wrongdoer bonus to inure to the defendant and should follow the rationale of the majority of the federal appellate circuits and the Massachusetts Supreme Judicial Court and exercise its sound discretion to preclude evidence of unemployment compensation to go before the jury. It will only serve to confuse them and make them believe that it must reduce any award granted when that conclusion is prejudicial to the plaintiff and against the vast weight of authority including Massachusetts Supreme Judicial Court, especially in light of the state law claims that will be presented to the jury.

Dated: April 11, 2006                    Respectfully submitted,

                                         PLAINTIFF CARLOS CLAUDIO COTTO
                                         By his attorney,


                                           /s/ Suzanne Garrow
                                         Suzanne Garrow BBO# 636548
                                         sgarrow@comcast.net
                                         Heisler, Feldman, McCormick
                                              & Garrow, P.C.
                                         1145 Main Street, Suite 508
                                         Springfield, MA  01103
                                         Ph. (413) 788-7988
                                         Fax (413) 788-7996

CERTIFICATE OF SERVICE

      I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF).

                                      /s/ Suzanne Garrow
                                      Suzanne Garrow