UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____ :
                                                            :
CARLOS CLAUDIO COTTO,                      :
                                                            :
        Plaintiff,                    :       DOCKET NO.  3:04-cv-30216-KPN
                                                            :
v.                                                       :
                                                            :
BERKSHIRE MANUFACTURING         :
CORPORATION,                                  :
        Defendant.                :
_____:

**PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE
WITNESSES NOT IDENTIFIED BY THE DEFENDANT IN DISCOVERY
AND DOCUMENTS AND TANGIBLE THINGS NOT PRODUCED
BY THE DEFENDANT IN DISCOVERY**

The Plaintiff respectfully moves this Court to preclude the entry into evidence of testimony by witnesses not identified at any time by the defendant and to preclude the entry into evidence of documents and tangible things not produced or identified in discovery.

The defendant seeks to introduce testimony of Katherine Corbin, Elizabeth Gillette and Victor Rosado.  It also seeks to admit photographs of the Berkshire plating facilities, the plating racks and the parts which are plated at Berkshire and the racks and parts themselves which are used for plating parts at Berkshire.  None of the names of the above witnesses nor the documents nor tangible things have been previously identified and should not be admitted at trial.  "Modern instruments of discovery serve a useful purpose.... They together with pretrial procedures make a trial less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." United States v. Procter & Gamble Co., 356 U.S. 677, 682 (1958).  See Klonoski v. Mahlab, 156 F.3d 255 (1st Cir. 1998).

Federal Rule of Civil Procedure 26 (a) provides for required disclosures under the Federal Rules of Procedure and requires parties to provide:

(A) the name and, if known, the address and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information;

(B) a copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment; . . .

Federal Rule of Civil Procedure 26 (a)(1)(A) and (B).

Federal Rule of Civil Procedure 26(b)(1) defines the scope and limits of discovery which includes that:

> parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

Federal Rule of Civil Procedure 26(b)(1). During the course of the litigation the parties have provided automatic disclosures as required by the rules. (Defendant's Automatic Disclosures, filed under separate cover as Exhibit 1.) Katherine Corbin, Elizabeth Gillette and Victor Rosado were never identified in those required disclosures.

A party may also discover such information through Interrogatories, Federal Rule of Civil Procedure 33, and through Requests for Production of Documents and Things. Federal Rule of Civil Procedure 34. The plaintiff propounded and defendant responded to Interrogatories (Defendant's Responses to Plaintiff's Interrogatories, filed under separate cover as Exhibit 2), and Requests for Production of Documents.

(Plaintiff's Request for Production of Documents, filed under separate cover as Exhibit 3; Affidavit of Suzanne Garrow filed under separate cover attached to Exhibits 1-3).  In the plaintiff's requests he asked for the defendant to:

      11.    Please identify each person known to you who has any knowledge relating to the factual allegations made in the Complaint or in any pleading asserting a claim or defense in this action.  Include in your answer names, addresses, telephone numbers, and job titles and a brief description of the individual's knowledge with regard to the said allegations.

      12.    Please identify the name, address and phone number of each person whom you expect to call as a witness at trial, and set forth the subject matter on which each witness is expected to testify and the substance of the facts and opinions to which each witness is expected to testify.

In each response defendant referred to the answer to Interrogatory 2 which included Mr. Claudio, Mr. Schulz, Gloria Schulz and Roberta Desjardins.  (See Defendant's Responses to Plaintiff's Interrogatories, filed under separate cover as Exhibit 2).  At no time did the defendant seasonably supplement as is required under Federal Rule of Civil Procedure 26(e). Katherine Corbin, Elizabeth Gillette and Victor Rosado were never identified until the defendant provided its portion of the pretrial memorandum. The plaintiff has not had an opportunity to depose these witnesses nor propound any written discovery regarding their testimony and their testimony should not be allowed.

      With regard to the admission of the photographs of Berkshire, the plaintiff requested in his request for production of documents, "[a]ll documents which describe or refer to in any way the allegations set forth or described in the plaintiff's Complaint."  No photographs were produced in response.  Moreover, no photographs were described as a "category … of …documents… and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses" as required by the rule governing automatic disclosure. Federal Rule of Civil Procedure 26 (a)(1)(B).   Nor were plating racks and the parts which are plated at Berkshire and racks which are used for plating parts at

Berkshire and parts which are plated at Berkshire which the defendant seeks to introduce ever identified in its automatic disclosures or through seasonable supplementation required by the rules. The plaintiff has not had an opportunity to examine the parts the defendant seeks to introduce into evidence and has not had the opportunity to depose various individuals regarding the parts and whether they are in anyway probative in this matter

Accordingly, great prejudice will inure to the plaintiff if the previously unidentified witnesses, documents and things and such evidence should be excluded at trial.

Respectfully submitted,

THE PLAINTIFF
By his Attorney,

Dated: April 11, 2006

    /s/ Suzanne Garrow
Suzanne Garrow
BBO # 563925
Heisler, Feldman, McCormick
   & Garrow, P.C.
1145 Main Street, Suite 215
Springfield, MA 01103
(413) 788-7988

CERTIFICATE OF SERVICE

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF) and the Exhibits hand delivered on this date to the attorney of record.

    /s/ Suzanne Garrow
Suzanne Garrow