UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-30216-KPN

| | |
|---|---|
| CARLOS CLAUDIO COTTO,<br><br>      Plaintiff,<br><br>v.<br><br>BERKSHIRE MANUFACTURING CORPORATION,<br><br>      Defendant. | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |

ANSWERS AND OBJECTIONS
OF DEFENDANT
TO
PLAINTIFF'S INTERROGATORIES

Defendant Berkshire Manufacturing Corporation ("Berkshire") answers and objects to the (April 10, 2005) interrogatories of plaintiff Carlos Claudio Cotto ("Cotto") as follows:

GENERAL OBJECTIONS: With respect to each interrogatory, and without waiving any other objection, Berkshire generally objects to: (1) the interrogatories on the grounds that, in contravention of Rule 33(a) of the Federal Rules of Civil Procedure, more than thirty (30) interrogatories are contained in the same, (2) providing any information regarding the "identity" of any individual other than such person's name, home or business address and telephone number on the grounds that such information is irrelevant, and (3) the production of any information which: (a) is within the scope of the attorney-client privilege, (b) constitutes or indicates the mental impressions, conclusions, opinions or legal theories of counsel for Berkshire, (c) was prepared in connection with or anticipation of litigation or for trial, (d) constitutes work product, and/or (e) was not in the possession of Berkshire until, and only as a result of, any documents or information produced by Cotto during the course of discovery in this action.

INTERROGATORY NO. 1:

  Please "identify" the person answering these interrogatories.

ANSWER: Donald J. Schulz; Berkshire (175 Progress Avenue,

1

Springfield, MA); 413-736-5490 ("Schulz").

INTERROGATORY NO. 2:

> Please "identify" each person you believe has knowledge or information concerning any of the incidents described in the complaint filed in this case. With respect to each person, describe his or her knowledge and/or the information he or she possesses.

ANSWER:

(1) Schulz (president of Berkshire): knowledge/information regarding the nature of the business of Berkshire, the employment history of Cotto and other employees at Berkshire, the circumstances under which Cotto was laid off from work in November 2003 and the reasons Cotto was not recalled after November 2003.

(2) Roberta A. Desjardins ("Desjardins") (manager at Berkshire); Berkshire (175 Progress Avenue, Springfield, MA); 413-736-5490: knowledge/information regarding the nature of the business of Berkshire, the employment history of Cotto and other employees at Berkshire, the circumstances under which Cotto was laid off from work in November 2003 and the reasons Cotto was not recalled after November 2003.

(3) Gloria M. Schulz (bookkeeper at Berkshire); Berkshire (175 Progress Avenue, Springfield, MA); 413-736-5490: knowledge/information regarding the nature of the business of Berkshire and the employment history of Cotto and other employees at Berkshire.

(4) Cotto (address unknown) (telephone number unknown): knowledge/information regarding the employment history of Cotto and the circumstances under which Cotto was laid off from work in November 2003.

INTERROGATORY NO. 3:

> Please describe in detail all oral communications between the defendant ("defendant" or "you" hereinafter refers to all employees and agents of the defendant) and the plaintiff concerning the his employment, termination there from the date that the plaintiff's November, 2003 layoff was first considered by the defendant until the present, including the date the communication, the participants in and witnesses to the communication and the substance of the communications.

ANSWER: Berkshire objects to the form of the interrogatory on the grounds that Cotto was not terminated from his employment with Berkshire. Berkshire also objects to the interrogatory to the extent it requests information about oral communications which do not relate to Berkshire laying Cotto off and not rehiring him on the grounds that any other requested information is irrelevant. Subject to and without waiving such objections, on or about November 17, 2003, Desjardins advised Schulz that, because there had been a substantial reduction in work (and resulting increase in losses) at Berkshire and the fact that Berkshire did not require as many employees because its production line had become more efficient, it would be necessary to lay Cotto off, and on November 17, 2003 Desjardins indicated to Cotto that Berkshire did not have any work for Cotto, that he was therefore being laid off and that he should periodically call Berkshire to find out if Berkshire had any work for him. During the next few months Schulz and Desjardins discussed the possibility of recalling Cotto, but ultimately concluded that it would not be possible to recall Cotto because the work at Berkshire had (among other things) become much more technical and complicated and, therefore, could not be performed by Cotto because of his limited skills and his limited ability to understand English.

INTERROGATORY NO. 4:

> Please "identify" each and every full-time and part-time employee of, and their position with the defendant from January 2000 until the present, for all those employee who are no longer an employee of the defendant at present, please include in your answer the date the employee was no longer employed, and the reason for the separation from employment with the defendant of the employee (whether by voluntary quit, termination or other reason).

ANSWER: Berkshire objects to the interrogatory on the grounds that the requested information is irrelevant. Subject to and without waiving such objection, see annexed Exhibit A with respect to full-time employees at Berkshire as of November 17, 2003 and annexed Exhibit B with respect to full-time employees who were hired by Berkshire after November 17, 2003.

INTERROGATORY NO. 5:

> Please "identify" each and every person who submitted any form of application to the defendant for any position advertised or created from January 2003 until the present.

3

ANSWER: Berkshire objects to the interrogatory on the grounds that the requested information relating to the period prior to November 17, 2003 when Cotto was laid off by Berkshire is irrelevant. Subject to and without waiving such objection, Berkshire does not know and maintains no records indicating the requested information with respect to individuals who were not hired. With respect to full-time employees who were hired by Berkshire after November 17, 2003, see annexed Exhibit B.

INTERROGATORY NO. 6:

> Please "identify" each and every person who was hired by the defendant for any position advertised or created from January 2003 until the present, include in your answer the position for which the person was hired.

ANSWER: Berkshire objects to the interrogatory on the grounds that the requested information relating to the period prior to November 17, 2003 when Cotto was laid off by Berkshire is irrelevant. Subject to and without waiving such objection, see annexed Exhibit B.

INTERROGATORY NO. 7:

> Please "identify" each and every position that was contemplated to be created, or which was advertised or to which someone was hired from January 2003 until the present.

ANSWER: Berkshire objects to the interrogatory on the grounds that the meaning of "contemplated to be created" is unclear and that the requested information relating to the period prior to November 17, 2003 when Cotto was laid off by Berkshire is irrelevant. Subject to and without waiving such objections, with respect to positions:

(a) Which were advertised, in accordance with Fed.R.Civ.P. 33(c), see the documents relating to advertisements which were placed in the newspaper for positions at Berkshire after November 17, 2003.

(b) For which someone was hired by Berkshire after November 17, 2003, see annexed Exhibit B.

INTERROGATORY NO. 8:

> For each such position identified in 7 please list each duty for each and every job, in-

4

cluding the percentage of the position attributed to each duty on a daily and weekly basis.

ANSWER: Berkshire objects to the interrogatory on the grounds that the requested information relating to the period prior to November 17, 2003 when Cotto was laid off by Berkshire is irrelevant. Subject to and without waiving such objection, see annexed Exhibit B. It is not possible to determine the percentages of time spent by each employee on any particular duty on a daily or weekly basis.

INTERROGATORY NO. 9:

>Please describe in detail the ethnic and racial characteristics of each person employed by the defendant from January 2000 to the present, and include in your answer:
>
>(a) the name of the person hired;
>(b) the position for which the person was hired;
>(c) who was the actual defendant's employee who decided to hire the person;
>(d) how you determined the person's race or ethnic origin; and
>(e) the date of hire.

ANSWER: Berkshire objects to the form of the interrogatory on the grounds that the terms "ethnic characteristics" and "racial characteristics" are unclear. Berkshire also objects to the interrogatory on the grounds that the requested information is irrelevant. Subject to and without waiving such objections:

(a) See annexed Exhibits A and B.

(b) See annexed Exhibits A and B.

(c) Schulz and/or Desjardins.

(d) Berkshire did not determine the race or ethnic origin of any employee.

(e) See annexed Exhibits A and B.

INTERROGATORY NO. 10:

>Please state the pay and benefits which were provided to employees for full time positions and also provide your pay and benefit scales for both full time workers who started in or

5

after January 2000 and who continue working through the present, including in your answer pay per hour, for each full time worker, benefits, bonuses and pay/benefit increase for each full time worker.

ANSWER: Berkshire objects to the interrogatory on the grounds that pay and benefit information for any employee other than Cotto is irrelevant. Subject to and without waiving such objection, the pay and benefits received by Cotto as of November 2003 were wages of $10.50 per hour for an 8 hour day (including 1/2 hour paid lunch) or $420 for a 40 hour week, a potential $40 bonus per week for perfect attendance, a potential $840 bonus per year (2 weeks pay) for perfect attendance, a potential Christmas holiday bonus depending upon the profitability of Berkshire (usually no more than $300) and payment of 1/2 of the cost of health insurance (estimated to be approximately $3,500-5,000/year).

INTERROGATORY NO. 11:

Please identify each person known to you who has any knowledge relating to the factual allegations made in the Complaint or in any pleading asserting a claim or defense in this action. Include in your answer names, addresses, telephone numbers, and job titles and a brief description of the individual's knowledge with regard to the said allegations.

ANSWER: See answer to Interrogatory No. 2 (above).

INTERROGATORY NO. 12:

Please identify the name, address and phone number of each person whom you expect to call as a witness at trial, and set forth the subject matter on which each witness is expected to testify and the substance of the facts and opinions to which each witness is expected to testify.

ANSWER: Berkshire has not yet determined who it will call as witnesses at trial, although it is anticipated that the persons identified in answer to Interrogatory No. 2 (above) may be called at trial.

INTERROGATORY NO. 13:

6

>Please identify in full and complete detail all written or oral statements made by the Plaintiff or any other employee regarding any aspect of the Complaint filed in this matter, or any defenses or counterclaims asserted by the Defendant, and upon which the Defendant intends to rely in order to prove any aspect of its Answer or Defenses or contest any aspect of the Plaintiff's claims. Include in your answer, but do not limit it to, the substance of each such statement, when and where it was made, the form (i.e., oral or written), and the name and address of all witnesses thereto.

ANSWER: Katherine A. Corbin (1067 Pleasant Street, Palmer, MA) and Carol A. Franck (17 Michigan Street, Indian Orchard, MA) have each stated that they did not say that they would quit their employment with Berkshire if they were laid off.

INTERROGATORY NO. 14:

>Identify each expert whom you intend to call as an expert witness and for each such expert witness, please set forth the following information:
>
>(a) name, occupation, address, phone number and relationship to you, if any, of each such witness;
>(b) the subject matter of the expected testimony;
>(c) the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion;
>(d) whether the witness has prepared a report of any kind.

ANSWER: Berkshire has not yet determined who it intends to call as an expert witness at trial.

INTERROGATORY NO. 15:

>Please set forth every factor, criterion, inference or assumption taken into consideration by the Defendant in reaching any decisions relative to the plaintiff's employment, termination there from in or around November 2003.

7

ANSWER:    Berkshire objects to the form of the interrogatory on the grounds that Cotto was not terminated from his employment with Berkshire.  Berkshire also objects to the interrogatory on the grounds that information regarding decisions made with respect to Cotto other than the decisions to lay him off on November 2003 and to not recall him after that date is irrelevant.  Subject to and without waiving such objections, see answer to Interrogatory No. 3 (above).


INTERROGATORY NO. 16:

>   Please give the name, address, phone number, title, and relationship to the Defendant of each person who participated in any discussions or decision-making processes relative to any decisions relating to the plaintiff's employment since January 2003, and please describes the precise role of each such person in any such discussions or decision-making processes.

ANSWER:    Berkshire objects to the interrogatory on the grounds that information regarding decisions made with respect to Cotto other than the decisions to lay him off in November 2003 and to not recall him after that date is irrelevant.  Subject to and without waiving such objection, Schulz and Desjardins participated in the decisions to lay Cotto off on November 17, 2003 and to not recall him after that date.  See answer to Interrogatory No. 3 (above).


INTERROGATORY NO. 17:

>   Does the Defendant allege that there were any issues relating to the Plaintiff's performance of his job which had any bearing on decisions made by the Defendant relative to his employment, termination from employment, and, if so, please set forth a complete description of each issue with the Plaintiff's job performance; a description of each and every fact related to each such issue with the Plaintiff's job performance; and the name, address, phone number, title, and relationship to the Defendant of each person who has personal knowledge of any such facts.

ANSWER:    Berkshire objects to the form of the interrogatory on the grounds that Cotto was not terminated from his employment with Berkshire.  Berkshire also objects to the interrogatory on the grounds that information regarding decisions made with re-

spect to Cotto other than the decisions to lay him off on November 2003 and to not recall him after that date is irrelevant. Subject to and without waiving such objections, yes. <u>See</u> answer to Interrogatory No. 3 (above). Schulz and Desjardins have knowledge regarding such decisions.

INTERROGATORY NO. 18:

> Does the Defendant allege that there were any reason <u>unrelated</u> to the Plaintiff's job performance which had any bearing on decisions made by the Defendant relative to his employment or termination from employment or failure to hire her to employment, and, if so, please set forth a complete description of each such issue with the Plaintiff's job performance; a description of each and every fact related to each such issue with the Plaintiff's job performance; and the name, address, phone number, title, and relationship to the Defendants of each person who has personal knowledge of any such facts.

ANSWER: Berkshire objects to the form of the interrogatory on the grounds that Cotto was not terminated from his employment with Berkshire. Berkshire also objects to the interrogatory on the grounds that information regarding decisions made with respect to Cotto other than the decisions to lay him off in November 2003 and to not recall him after that date is irrelevant. Subject to and without waiving such objections, there were no reasons unrelated to Cotto's job performance which had any bearing on the decision to lay Cotto off in November 2003 and to not recall him after that date other than as set forth in the answer to Interrogatory No. 3 (above). Schulz and Desjardins have knowledge regarding such facts.

INTERROGATORY NO. 19:

> If you intend to rely on any statements or admissions made by the Plaintiff to contest the allegations set forth in his Complaint or to support the Defendant's defenses, for each such statement or admission state:
>
> (a) the date(s) when each such statement or admission was made;
> (b) the full text or substance of each such statement or admission.

ANSWER: Berkshire objects to the interrogatory on the grounds that the requested information constitutes a legal conclusion,

9

work product and/or the mental impressions and theories of counsel for Berkshire.

INTERROGATORY NO. 20:

> Please provide a detailed description of the assets, liabilities and net worth of the Defendants, including an itemized list of each component thereof for each year from 2002 until the present.

ANSWER: Berkshire objects to the interrogatory on the grounds that the requested information is irrelevant, confidential and proprietary. Subject to and without waiving such objection, in accordance with Fed.R.Civ.P. 33(c), see the federal tax returns (which contain a balance sheet and income statement) and the monthly worksheets of Berkshire for the years 2002 to date which Berkshire will produce in response to the (April 9, 2005) document request of Cotto.

INTERROGATORY NO. 21:

> Please provide a detailed description of any and all employee benefits to which Mr. Cotto was entitled as an employee of the Defendant, including but not limited to health insurance, dental insurance, pension or retirement benefits, bonuses, short term and/or long-term disability benefits, paid vacation, sick leave, and/or stock option or purchase plan, and provide a specific breakdown of costs to the employer of providing each such benefit to Mr. Cotto or other similarly situated employees.

ANSWER: See answer to Interrogatory No. 10 (above).

INTERROGATORY NO. 22:

> If at any time and at any place, any employee of the defendant has ever made a written or verbal complaint to any employee of any of the defendants, or filed suit in any Court, or made a written or verbal complaint to any administrative agency for discrimination within the previous ten (10) years, please state:
>
> (a) the identity of each person, who made a

            complaint or filed a charge or instituted a suit;
(b) the identify of each person, business, or other entity against whom the complaint was made or filed or the charge was filed or the suit instituted;
(c) the date when such complaint was made or filed or, charge filed or suit instituted;
(d) the identify of each such department or agency or court in which each such complaint was made or filed or suit instituted;
(e) a description of the nature and subject matter, and a summary of allegations, of each such complaint or suit;
(f) the case name and number for each such complaint or suit;
(g) the present status of each such complaint or suit; and
(h) the disposition of each such complaint or suit.

ANSWER: Berkshire objects to the interrogatory on the grounds that the requested information is irrelevant. Subject to and without waiving such objection, to the knowledge of Berkshire no employee of Berkshire other than Cotto has made a written or verbal complaint for or of discrimination against Berkshire.


INTERROGATORY NO. 23:

        Please set forth with particularity any facts and name any witnesses, including address, position with or relation to the defendants and telephone number, which the defendants claim support any of their affirmative defenses.

ANSWER: See answers to Interrogatory Nos. 2, 3 and 13 (above). In addition:

    (a) In order for an employee to perform the work which Berkshire had available in November 2003 when Cotto was laid off, it was necessary for the normal, safe and efficient operation of the business of Berkshire that the employee have better skills than Cotto had and that the employee be able to understand English better than Cotto could.

    (b) In order for an employee to perform the work which Berkshire has had available since November 2003 when Cotto was laid off, it was and is necessary for the normal, safe and efficient operation of the business of Berkshire that the employee have better skills than Cotto has and that the employee be able to understand English better than Cotto can.

11

INTERROGATORY NO. 24:

Please describe in complete detail any conversation or correspondence between any employees or agent of the defendant relating to the plaintiff including:

(a) the date of the correspondence or communication;
(b) the identity employee or agent of the defendant other than the plaintiff involved in the correspondence or communication;
(c) the substance of the correspondence or communication;
(d) why the correspondence or communication took place.

ANSWER: Berkshire objects to the interrogatory on the grounds that it is not sufficiently particular to permit a reasonable response, that it would require the production of information which is irrelevant and that information with respect to conversations or communications between employees or agents of Berkshire regarding decisions made with respect to Cotto other than the decisions to lay him off in November 2003 and to not recall him after that date is irrelevant. Subject to and without waiving such objections, in accordance with Fed.R.Civ.P. 33(c), see the correspondence between Berkshire and Cotto which Berkshire is producing in response to the (April 9, 2005) document request of Cotto. See also answers to Interrogatory Nos. 3 and 13 (above).

Dated:   Springfield, Massachusetts
         May 11, 2005

LAW OFFICES OF ROBERT ARONSON

By _____
   Robert Aronson, Esq.

Attorney for Defendant
101 State Street
Springfield, Massachusetts 01103
Telephone: (413) 733-2600
Facsimile: (413) 737-4318
BBO No. 541800

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was

12

served upon the attorney of record for each other party by mail on May 11, 2005.

_____
Robert Aronson

EXHIBIT A

The following individuals were full-time employees (with bene-fits) of Berkshire as of November 17, 2003 (when Cotto was laid off) [**name in bold** indicates individual is still employed by Berkshire]:

(1) **Donald J. Schulz**
    - full-time duties = president

(2) **Gloria Schulz**
    - full-time duties = bookkeeper

(3) Clifford Ahern (370 Park Street, West Springfield, MA):
    - hired on part-time basis on June 16, 2003
    - became full-time on March 14, 2004
    - quit on April 21, 2005/early May 2005
    - part-time duties = assisted in building new plating area
    - full-time duties = assistant manager, selling and maintenance

(4) **Katherine Corbin** (1067 Pleasant Street, Palmer MA):
    - hired on full-time basis on August 27, 2001
    - full-time duties = production foreperson duties (including quality assurance, reading blueprints, determining process cycling for plating, processing orders for parts, dealing with customers, answering intercom and telephone, selecting racks packaging, computerized shipping, color buffing, stripping racks and parts, assisting with cost and time management studies, tracking racks, measuring parts, recording of Baume' solutions, racking and unracking parts, masking parts).

(5) **Albert J. Desjardins** (168 Cyran Street, Chicopee, MA):
    - hired on part-time basis in 1995
    - part-time duties = assists Roberta Desjardins and deliveries

(6) **Roberta A. Desjardins** (168 Cyran Street, Chicopee, MA):
    - hired on full-time basis in 1995
    - full-time duties = manager (including hiring and training)

(7) **Barry C. Emerson** (35 Lyman Barnes Road, Brimfield, MA):
    - hired on full-time basis on March 5, 2002
    - full-time duties = polishing

(8) Carol A. Franck (17 Michigan Street, Indian Orchard, MA):
    - hired on full-time basis on May/August 21, 2001
    - quit on February 30, 2004
    - full-time duties = production foreperson duties (including quality assurance, reading blueprints, determining process cycling for plating, processing orders for parts, dealing with customers, answering intercom and telephone, selecting racks packaging, computerized shipping, color buffing, stripping racks and parts, assisting with cost and time management studies, tracking racks, measuring parts, recording of Baume' solutions,

1

      racking and unracking parts, masking parts).

(9) **Paul N. Martel** (20 Michael Street, Ludlow, MA):
- hired on part-time basis on December 4, 2000
- became full-time on January 22, 2001
- full-time duties = polishing

(10) **Jose L. Melendez** (113 Euclid Avenue, Springfield, MA):
- hired on full-time basis on March 17, 1995
- full-time duties = plating

(11) **Walter S. Rapacki** (18 Butterwood Road, Agawam, MA):
- hired on full-time basis on May 5, 2003
- full-time duties = assistant manager

(12) **Juan Robles** (77 Lowell Street, Springfield, MA):
- hired on full-time basis on October 16, 1995
- full-time duties = plating

(13) **Victor S. Rosado** (453 Goodwin Street, Springfield, MA):
- hired on full-time basis on September 29/October 16, 1995
- quit on May 31, 1997
- (re)hired on full-time basis on February 22, 1999
- quit on May 18, 2001
- (re)hired on full-time basis on March 12, 2002
- full-time duties = plating

(14) **Miguel A. Sanchez** (385 Carew Street/39 Acorn Steet, Springfield, MA):
- hired on full-time basis on September 21, 1995
- full-time duties = maintenance and general worker

(15) **Dionisio Santiago** (144 St. Kolbe Drive, Holyoke, MA):
- hired on full-time basis on February 28, 1997
- full-time duties = polishing

EXHIBIT B

The following individuals were <u>hired</u> on a full-time basis (with benefits) by Berkshire <u>after</u> November 17, 2003 (through May 2005) [**name in bold** indicates individual is still employed by Berkshire]:

(1) Joseph P. Cardaropoli (104 Samuel Street, Springfield, MA):
  - hired on full-time basis on April 20, 2004
  - quit/laid off on July 16, 2004
  - full-time duties = polishing

(2) **Elisabeth M. Gillette** (96 Circle Drive, Chicopee, MA):
  - hired on full-time basis on March 1, 2004
  - full-time duties = production foreperson duties (including quality assurance, reading blueprints, determining process cycling for plating, processing orders for parts, dealing with customers, answering intercom and telephone, selecting racks packaging, computerized shipping, color buffing, stripping racks and parts, assisting with cost and time management studies, tracking racks, measuring parts, recording of Baume' solutions, racking and unracking parts, masking parts).

(3) Renee M. Croteau (37 Boyleston Street, Chicopee, MA):
  - hired on full-time basis on August 2, 2004
  - quit on August 6, 2004
  - full-time duties = office assistant and expeditor

(4) Cristobal Henriquez (498 Liberty Street, Springfield, MA):
  - hired on full-time basis on June 28, 2004
  - laid off (LOW) on August 24, 2004
  - full-time duties = general labor (understood English)

(5) **Marcin Jandzis** (104 Johnson Road, Chicopee, MA):
  - hired on full-time basis on June 11, 2004
  - full-time duties = polishing, plating, chemical handling, masking and maintenance

(6) Jorge M. Mateo-Elicier (44 Hampden Street, Indian Orchard, MA):
  - hired on full-time basis on June 10, 2004
  - laid off (LOW) on September 22, 2004
  - full-time duties = polishing

(7) Philip J. McCarthy III (34 Warriner Avenue, Springfield, MA):
  - hired on full-time basis on March 29, 2005
  - quit on April 15, 2005
  - full-time duties = polishing

(8) Gabriel Urbina (122 Cambridge Street, Springfield, MA):
  - hired on full-time basis on April 20, 2004
  - quit on August 5, 2004
  - full-time duties = polishing

(9) Juan Velez (77 Partulaca Drive, Springfield, MA):

1

- hired on full-time basis on March 29, 2004
- quit on May 5, 2004
- full-time duties = polishing

## VERIFICATION

Donald J. Schulz states that he is the president of Berkshire Manufacturing Corporation, that he has read the foregoing "Answers And Objections Of Defendant To Plaintiff's Interrogatories", and that the same are true based upon his knowledge, information or belief.

Sworn to under the penalties of perjury on May 11, 2005.

_____
Donald J. Schulz