UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CARLOS CLAUDIO COTTO,

        Plaintiff,

v.

BERKSHIRE MANUFACTURING
CORPORATION,
        Defendant.

DOCKET NO. 3:04-cv-30216-KPN

Pursuant to this court's scheduling order, please respond to these Requests for Production pursuant to Fed. R. Civ. P. 34.1 and Local Rule 34.1

## I. INSTRUCTIONS

A.    Except as otherwise indicated, the terms "document" or "documents" are used in the broadest sense permitted by the Federal Rules pf Procedure and shall refer to the original, all nonidentical copies and drafts of any and all writings and recorded materials, of any kind whatsoever, including but not limited to, contracts, documents, notes, rough drafts, interoffice memoranda, memoranda for the files, letters, electronic mail, research materials, correspondence, logs, diaries, forms, bank statements, card files, books of accounts, journals, ledgers, invoices, blueprints, diagrams, drawings, computer printouts of tapes, reports, surveys, statistical computations, studies, pictures, maps, graphs, charts, minutes, manuals, pamphlets, or books of any nature, kind whatsoever and all other materials hand-written, printed, typed, mimeographed, photocopied, or otherwise reproduced, and slides or motion pictures, television tapes,

computer data, e-mail records, and any other information stored electronically or by computer, and all mechanical tape recordings or other written or printed matter or tangible things on which words or phrases are affixed.

B.  "All documents" means every document as above defined known to the respondents, and every such document which can be located or discovered by reasonably diligent efforts.

C.  "Possession, custody or control" refers to the joint or several possession, custody or control not only by the respondent but also the joint and several possession, custody or control by its/his/her agents, servants or employees or any person acting on its/his/her behalf.

D.  "Persons or persons" refers to any natural person, corporation, partnership proprietorship, association, organization, or group of natural persons.

E.  The "defendant", "you" or "your" refers to the defendant, including its agents, servants or employees or any other person acting on its behalf.

F.  If any of the documents requested herein have been destroyed, please furnish a list identifying each such document, its author and addressee, each person to whom copies of the document were furnished or to whom the contents thereof were communicated, a summary of the substance of the document, the date (or approximate date) on which it was destroyed and the reason it was destroyed.

G.  You are requested to supplement seasonally all of your responses to these requests with any information acquired by you after the date of your answer.

## II. REQUEST FOR THE PRODUCTION OF DOCUMENTS

1.  All documents reflecting communications you have had with or about the plaintiff.

2.  All documents reflecting any positions that Berkshire has advertised since January 2002 to the present.

3.  All documents reflecting information relating to anyone who was hired to any position Berkshire has advertised since January 2002 to the present.

4.  All documents which disclose the rate of pay/benefits Mr. Cotto would have received had he continued to the present in the position from which he was terminated on or about November 2004 including any raises, increased opportunities or change in benefits he would or may have been eligible for as a continued full-time employee of the defendant.

5.  All documents identifying all persons who applied for a job with the defendant Springfield location since January 2002, including such persons' job application and date of application, and any other document which identifies the person by name, current and/or past address, current and/or past telephone number.

6.  All documents identifying all persons who have been employees of the defendant's Springfield location since January 2002, including race, national

origin, date of hire, such persons' job title, job duties and any other document which identifies the person by name, current and/or past address, current and/or past telephone number.

7. All documents identifying all persons who were employed at the defendant's Springfield location but are now no longer employed by the defendant, including any reference to the reason for the person separating from employment including the date of such separation from employment.

8. All documents listing and identifying any and all job openings at the defendant since January 2002 including the number, identity and job description relating to those job openings.

9. All documents which describe the hiring method and hiring policy of the defendant.

10. All documents reflecting the plaintiff's job description at the time of his termination in November 2003.

11. All documents reflecting any requirements for the job held by the plaintiff at the time of his termination in November 2003.

12. All documents reflecting any job description for any position filled by the defendant since the plaintiff's termination in November 2003.

13. All documents reflecting any requirements for any job created by the defendant since the time of the plaintiff's termination in November 2003.

14. All documents reflecting any investigation of any of the incidents alleged in the plaintiff's Complaint.

15. All documents identifying all persons who were employed by the

defendant at the time the plaintiff was terminated in November 2003 which identifies the person by name, race, national origin, current and/or past address, current and/or past telephone number.

16. All documents reflecting the reasons for terminating each and every Hispanic applicant for employment since January 2002.

17. All documents created by any employee of the defendant concerning any of the incidents alleged in the plaintiff's Complaint.

18. All documents reflecting anyone who was hired or fired by the defendant since November 2003.

19. All documents relating to anyone who was hired by the defendant since November 2003.

20. All documents reviewed, created or edited by any expert you intend to employ as an expert witness in this case.

21. All Massachusetts Commission Against Discrimination and court complaints filed against the defendant for alleged discrimination for the last ten (10) years.

22. All documents reflecting or relating to the plaintiff's employment or termination from employment, including but not limited to any investigation of the circumstances surrounding the plaintiff's termination from employment, her personnel file, supervisor file, human resource file, benefits file and any other file maintained regarding the plaintiff.

23. All documents which describe or refer to in any way the allegations set forth or described in the plaintiff's Complaint.

24. All documents which contain or describe any policy or procedure, written or unwritten relating to the terms and conditions of the plaintiff's employment and termination therefrom from January 2002 through the present, including but not limited to personnel handbooks, manuals and any training manuals for human resources employees, location managers and supervisors.

25. All documents which were relied on or relate to any answer to any of the interrogatories propounded by the plaintiff to the defendants.

26. Any insurance policy which may be used to satisfy part or all of a judgment in this case.

27. For purposes of calculating punitive damages, defendant's state and federal income tax returns for the most recent five years in which they have been filed.

28. For purposes of calculating punitive damages, all documents reflecting defendant's current assets and/or liabilities and net worth.

29. For purposes of calculating punitive damages, all documents reflecting for each of the past three years the gross revenues, expenses and profits and/or losses incurred by defendant's.

30. For purposes of calculating punitive damages, a copy of defendant(s) most recent net worth statement prepared by or for you.

31. For purposes of calculating punitive damages, a copy of any appraisal, conducted at any time since January 1, 2002, of any business or personal or real property owned by defendant.

For purposes of calculating punitive damages, a copy of all 2002- current year-

end statements reflecting the account number and balance of any accounts owned by defendant, including savings, checking, annuities, or mutual, stock or bond funds, and the balance of any loans or indebtedness owned by you, including but not limited to mortgages or tax liens.

32. Any and all documents that relate to any other reason that the defendant claims it terminated Mr. Cotto.

33. Any and all documents that relate to the defendant's claim made in its MCAD Amended Position Statement that "the work Berkshire does is changing rapidly and is now more technical and precise with a higher demand on being able to communicate rapidly and effectively."

34. Any and all documents that you claim support or relate to any of the defendant's affirmative defenses.

Dated: April 9, 2005

Respectfully submitted,

PLAINTIFF CARLOS CLAUDIO COTTO
By his attorney,

Suzanne Garrow BBO# 636548
sgarrow@comcast.net
Heisler, Feldman & McCormick, P.C.
1145 Main Street, Suite 508
Springfield, MA 01103
Ph. (413) 788-7988
Fax (413) 788-7996

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the above was served on the attorney of record for the defendant via first class mail on this date.

_____
Suzanne Garrow