UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-30216-KPN

_____
                                            :
CARLOS CLAUDIO COTTO,                       :
                                            :
                         Plaintiff,         :
                                            :
         v.                                 :
                                            :
BERKSHIRE MANUFACTURING CORPORATION,        :
                                            :
                         Defendant.         :
_____ :


**DEFENDANT'S OPPOSITION
TO PLAINTIFF'S IN LIMINE MOTION
TO PRECLUDE TESTIMONY OF WITNESSES
AND INTRODUCTION OF DOCUMENTS AND THINGS**

Defendant Berkshire Manufacturing Corporation ("Berkshire") respectfully submits this Opposition to the in limine motion of plaintiff Carlo Claudio Cotto ("Claudio") to preclude Berkshire from calling certain witnesses and offering certain documents and things into evidence. For the reasons set forth hereinafter, the motion of Claudio should be denied.

**ARGUMENT**

1. **TESTIMONY OF KATHERINE CORBIN, ELIZABETH GILLETTE AND VICTOR ROSADO**

    Katherine Corbin ("Corbin") is an assistant manager or production foreperson

who has been employed by Berkshire from in or about August 2001 to date. Elizabeth Gillette ("Gillette") is another assistant manager or production foreperson who has been employed by Berkshire from in or about March 2004 to date. Victor Rosado ("Rosado") is (among other things) a "plater" who was first employed by Berkshire in September or October 1995. It is anticipated that Corbin, Gillette and Rosado will testify at trial primarily with respect to the extent of their job duties and responsibilities at Berkshire.

In Berkshire's answers to the interrogatories propounded by Claudio, the positions, inclusive employment dates and the specific job responsibilities and duties of Corbin, Gillette and Rosado were disclosed to Claudio.[1] In addition, at Claudio's deposition of Donald J. Schulz ("Schulz"), the president of Berkshire, Claudio's counsel questioned Schulz regarding the job duties and responsibilities of Corbin, Gillette and Rosado.

In accordance with the February 22, 2005 "Scheduling Order" of the Court, all written discovery was required to be served by April 15, 2005 and all non-expert depositions were required to be completed by August 15, 2005. Pursuant to the October 20, 2005 "Revised Scheduling Order" of the Court, all motions for summary judgment were required to be served by January 18, 2006.

Berkshire filed a motion for summary judgment on January 6, 2006. The primary grounds for Berkshire's motion was that, based upon the representation of Claudio's counsel in court, this was solely a "direct" (not a circumstantial) evidence case of dispa-

---

[1] In the interrogatory answer, the full time job duties of Corbin and Gillette were described as "production foreperson duties (including quality assurance, reading blueprints, determining process cycling for plating, processing orders for parts, dealing with customers, answering intercom and telephone, selecting racks packaging, computerized shipping, color buffing, stripping racks and parts, assisting with cost and time management studies, tracking racks, measuring parts, recording of Baume' solutions, racking and unracking parts, masking parts)." The full time job duties of Rosado were described as "plating".

2

rate treatment and, because Berkshire maintained that the evidence relied upon by Claudio was, as a matter of law, not direct evidence, Berkshire was entitled to summary judgment.

It was not until Berkshire received Claudio's opposition to its summary judgment motion on February 10, 2006 that Berkshire learned that (contrary to the representation of his counsel) Claudio was no longer relying solely on direct evidence, but was also relying upon circumstantial evidence to establish his claims of discrimination.

Part of the circumstantial evidence relied upon by Claudio in his opposition to Berkshire's motion and in support of his claim that Berkshire discriminated against him when Claudio was <u>laid off</u> in November 2003 was that Berkshire had not laid off Corbin or Rosado who (according to Claudio) performed the same duties as Claudio but had been hired by Berkshire after Claudio was hired. In connection with Claudio's claim that Berkshire discriminated against him when Berkshire <u>failed to rehire</u> Claudio after November 2003, Claudio claimed that Berkshire hired Gillette after he was laid off but that Gillette (according to Claudio) performed the same duties as Claudio. In its reply to Claudio's summary judgment opposition, Berkshire argued (as had previously been set forth in its interrogatory answers) that not only did Corbin, Gillette and Rosado have job duties which were substantially different than those of Claudio, but that Rosado was, at least initially, hired before Claudio was hired.

Therefore, it was not until Berkshire received Claudio's opposition to its summary judgment motion (and after discovery had been closed) that Berkshire was first placed on notice that the job duties and responsibilities of Corbin, Gillette and Rosado would be an issue in this case. And it was not until the Court denied Berkshire's summary judg-

3

ment motion on March 7, 2006 that it became apparent that it might be necessary to call Corbin, Gillette and Rosado as witnesses at trial to rebut Claudio's claim that he performed the same jobs and had the same responsibilities at Berkshire as Corbin, Gillette and Rosado.

In short, prior to receiving Claudio's opposition to Berkshire's summary judgment motion, Berkshire did not anticipate calling either Corbin, Gillette or Rosado as trial witnesses and, consequently, did not identify them as such until the preparation of the pretrial memorandum in this case commenced on or about April 9, 2006..

More importantly, however, it should be of no surprise to Claudio that Berkshire has listed Corbin, Gillette and Rosado as potential trial witnesses.

In contrast to Berkshire (supra), Claudio has apparently known from the inception of this case that the nature and extent of the job duties of Corbin, Gillette and Rosado would be relevant to his claims of discrimination. In addition, it was clear that Claudio's position regarding the nature and extent of the job duties of Corbin, Rosado and Gillette was substantially different than Berkshire's position based upon Berkshire's interrogatory answers, the answers of Schulz at his deposition to questions regarding the nature and extent of their job duties and based upon Berkshire's reply to Claudio's opposition to Berkshire's summary judgment motion.

For these same reasons, and even assuming that Berkshire has not "seasonally" amended its interrogatory answers[2] by advising Claudio within a month after Berkshire

---

[2] It should be noted that Claudio has similarly failed to amend its prior discovery disclosures by stating for the first time in the Joint Pre-Trial Memorandum that Elizabeth Cordero will testify about "[b]ackground, acts of discrimination against Mr. Claudio while employed at Berkshire, nature of work at Berkshire, and damages", whereas Claudio had previously only disclosed that Elizabeth Cordero had "discoverable information regarding Plaintiff's claim for damages"; and that Marilyn Cordero will testify about "[b]ackground, nature of work at Berkshire, acts of discrimination against Mr. Claudio while em-

4

first contemplated calling Corbin, Gillette and Rosado as trial witnesses when Berkshire's summary judgment motion was denied, it is submitted that such amendment was not necessary because the fact that Corbin, Gillette and Rosado could be trial witnesses had effectively (supra) "otherwise been made known to ... [Claudio] during the discovery process or in writing".  Fed.R.Civ.P. 26(e)(2).

      Finally, there would be little if any prejudice to Claudio if Berkshire called Corbin, Corbin and Gillette as witnesses at trial since it is anticipated that the substance of the testimony of Corbin, Gillette and Rosado will be that their job duties and responsibilities at Berkshire are substantially the same as set forth in Berkshire's answers to Claudio's interrogatories and as testified to by Schulz at his deposition.  And to decrease any possible alleged prejudice, Berkshire has offered to produce Corbin, Gillette and Rosado for their depositions by Claudio prior to trial.  Conversely, the prejudice to Berkshire could be substantial if Corbin, Gillette and Rosado are not permitted to describe their job duties and responsibilities for the jury.

2.  **PHOTOGRAPHS, PLATING RACKS PARTS**

      The photographs which Berkshire anticipates introducing into evidence at trial depict the plating vats at Berkshire (a copy of 1 of which was annexed as Exhibit D in the initial Exhibit Appendix accompanying Berkshire's motion for summary judgment), show the different racks which are used at Berkshire to plate parts (a copy of 1 of which were annexed as Exhibit C in the Exhibit Appendix accompanying Berkshire's motion for summary judgment) and show the types of parts which Berkshire plates. The parts (in both their unplated and/or plated form) which Berkshire anticipates introducing into evi-

---

ployed at Berkshire and damages", whereas Claudio had previously only disclosed that Marilyn Cordero had "discoverable information regarding the Plaintiff's claim for damages".

dence are merely representative of the types of parts which Berkshire plates. The racks which Berkshire anticipates introducing into evidence are similarly representative of the types of racks which Berkshire uses to plate parts. The purpose of offering the photographs, parts and racks into evidence is to permit the jury to gain an understanding of the nature and complexity of the racking and plating work at Berkshire. Berkshire has no objection to showing the pictures, parts and racks to Claudio's counsel, and Claudio's counsel is presently scheduled to see them on April 17, 2006.

For the same reasons that Berkshire did not designate Corbin, Gillette and Rosado as witnesses, Berkshire did not anticipate the need to produce or identify the photographs, parts and racks prior to the denial of Berkshire's motion for summary judgment on March 7, 2006. It should likewise be of little surprise to Claudio that Berkshire might offer pictures of the plating area at Berkshire, and the racks used by Berkshire and the parts plated by Berkshire, into evidence in connection with its defense of this action, particularly when pictures of the plating area and racks were filed as exhibits to Berkshire's summary judgment motion. Finally, since Claudio's counsel will have the opportunity to see the potential pictures, parts and racks on April 17, 2006, there could be little if any prejudice to Claudio resulting from Berkshire's failure to identify the same prior to this time. Conversely, the ability of Berkshire to defend this action could be substantially prejudiced if the jury is not permitted to gain a basic understanding of the manner in which Berkshire conducts its business.

## **CONCLUSION**

By reason of the foregoing, it is respectfully submitted that the motion of Claudio to preclude Berkshire from calling Corbin, Gillette and Rosado as trial witnesses, and to

preclude Berkshire from offering pictures of the Berkshire plating area, racks and parts, and the racks used and the parts (in plated and unplated form) plated by Berkshire, into evidence be denied. In the event the motion is granted, Berkshire requests that Claudio be precluded from offering the testimony of Elizabeth Cordero and Marilyn Cordero with respect to any issue other than damages.

Dated:  Springfield, Massachusetts
        April 14, 2006

                          LAW OFFICES OF ROBERT ARONSON

                               /s/ Robert Aronson
                    By _____
                           Robert Aronson, Esq.

                    Attorney for Defendant Berkshire
                       Manufacturing Corporation
                    101 State Street
                    Springfield, Massachusetts  01103
                    Telephone:  (413) 733-2600
                    Facsimile:  (413) 737-4318
                    BBO No.  541800

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by electronic filing on April 14, 2006.

                               /s/ Robert Aronson
                         _____
                               Robert Aronson