UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-30216-KPN

_____
                                            :
CARLOS CLAUDIO COTTO,                       :
                                            :
                        Plaintiff,          :
                                            :
        v.                                  :
                                            :
BERKSHIRE MANUFACTURING CORPORATION,        :
                                            :
                        Defendant.          :
_____ :

**DEFENDANT'S OPPOSITION
TO PLAINTIFF'S <u>IN LIMINE</u> MOTION
TO PRECLUDE TESTIMONY
<u>REGARDING THE ABILITY OF PLAINTIFF TO UNDERSTAND ENGLISH</u>**

Defendant Berkshire Manufacturing Corporation ("Berkshire") respectfully submits this Opposition to the <u>in limine</u> motion of plaintiff Carlo Claudio Cotto ("Claudio") to preclude Berkshire from adducing any testimony regarding the ability of Claudio to understand oral English.  For the reasons set forth hereinafter, the motion of Claudio should be denied.

<u>**ARGUMENT**</u>

The ability of Claudio to understand oral English, particularly oral instructions in English with respect to the racking and plating jobs at Berkshire, is fundamental to the issues in this action.  Among other things, whether Claudio was capable of understand-

ing oral English instructions is relevant to whether, to the extent Berkshire had any work which Claudio was otherwise capable of performing after he was laid off in November 2003, the correct, safe and efficient racking and plating operations of Berkshire would be substantially undermined if Berkshire could not require its rackers and platers to be able to understand oral instructions in English, or whether the requirement that Claudio be capable of understanding oral instructions in English constituted a "bona fide occupational qualification".  The ability of Claudio to understand oral instructions in English is also relevant to whether the employees who Claudio claims replaced him or were hired by Berkshire instead of Claudio had the same skills and qualifications as Claudio. Finally, whether Claudio is able to understand oral instructions in English is relevant to whether the statement in the March 29, 2004 letter which the president of Berkshire sent to the MCAD in response to Claudio's MCAD complaint that "the problem [with Claudio] was his lack of English"[1] was true or (as Claudio claims) merely a pretext for discrimination based upon Claudio's Hispanic national origin.

    Claudio initially contends that any witness who will be testifying regarding the ability of Claudio to understand oral English instructions would be rendering an opinion. However, since such witnesses would merely be relating what they observed when Claudio was given oral English instructions, they would only be testifying as fact witnesses.  See Fernandez v. Wynn, 653 F.2d 1273, 1275 (9th Cir. 1981) ("Testimony was presented that Fernandez was not proficient in the English language and had difficulty

---

[1] The context of the statement was as follows:  "In the case of Mr. Cotto, Berkshire acknowledges that he was a good worker with good attendance.  The problem was in his lack of English.  The work that Berkshire does is changing rapidly and is now more technical and precise with a higher demand on being able to communicate rapidly and effectively.  Berkshire has just completed a move into a completely new area of the building in hopes of being able to compete in a very difficult environment.  If we can find work for Carlos in the future we will do so.  However, there are no guarantees.  We have no animosity toward Carlos and applaud his desire to work and support his family."

2

with articulation."); Tran v. City of Houston, 35 FEP Cases 471, 472 (S.D.Tex. 1983) ("[T]he Court finds that Mr. Tran's English was inadequate for the position of Inspector ... based upon the testimony of Defendant's witnesses.").

Moreover, even if such witnesses were giving an "opinion" with respect to the ability of Claudio to understand oral English instructions, such testimony would not be objectionable. Rule 701 of the Federal Rules of Evidence provides that:

> If the witness is not testifying as an expert, the witness' testimony in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

As noted above, such witnesses would be giving their "opinion" with respect to Claudio's ability to understand oral instructions in English based upon their "perception" of what Claudio was able to understand, their testimony would be "helpful [relevant] ... to the determination of a [fundamental] fact in issue" (supra) and it is not believed that there is any "scientific, technical, or specialized knowledge" concerning the ability of a person to understand oral instructions in English.

Whether Claudio is able to demonstrate that (contrary to the contention of Berkshire) the nature of the jobs at Berkshire have not changed, and therefore that the requirement that Claudio be capable of understanding oral instructions in English does not constitute a "bona fide occupational qualification", at best presents a question of fact which must ultimately be decided by the jury. Therefore, it would be improper to preclude Berkshire from adducing testimony during the trial regarding Claudio's ability to understand oral instructions in English based upon the mere possibility that the jury may

3

conclude that the ability to understand oral instructions in English may not constitute a bona fide occupational qualification.

Finally, Claudio has not stated with any specificity in what manner testimony with respect to the ability of Claudio to understand oral instructions in English could result in any unfair prejudice to Claudio, could confuse or mislead the jury or could result in any undue delay, waste of time or the presentation of cumulative evidence, much less how such (alleged) factors substantially outweigh the probative value of such testimony. Absent such a showing, there is no bases for precluding the testimony under Rule 403 of the Federal Rules of Evidence.

## **CONCLUSION**

By reason of the foregoing, it is respectfully submitted that the motion of Claudio to preclude Berkshire from adducing any testimony regarding the ability of Claudio to understand oral instructions in English should be denied. In the event the motion is granted, Berkshire requests that Claudio be precluded from offering any evidence at trial regarding (and including) the aforementioned March 29, 2004 letter from Schulz to the MCAD.

Dated:  Springfield, Massachusetts
        April 14, 2006

                                        LAW OFFICES OF ROBERT ARONSON

                                                /s/ Robert Aronson
                                        By _____
                                                Robert Aronson, Esq.

                                        Attorney for Defendant Berkshire

4

    Manufacturing Corporation
    101 State Street
    Springfield, Massachusetts   01103
    Telephone:  (413) 733-2600
    Facsimile:  (413) 737-4318
    BBO No.  541800

### **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by electronic filing on April 14, 2006.

    /s/ Robert Aronson
    _____
    Robert Aronson