UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-30216-KPN

_____ :
                                                 :
CARLOS CLAUDIO COTTO,                            :
                                                 :
                             Plaintiff,          :
                                                 :
            v.                                   :
                                                 :
BERKSHIRE MANUFACTURING CORPORATION,             :
                                                 :
                             Defendant.          :
_____ :

**DEFENDANT'S OPPOSITION
TO PLAINTIFF'S <u>IN</u> <u>LIMINE</u> MOTION
<u>TO PRECLUDE EVIDENCE RELATING TO UNEMPLOYMENT COMPENSATION</u>**

Defendant Berkshire Manufacturing Corporation ("Berkshire") respectfully sub-
mits this Opposition to the <u>in</u> <u>limine</u> motion of plaintiff Carlo Claudio Cotto ("Claudio") to
preclude Berkshire from adducing any evidence regarding the unemployment compen-
sation payments received by Claudio.  For the reasons set forth hereinafter, the motion
of Claudio should be denied.

**<u>ARGUMENT</u>**

In this action Claudio is seeking to recover both "back" pay for the period from
November 11, 2003 when Berkshire laid him off up to the date of trial and "front" pay
from the trial date to a date to be determined by the jury when, but for the alleged dis-
crimination, Claudio would no longer have been employed by Berkshire.  The 2003 and
2004 tax returns of Claudio demonstrate that during at least a portion of the back pay

period Claudio received substantial amounts of unemployment compensation ($2,385 and $6,006, respectively).  It is presumed that Claudio also received unemployment compensation payments in 2005 and 2006, and that he will continue to receive such payments into the future.

Although there is conflicting authority, in <u>Lussier</u> v. <u>Runyon</u>, 50 F. 3d 1103 (1st Cir. 1995), the Court indicated that whether the receipt of unemployment compensation may be considered in determining the amount of back and front pay lies within the discretion of the Court.  <u>See</u> <u>also</u> <u>Quint</u> v. <u>A.E. Staley Manufacturing Co.</u>, 172 F.3d 1 (1st Cir. 1999).

Here it is submitted that the Court should exercise its discretion in favor of permitting the jury to consider the unemployment compensation payments received by Claudio since, if such payments are not considered, then Claudio could recover "double" damages for the periods of time when he was collecting unemployment compensation, thereby placing him in a better position than he would have been in had he continued to be employed by Berkshire.

## **CONCLUSION**

By reason of the foregoing, it is respectfully submitted that the motion of Claudio to preclude Berkshire from adducing any evidence regarding the unemployment compensation payments received by Claudio should be denied.

Dated:  Springfield, Massachusetts
          April 14, 2006

                                        LAW OFFICES OF ROBERT ARONSON

                                                /s/ Robert Aronson
                                        By _____
                                                Robert Aronson, Esq.

Attorney for Defendant Berkshire
  Manufacturing Corporation
101 State Street
Springfield, Massachusetts   01103
Telephone:  (413) 733-2600
Facsimile:  (413) 737-4318
BBO No.  541800

## **CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by electronic filing on April 14, 2006.

/s/ Robert Aronson

_____

Robert Aronson