UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
:
CARLOS CLAUDIO COTTO,        :
:
       Plaintiff,    :    DOCKET NO.  3:04-cv-30216-KPN
:
v.    :
:
BERKSHIRE MANUFACTURING    :
CORPORATION,    :
       Defendant.    :
_____:

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE
TO ASK PLAINTIFF QUESTIONS IN ENGLISH AT TRIAL**

    The plaintiff respectfully submits this Opposition to the defendant's Motion in *Limine* for Permission to Ask Plaintiff Questions in English.

    The defendant has twice before attempted to have the Court allow it to harass and humiliate Mr. Claudio by posing him questions in English. This time it seeks to humiliate Mr. Claudio in front of the jury. The Court should deny that request.

    The plaintiff is a Puerto Rican man with limited English proficiency whose first and native language is Spanish. The defendant admits that it laid Mr. Claudio off after nearly seven years of good performance and failed to hire him to a position because of his lack of English fluency. The plaintiff therefore maintains that this is a case in which there is direct evidence of discrimination. Thus the only issue is whether the defendant was justified in its actions due to some *bona fide* occupational qualification. It has been held that "a BFOQ thus validates an occupational qualification that discriminates purposively." Garcia v.

1

Gloor, 609 F.2d 156, 163 (5th Cir. 1980) citing Dothard v. Rawlinson, 433 U.S. 321 (1977). The burden here is on the defendant to prove that English fluency is a BFOQ and that it is legal to deny the plaintiff translation from English to Spanish when it is needed by him.  It is therefore not probative whether Mr. Claudio fully understands questions posed to him in his cross examination in English by the defendant's counsel.

The plaintiff may also prove his claim inferentially.  Even if the plaintiff were to prove his case by circumstantial proof, the defendant's request must be denied.  Mr. Claudio can meet his modest *prima facie* burden that he is qualified for the position from which he was laid off and for what was ostensibly the same position for which he applied based on, among other things evidence of his tenure with the defendant and that he was performing the racking and plating functions satisfactorily during that time.  The evidence will show that nothing has changed at Berkshire since before Mr. Claudio was terminated in November 2003.  The defendant also admits to Mr. Claudio's fine performance and nearly 7 years of service.  It will then be Mr. Claudio's burden to show that the various newly proffered reasons other than his "lack of English": that bilingual employees can no longer translate for Mr. Claudio, lack of work and increased complexity of Berkshire's work are a pretext.  Mr. Claudio's ability to speak and understand English while being cross examined at trial are not probative of any of those reasons proffered by the defendant.

The plaintiff requests that the Court Order that the trial go forward in the usual question and answer format when using an interpreter.   Specifically,

that the questions posed to him at deposition in English are translated by an interpreted into Spanish and that his responses are translated from Spanish to English.

The defendant also offers no reason why the Court should require the court reporter to indicate in the trial transcript when questions are translated into Spanish and in what language Mr. Claudio answers those questions.  It likewise does not offer any reason why such indication is relevant to the issue of whether and to what extent Mr. Claudio understands English and its request should be denied by the Court.

Finally, even if the Court were to find that it was somehow relevant here whether Mr. Claudio, under the pressures of cross examination at trial, desired questions be translated into his native language, the prejudice that would inure to him clearly outweighs any probative value.  Federal Rule of Evidence 403 provides that "although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

The federal court jury who will likely be almost all if not all white may suffer from similar biases against Puerto Ricans of limited English proficiency alleged here.  There may be an inherent bias against someone who desires to be employed in Springfield, Massachusetts but does not speak English fluently and has limited English comprehension.

Because it is irrelevant whether Mr. Cotto understands questions posed in

3

English at his trial cross examination, the defendant will suffer no prejudice if the Court denies the defendant's request for permission to ask questions in English without translation to Spanish. In contrast, requiring Mr. Claudio to suffer the humiliation of asking to have a question translated or not understanding questions posed to him in English at his discrimination trial because of a lack of translation will only serve to further juror prejudices and will unfairly bias the jury against him and the requests by the defendant should be denied.

Dated: April 14, 2006

                                   CARLOS CLAUDIO COTTO
                                   By his attorney,

                                   /s/ Suzanne Garrow
                                   Suzanne Garrow BBO # 636548
                                   Heisler, Feldman, McCormick,
                                        & Garrow, P.C.
                                   1145 Main Street, Suite 508
                                   Springfield MA  01103
                                   (413)788-7988
                                   (413)788-7996 (fax)

CERTIFICATE OF SERVICE

     I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF).

                                      /s/ Suzanne Garrow
                                     Suzanne Garrow