UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                              :
CARLOS CLAUDIO COTTO,         :
                              :
           Plaintiff,        :    DOCKET NO.  3:04-cv-30216-KPN
                              :
v.                            :
                              :
BERKSHIRE MANUFACTURING       :
CORPORATION,                  :
           Defendant.        :
_____:

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION IN LIMINE TO CONDUCT A JURY VIEW OF
DEFENDANT'S POLISHING, RACKING AND PLATING FACILITIES**

The plaintiff respectfully submits this Opposition to the defendant's Motion in *Limine* to conduct a jury view of Berkshire's polishing, racking and plating facilities.[1]

"The decision to permit a view is entrusted to the sound discretion of the trial court." U.S. v. Passos-Paternina, 918 F.2d 979, 986 (1st Cir. 1990)(citing cases). However, before a Court will order a jury view, the party requesting this extreme measure must demonstrate a need for the view. U.S. v. Pettiford, 962 F.2d 74, 76 (1st Cir. 1992). The Court should also consider whether the view will be time consuming, cumulative and whether the evidence to be gathered at the view would be relevant. U.S. v. Drougas, 748 F.2d 8, 31 (1st Cir. 1984). At bottom, for a Court to order a view, it should find that the place or items to be

---

[1] The request to have the jury view polishing facilities at Berkshire demonstrates the way in which the defendant only seeks to present irrelevant and prejudicial evidence by way of a jury view. Mr. Claudio has never contended that he sought a polisher's position that was denied. Any evidence relating to polishing at any time at Berkshire is therefore completely irrelevant.

1

viewed are sufficiently probative to the matters to be decided by the jury. See Passos-Paternina, 918 F.2d at 987.

Here, the defendant has not demonstrated a need for a jury view. To the contrary, the facts here militate against it. There is no probative value to the jury for it to see the Berkshire plant at present. The plaintiff was laid off in November 2003. The plaintiff was not hired to a position for which he was qualified when the advertisement for that position appeared in the newspaper in February of 2004. It was also at that time that he was officially terminated as a candidate for re-hire to Berkshire.

It is impossible to imagine any theory whereby the operation of the defendant's plant over two years after the time frame at issue in any way goes to the legitimacy of its reasons to lay him off and not to hire him over two years prior. If defendant asserts that the operation is different today than it was when Mr. Claudio was laid off, viewing the plant as it is today is not probative of the positions available at the plant and their job requirements over two years ago. The functions at the plant today are also irrelevant because the defendant has retained no expert to show that English proficiency is a requirement of any of those functions or operations as they exist today, let alone two years ago. Mr. Claudio was also never given an opportunity to work in this environment so the environment is probative of nothing. For the jury to see Berkshire today would thus be confusing to the jury and is devoid of probative value. Accordingly, the plaintiff requests that the defendant's motion for a jury view should be denied.

Dated: April 23, 2006

                          CARLOS CLAUDIO COTTO
                          By his attorney,


                          _____/s/ Suzanne Garrow_____
                          Suzanne Garrow BBO # 636548
                          Heisler, Feldman, McCormick,
                              & Garrow, P.C.
                          1145 Main Street, Suite 508
                          Springfield MA  01103
                          (413)788-7988
                          (413)788-7996 (fax)


CERTIFICATE OF SERVICE

     I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic File (NEF).

                          _____/s/ Suzanne Garrow_____
                          Suzanne Garrow