UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-30216-KPN

_____
                                            :
CARLOS CLAUDIO COTTO,                       :
                                            :
                            Plaintiff,      :
                                            :
            v.                              :
                                            :
BERKSHIRE MANUFACTURING CORPORATION,        :
                                            :
                            Defendant.      :
_____ :


**OBJECTIONS
OF
DEFENDANT BERKSHIRE MANUFACTURING CORPORATION
TO
PROPOSED <u>FIRST AMENDED</u> JURY INSTRUCTIONS
OF
<u>PLAINTIFF CARLOS CLAUDIO COTTO</u>**


Pursuant to the August 31, 2005 "Procedural Order Re: Final Pretrial Conference/Trial" of the Court, and in addition to the objections previously filed by defendant Berkshire Manufacturing Corporation ("Berkshire") to the (initial) jury instructions proposed by plaintiff Carlos Claudio Cotto ("Claudio") (which objections are incorporated herein by reference), to the extent the <u>first</u> <u>amended</u> proposed jury instructions of Claudio differ from Claudio's (initial) jury instructions Berkshire objects to the same for the following reasons, reserving the right to make additional objections hereinafter:


1. **<u>Definition of National Origin Discrimination</u>**. Berkshire objects to the instruction on the grounds that the instruction states that national origin discrimination "is" discrimination based upon the "linguistic characteristics of a particular national origin", rather than stating that national origin discrimination <u>may be</u> based upon the "linguistics characteristics of a particular national origin".  In addition, contrary to the instruction, even if Berkshire made the decisions to lay Claudio off or to not rehire him because of Claudio's limited ability to understand English, such decisions would constitute illegal discrimination <u>only if</u> Claudio's limited ability to understand English were not related to the ability of Claudio to perform the work which existed at Berkshire, the determinative or motivating factor for or a significant or important ingredient of such decisions was

motivating factor for or a significant or important ingredient of such decisions was Claudio's Hispanic national origin and the requirement that Claudio be capable of understanding oral instructions in English were not a bona fide occupational qualification. See Instruction Nos. 10, 6, 7 and 12 in the Proposed Jury Instructions of Berkshire (and the cases cited therein).

2. **National Origin Discrimination - Direct Evidence**. Berkshire objects to the instruction on the grounds that the "stated reason" of Berkshire for laying Claudio off and not rehiring him was not Claudio's "limitations in speaking and understanding English" and, even if it were, such "stated reason" would not constitute direct evidence of discrimination. See Patten v. Wal-Mart Stores East, Inc., 300 F.3d 21, 25 (1st Cir. 2002), cert. denied, 539 U.S. 937, 123 S.Ct. 2572, 156 L.Ed.2d 621 (2003) (citing Fernandes v. Costa Brothers Masonry, Inc., 199 F.3d 572 (1st Cir. 1999); and Febres v. Challenger Caribbean Corp., 214 F.3d 57 (1st Cir. 2000)); Dalmau v. Vicao Aerea Rio-Grandense, S.A., 337 F.Supp.2d 1299, 1305 (S.D.Fla. 2004).

3. **National Origin Discrimination - Circumstantial Evidence**. Berkshire objects to the instruction on the grounds that even if the jury concluded that the reasons stated by Berkshire for laying Claudio off and not rehiring him were "pretextual", the jury is not required to find that Claudio has proven his claim since the jury must also conclude that Berkshire intentionally and deliberately discriminated against Claudio on the basis of his Hispanic national origin, or that the determinative or motivating factor for or a significant and important ingredient of Berkshire's decisions to lay Claudio off or to not rehire him was Claudio's Hispanic national origin. See Instruction Nos. 5, 6 and 7 in the Proposed Jury Instructions of Berkshire (and the cases cited therein).

4. **National Origin Discrimination - Pretext**. Berkshire objects to the instruction on the grounds that, even if the reasons offered by Berkshire for laying Claudio off or not rehiring him are "not worthy of belief", the jury is not required to find, and Claudio has not necessarily established, that Berkshire's reasons were pretextual or that Berkshire deliberately and intentionally discriminated against Claudio on the basis of his Hispanic national origin. See Instruction No. 9 in the Proposed Jury Instructions of Berkshire (and the cases cited therein).

5. **National Origin Discrimination - Causation**. Berkshire objects to the instruction on the grounds that it is not sufficient that Claudio's Hispanic national origin merely "played a role" in Berkshire's decisions to lay Claudio off or to not rehire him. To find that Berkshire deliberately and intentionally discriminated against Claudio, the jury must find that Claudio's Hispanic national origin played a substantial role in Berkshire's decisions to lay Claudio off or to not rehire him. See Instruction No. 7 in the Proposed Jury Instructions of Berkshire (and the cases cited therein).

Dated:  Springfield, Massachusetts
        April 26, 2006

3

        LAW OFFICES OF ROBERT ARONSON

           /s/ Robert Aronson
        By _____
           Robert Aronson, Esq.

Attorney for Defendant Berkshire
  Manufacturing Corporation
101 State Street
Springfield, Massachusetts  01103
Telephone:  (413) 733-2600
Facsimile:  (413) 737-4318
BBO No.  541800

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by electronic filing on April 26, 2006.

           /s/ Robert Aronson
       _____
           Robert Aronson