UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 04-30216-KPN

_____
                                                :
CARLOS CLAUDIO COTTO,                           :
                                                :
                          Plaintiff,            :
                                                :
          v.                                    :
                                                :
BERKSHIRE MANUFACTURING CORPORATION,            :
                                                :
                          Defendant.            :
_____ :


OBJECTIONS
OF
DEFENDANT BERKSHIRE MANUFACTURING CORPORATION
TO
PROPOSED **FIRST AMENDED** SPECIAL VERDICT QUESTIONS
OF
**PLAINTIFF CARLOS CLAUDIO COTTO**

Pursuant to the August 31, 2005 "Procedural Order Re: Final Pretrial Conference/Trial" of the Court, and in addition to the objections previously filed by defendant Berkshire Manufacturing Corporation ("Berkshire") to the (initial) special verdict questions proposed by plaintiff Carlos Claudio Cotto ("Claudio") (which objections are incorporated herein by reference), to the extent the first amended proposed special verdict questions of Claudio differ from Claudio's (initial) proposed special verdict questions Berkshire objects to the same for the following reasons, reserving the right to make additional objections hereinafter:

**QUESTION NO. 1**.  Berkshire objects to the question on the grounds that, contrary to the implication in the question, the reason Berkshire laid Claudio off and did not rehire him was because there was not enough work for Claudio to perform at Berkshire, not because of the "limitation in his ability to speak or understand English", and the only significance of any statement by Berkshire regarding Claudio's limited English ability was that, even if Berkshire had had enough work for Claudio to perform after November 2003 when Claudio was laid off, if Berkshire were to remain efficient Claudio could not perform that work because of his limited English ability.  In addition, the question implies

(in the context of the other questions) that, if the jury found Berkshire laid Claudio off or failed to rehire him because of his limited ability to understand English, the jury on that evidence alone could conclude that Berkshire intentionally and deliberately discriminated against Claudio on the basis of his Hispanic national origin, presumably because Claudio is claiming that such (alleged) statement by Berkshire constitutes direct evidence.  However, even if Berkshire had stated that it laid Claudio off or failed to rehire him because of his "lack of English" or inability to understand oral instructions in English:

     (a)  as a matter of law such statement is not direct (as opposed to circumstantial) evidence of discrimination because, even if true, the statement does not unambiguously establish national origin discrimination since the statement could mean that Berkshire was merely limiting its employees to those individuals who could understand oral instructions in English and thereby perform the work at Berkshire, regardless of their national origin, not that Berkshire was attempting to exclude employees with Hispanic national origins.  See Patten v. Wal-Mart Stores East, Inc., 300 F.3d 21, 25 (1st Cir. 2002), cert. denied, 539 U.S. 937, 123 S.Ct. 2572, 156 L.Ed.2d 621 (2003) (citing Fernandes v. Costa Brothers Masonry, Inc., 199 F.3d 572 (1st Cir. 1999); and Febres v. Challenger Caribbean Corp., 214 F.3d 57 (1st Cir. 2000)); Dalmau v. Vicao Aerea Rio-Grandense, S.A., 337 F.Supp.2d 1299 (S.D.Fla. 2004).

     (b)  contrary to the implication in the question, it does not constitute illegal discrimination on the basis of national origin for an employer to make an adverse employment decision based upon the ability of an employee to understand English if the ability to understand English is related to the employee's job performance.  See Cosme v. The Salvation Army, 284 F.Supp.2d 229 (D.Mass. 2003); Fragante v. City And County Of Honolulu, 888 F.2d 591 (9th Cir. 1989); Stephen v. PGA Sheraton Resort, Ltd., 873 F.2d 276 (11th Cir. 1989); Shieh v. Lyng, 710 F.Supp. 1024 (E.D.Pa. 1989), aff'd, 897 F.2d 523 (3d Cir. 1990); Dalmau v. Vicao Aerea Rio-Grandense, S.A., 337 F.Supp.2d 1299, 1305 (S.D.Fla. 2004); Equal Opportunity Commission Notice Number 915.003, Section 13 (National Origin Discrimination), § 13-V(B).

Berkshire also objects to the question on the grounds that it is not necessary to instruct the jury on the distinction between (alleged) direct and circumstantial evidence.  See Question Nos. 5 and 6 in the Proposed Special Verdict Questions of Berkshire.

**QUESTION NO. 2**.  Berkshire objects to the question on the grounds that it fails to adequately set forth the standard for a bona fide occupational qualification.  See Question No. 7 in the Proposed Special Verdict Questions of Berkshire.

**QUESTION NO. 3**.  Berkshire objects to the question on the grounds that it fails to include a question relating to the different causation standard under Chapter 151B.  See Question Nos. 5 and 6 in the Proposed Special Verdict Questions of Berkshire.

**QUESTION NO. 4**.  Berkshire objects to the question on the grounds that it fails to adequately particularize and separate the different elements of possible damages, does not

require the jury to reduce the damages by the money and benefits which Claudio earned or could have earned if he properly mitigated his damages and does not and require the jury to discount any "front pay", any "front pay" benefits and any future emotional distress damages to their present value.  See Question Nos. 9 through 14 in the Proposed Special Verdict Questions of Berkshire.

**QUESTION NO. 5**.  Berkshire objects to the question on the grounds that it fails to include a question relating to the different standard for awarding punitive damages pursuant to Chapter 151B, the punitive damage standard pursuant to Chapter 151B is different than under Title VII and the jury should answer questions with respect to both standards because the punitive damages which Claudio can recover pursuant to Title VII are limited by 42 U.S.C § 1981a(b)(3).  See Question Nos. 15 through 17 in the Proposed Special Verdict Questions of Berkshire.

Dated:  Springfield, Massachusetts
        April 27, 2006

                                        LAW OFFICES OF ROBERT ARONSON

                                                /s/ Robert Aronson
                                        By _____
                                                Robert Aronson, Esq.

                                        Attorney for Defendant Berkshire
                                          Manufacturing Corporation
                                        101 State Street
                                        Springfield, Massachusetts   01103
                                        Telephone:  (413) 733-2600
                                        Facsimile:  (413) 737-4318
                                        BBO No.  541800

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by electronic filing on April 27, 2006.

                                                /s/ Robert Aronson
                                        _____
                                                Robert Aronson